UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) )  ) |
| Plaintiff, | ) ) |
| vs. | ) Court No.: 20-03628 ) |
| AEGIS SECURITY INSURANCE CO., | ) ) |
| Defendant. | ) ) ) |

# **PUBLIC COMPLAINT**

Pursuant to the rules of this court, the United States of America, Plaintiff, alleges as follows:

1. This action is brought by the United States of America, on behalf of the Department of Homeland Security, United States Customs and Border Protection (CBP), against defendant, Aegis Security Insurance Company (Aegis), to recover unpaid duties and interest pursuant to 19 U.S.C. §1505 in the total amount of $50,000.00, plus pre-judgment interest pursuant to 19 U.S.C. § 580, equitable interest, and post-judgment interest pursuant to 28 U.S.C. § 1961.

2. This Court has jurisdiction over this matter under 28 U.S.C. § 1582(2).

3. Upon information and belief, Aegis's service of process address, physical address, and surety claims address is Aegis Security Insurance Company c/o Avalon Risk Management, Inc., 150 Northwest Point Blvd, Fl 4, Elk Grove Village, Illinois 60007-1015.

4. Upon information and belief, Aegis's mailing address is: P.O. Box 3153, Harrisburg, Pennsylvania 17105.

**COUNT I**

5. Paragraphs 1 through 4 are incorporated by reference as though fully set forth herein.

6. For the reasons set out in paragraphs 7 through 36, Plaintiff's Count I seeks to collect unpaid supplemental duties and interest on a continuous bond executed by Aegis described below.

7. On or about October 24, 2002, Aegis, as surety, entered into a continuous customs bond (the continuous bond) with Linyi Sanshan Import & Export Co. ("Linyi"), as principal. A copy of the continuous bond is attached as Exhibit A.

8. Under the terms of the continuous bond, Aegis agreed to be jointly and severally liable to pay, as demanded by CBP, any duties, taxes, and charges subsequently found due, legally fixed, and imposed on any entry secured by the continuous bond up to the "limit of liability" reflected on the bond. *See* Exhibit A.

9. The limit of liability of the continuous bond is $50,000.00. *See* Exhibit A.

10. The continuous bond was effective from October 26, 2002, until its termination date on October 25, 2004.

11. Between January 16 and February 11, 2004, Linyi made ten entries of fresh garlic from the People's Republic of China (China) through ports in Miami, Florida and Houston, Texas (CBP port codes 5201 and 5301) (the Entries). Copies of the Entries are attached as Exhibit B.

12. The Entries were subject to the antidumping duty order on certain fresh garlic from China issued by the Department of Commerce (Commerce) (A-570-831) (the garlic order).

*See Antidumping Duty Order: Fresh Garlic From the People's Republic of China*, 59 Fed. Reg. 59209 (Nov. 16, 1994).

13. At the time of entry, Linyi declared in its entry papers that the Entries were subject to antidumping duties at a rate of ▮▮▮▮ *ad valorem*. *See* Exhibit B. The amount of antidumping duties asserted by Linyi at the time of entry is reflected as follows:

| Entry Number | Amount of antidumping duties asserted at the time of entry |
|---|---|
| JN703318574 | ▮ |
| JN703318582 | ▮ |
| JN703318541 | ▮ |
| JN703318566 | ▮ |
| JN703318681 | ▮ |
| JN703318558 | ▮ |
| JN703318533 | ▮ |
| JN703318590 | ▮ |
| H0202152684 | ▮ |
| H0202152544 | ▮ |
| Total | ▮ |

14. Separate from the continuous bond, Linyi obtained a single transaction bond from ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ for each of the Entries.

15. Linyi provided the single transaction bonds to CBP in lieu of making cash deposits of estimated antidumping duties for each of the Entries.

16. The amount of the single transaction bonds that Linyi obtained for each Entry is reflected as follows:

3

This Document Contains Confidential Information

| Entry Number | Amount of the single transaction bonds issued by ▮ | | |
|---|---|---|---|
| JN703318574 | | | |
| JN703318582 | | | |
| JN703318541 | | | |
| JN703318566 | | | |
| JN703318681 | | | |
| JN703318558 | | | |
| JN703318533 | | | |
| JN703318590 | | | |
| H0202152684 | | | |
| H0202152544 | | | |
| Total | | | |

17. On November 4, 2006, the Entries liquidated by operation of law at the rate of duty, value, quantity, and amount of duty asserted at the time of entry. *See* 19 U.S.C. § 1504(d); *see also United States v. Am. Home Assur. Co.*, 151 F. Supp. 3d 1328, 1342–43 (Ct. Int'l Trade 2015), *amended,* (Ct. Int'l Trade Mar. 15, 2016), *aff'd without opinion*, No. 2018-1960, Judgment (Fed. Cir. Sept. 6, 2019).

