UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE: UNASSIGNED

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) Court No. 20-03628 |
| AEGIS SECURITY INSURANCE COMPANY, | ) |
| Defendant. | ) |

## ANSWER AND AFFIRMATIVE DEFENSES

Comes now Defendant, Aegis Security Insurance Company ("Aegis"), and by and through its attorneys answers Plaintiff's Complaint and asserts the following affirmative defenses pursuant to the rules of this Court:

1. Admits the purpose and nature of Plaintiff's action. Denies that Aegis is liable to Plaintiff for $50,000, or any lesser sum, plus interest.

2. Admits.

3. Admits.

4. Admits.

5. Defendant's answers in paragraphs 1 through 4 are incorporated by reference as though fully set forth herein.

6. Admits that Plaintiff's Count I seeks to collect unpaid supplemental duties and interest on a continuous bond executed by Aegis, but denies that any supplemental duties or interest are due under the continuous bond executed by Aegis.

7. Admits.

8. Admits.

9. Admits.

10. Admits.

11. Admits on the basis of information and belief from the entry documents attached as Exhibit B to Plaintiff's Complaint.

12. Admits on the basis of information and belief from the entry documents attached as Exhibit B to Plaintiff's Complaint.

13. Admits as to Exhibits B-1 through B-8 and B-10; denies as to Exhibit B-9 and avers that the amount of antidumping duties Linyi Sanshan Import & Export Company ("Linyi") asserted to be owed at the time of entry was $76,203.21 and not $76,283.21.

14. Denies the allegation in Paragraph 14 of Plaintiff's Complaint for lack of information or belief upon which to assert an admission or denial.

15. Denies the allegation in paragraph 15 of Plaintiff's Complaint for lack of information or belief upon which to assert an admission or denial.

16. Denies the allegations in paragraph 16 of Plaintiff's Complaint for lack of information or belief upon which to assert an admission or denial.

17. Admits that the entries liquidated by operation of law on November 4, 2006.

18. Admits.

19. Admits that on or about October 3, 2014 and October 31, 2014, almost seven (7) years after the entries were deemed liquidated, Customs billed Linyi for the first time for each of the entries.

20. Denies the allegation in paragraph 20 of Plaintiff's Complaint for lack of information or belief upon which to assert an admission or denial.

21. Denies the allegation in paragraph 21 of Plaintiff's Complaint for lack of information or belief upon which to assert an admission or denial.

22. Admits.

23. Admits.

24. Denies the allegations in paragraph 24 of Plaintiff's Complaint for lack of information or belief upon which to assert an admission or denial.

25. Denies the allegations in paragraph 25 of Plaintiff's Complaint for lack of information or belief upon which to assert an admission or denial.

26. Denies the allegations in paragraph 26 of Plaintiff's Complaint for lack of information or belief upon which to assert an admission or denial.

27. Denies the allegations in paragraph 27 of Plaintiff's Complaint for lack of information or belief upon which to assert an admission or denial.

28. Denies.

29. Admits.

30. Admits.

31. Admits.

32. Admits.

33. Admits.

34. Admits.

35. Admits that Aegis has not made any payment; denies that Aegis has any further obligation under its bond to pay Plaintiff; denies the remainder of the allegations for lack of information or belief upon which to base an admission or denial.

36. Denies.

**FIRST AFFIRMATIVE DEFENSE**
**STATUTE OF LIMITATIONS 28 U.S.C. 2415(a) BARS COLLECTION UNDER AEGIS' BOND**

1. The entries liquidated by operation of law on November 4, 2006 at the rate, value, and amount of duties asserted by the importer at the time of entry.

2. No party protested the deemed liquidations and the deemed liquidations became "final and conclusive upon all persons (including the United States and any officer thereof)" 90 days thereafter under the provisions of 19 U.S.C. § 1514(a).

3. Customs waited for 7 years and 11 months, until October 2014, after the entries were deemed liquidated to bill the importer for any duty.

4. Customs did not bill Aegis for any duty until January 7, 2015, more than eight (8) years after the entries were deemed liquidated.

5. Plaintiff's right of action to commence a civil action under the bond for the collection of the duties began on November 4, 2006 when the entries were deemed liquidated and expired six (6) years thereafter on November 4, 2012 under the provisions of 28 U.S.C. § 2415(a).

**SECOND AFFIRMATIVE DEFENSE**
**PLAINTIFF'S CLAIM IS BASED UPON AN UNLAWFUL MANUAL LIQUIDATION OF ENTRIES PREVIOUSLY DEEMED LIQUIDATED BY OPERATION OF LAW**

1. The entries liquidated by operation of law on November 4, 2006 at the rate, value, and amount of duties asserted by the importer at the time of entry.

2. No party protested the deemed liquidations and the deemed liquidations became final 90 days thereafter.

3. Plaintiff never billed Aegis or Linyi the amount of duties deemed liquidated for each of the entries. *Compare* chart in Paragraph 13 *with* Exhibits C and D. Plaintiff billed Aegis and Linyi seven (7) to eight (8) years later for an amount double the duties deemed liquidated on November 4, 2006.

4. Plaintiff's Exhibits B.1 through B.12 all indicate that CBP attempted to manually liquidate or reliquidate the entries on or after July 14, 2014 in accordance with "*DOC Msg # 4195304 dated 7/14/14*" with the note "*R/A Issue bill Dbl ADD – no reimb stmt.*" This manual liquidation or untimely reliquidation is reflected in the bills attached as Plaintiff's Exhibit C and the bills listed on Plaintiff's Exhibit D.

5. An attempted manual liquidation or reliquidation following a liquidation that has become final creates no liability against any party. *United States v. Cherry Hill Textiles, 112 F.3d 1550 (Fed. Cir. 1997).*

WHEREFORE, Defendant, Aegis Security Insurance Company prays for judgment in its favor and against plaintiff, that Plaintiff take nothing by way of its Complaint against Aegis Security Insurance Company and for any such other relief that the Court in the premises deems just.

Dated: November 25, 2020		Respectfully submitted,

SANDLER, TRAVIS & ROSENBERG, P.A.
601 Montgomery Street, Suite 1208
San Francisco, CA 94111
(415) 490-1401
(415) 378 3374 (Cell)

*/S/ T. RANDOLPH FERGUSON*
T. RANDOLPH FERGUSON

KING & SPALDING LLP
1700 Pennsylvania Avenue, N.W. Ste. 200
Washington, D.C. 20006
(202) 737-0500

*/s/ Jeffrey M. Telep*
Jeffrey M. Telep

*Counsel to Aegis Security Insurance Company, Defendant*

**PROOF OF SERVICE**

I certify under penalty that, pursuant to Rule 5(b)(2)(F) of the Rules of the U.S. Court of International Trade, on this day of November 25, 2020, I electronically sent the ANSWER TO COMPLAINT and AFFIRMATIVE DEFENSES to Peter A. Mancuso at peter.a.mancuso@usdoj.gov , in said action or proceeding.

Executed on this 25 day of November, 2020 at San Francisco, California.

                                                  I certify or declare under
                                                  penalty of perjury that the
                                                  foregoing is true and correct.

                                                  /s/ T. Randolph Ferguson
                                                  T. Randolph Ferguson