18. Linyi became liable for ▮ in antidumping duties as a result of the deemed liquidation.

19. On or about October 3, 2014 and October 31, 2014, CBP billed Linyi for the first time for each of the Entries. Copies of the bills (the Count I bills) are attached as Exhibit C.

20. Linyi did not pay the Count I bills.

21. The bills issued to Linyi became delinquent on November 3, 2014 and December 1, 2014, respectively, when the debt remained outstanding for over 30 days.

22. On or about January 7, 2015, CBP made its first demand for payment from Aegis for the debt owed under the $50,000.00 continuous bond via the Formal Demand on Surety for Payment of Delinquent Amounts Due (known as the "612 Report"). A copy of the relevant page

4

of the 612 report (612 Report labeled December 2014 with a run date of January 1, 2015) containing the first demand to Aegis for payment is attached as Exhibit D.

23. The demand issued to Aegis pursuant to the 612 report became delinquent on or about February 7, 2015, when the debt remained outstanding for over 30 days. *See* 19 U.S.C. § 1505(b); 19 C.F.R. § 113.62(a)(1)(ii); 19 C.F.R. § 24.3a(a); 19 C.F.R. § 24.3(e).

24. In April 2015, CBP mailed its first demand for payment from ▓▓▓▓ for the debt owed under the single transaction bonds. The demand was made to ▓▓▓▓ via its own individual 612 Report.

25. On November 17, 2017, ▓▓▓▓ paid the value of the single transaction bonds for each Entry.

26. Due to the accumulation of interest, ▓▓▓▓ payment of the single transaction bonds did not completely satisfy the outstanding debt for the Entries.

27. The outstanding debt for the Entries subsequent to the payment of the single transaction bonds by ▓▓▓▓ is greater than the face value of the $50,000.00 continuous entry bond issued by Aegis.

28. As of the filing of this complaint, the outstanding balance of the duties and interest that has accumulated pursuant to 19 U.S.C. § 1505(d) on the debt for the Entries is $91,063.69.

29. CBP demanded payment from Aegis for the debt owed under the continuous bond via the 612 Report several times after ▓▓▓▓ payment of the single transaction bonds.

30. Aegis filed protest number 5309-15-100065 covering two of the Entries.

31. CBP denied protest number 5309-15-100065 on April 1, 2015.

32. Aegis filed protest number 5201-15-100169 covering eight of the Entries.

5

33. CBP denied protest number 5201-15-100169 on July 10, 2018.

34. Aegis did not contest the denial of protest number 5309-15-100065 or protest number 5201-15-100169 by filing an action in this Court.

35. To date, neither Linyi nor Aegis has made any payments pursuant to their obligations under the law and the continuous bond to pay the outstanding debt for the Entries.

36. For the outstanding debt comprised of the unpaid antidumping duties for the Entries and the unpaid interest that has accrued pursuant to 19 U.S.C. § 1505(d), Aegis's liability is limited to the face amount of the bond.  However, due to its own acts, such as failing to pay upon demand, Aegis is also liable above the contractual limit of the bond for interest pursuant to 19 U.S.C. § 580, and may be liable for equitable interest.

WHEREFORE, Plaintiff, United States of America, respectfully requests this Court to enter judgment in its favor against Defendant, Aegis Security Insurance Company, for duties and interest pursuant to 19 U.S.C. § 1505 in the total amount of $50,000.00 — the contractual limit of the bond — and interest pursuant to 19 U.S.C. § 580, equitable interest, and post-judgment interest pursuant to 28 U.S.C. § 1961, which are not subject to the bond limit; and for all other just and proper relief.

Dated: October 2, 2020

Respectfully Submitted,

JEFFREY BOSSERT CLARK
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

By: /s/ Justin R. Miller
JUSTIN R. MILLER
Attorney-in-Charge
International Trade Field Office

By: /s/ Peter A. Mancuso
PETER A. MANCUSO
Trial Attorney
Department of Justice, Civil Division
Commercial Litigation Branch
26 Federal Plaza, Suite 346
New York, New York 10278
Tel.: (212) 264-0484 or 9230
Attorneys for Defendant

Of Counsel:
SUZANNA HARTZELL-BALLARD
Office of the Assistant Chief Counsel
U.S. Customs and Border Protection