UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE: UNASSIGNED

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) Court No. 20-03628 |
| AEGIS SECURITY INSURANCE COMPANY, | ) |
| Defendant. | ) |

# ORDER

Upon consideration of the Motion of Defendant Aegis Security Insurance Company for Judgment on the Pleadings, and all other papers and proceedings had herein, and after due deliberation, it is hereby

**ORDERED** that the Motion for Judgment on the Pleadings is **GRANTED**; it is further

**ORDERED** that judgment is entered in favor of Defendant, Aegis Security Insurance Company; and it is further

**ORDERED** that Court No. 20-03628 is dismissed.

**SO ORDERED.**

                                                                                            Judge

Dated:_____, 2020
        New York, New York

UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE: UNASSIGNED

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Court No. 20-03628 |
| ) | |
| AEGIS SECURITY INSURANCE COMPANY, ) | |
| ) | |
| Defendant. ) | |

## MOTION OF DEFENDANT AEGIS SECURITY INSURANCE COMPANY FOR JUDGMENT ON THE PLEADINGS

Pursuant to Rule 12(c) of the Rules of the United States Court of International Trade, Defendant Aegis Security Insurance Company ("Aegis") moves for judgment on the pleadings. The grounds for this Motion are fully set forth in the accompanying Memorandum, which is incorporated herein. Based on this Motion and the supporting Memorandum, Aegis respectfully requests that this Court enter judgment in its favor and dismiss the Complaint filed against it by Plaintiff, United States.

November 25, 2020

Respectfully submitted,

/s/ T. Randolph Ferguson
T. Randolph Ferguson
SANDLER TRAVIS & ROSENBERG, P.A.
601 Montgomery Street
Suite 1208
San Francisco, CA 94111
Tel.: Mobile 415-378-3374
 Office 415-490-1401
Email: rferguson@strtrade.com

1

KING & SPALDING LLP
1700 Pennsylvania Avenue, N.W. Ste. 200
Washington, D.C. 20006
(202) 737-0500

*/s/ Jeffrey M. Telep*
Jeffrey M. Telep

*Counsel to Aegis Security Insurance Company, Defendant*

UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE: UNASSIGNED

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>AEGIS SECURITY INSURANCE COMPANY,<br><br>Defendant. | Court No. 20-03628 |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANT'S RULE 12(c) MOTION FOR JUDGMENT ON THE PLEADINGS**

**TABLE OF CONTENTS**

I. STANDARD OF REVIEW ..................................................................................................2

II. ARGUMENT .......................................................................................................................3

III. STATUTES AND REGULATIONS ....................................................................................4

IV. THE CASE LAW .................................................................................................................6

    A. The Statute of Limitations ........................................................................................6

        1. "The right of action" accrues ........................................................................6

    B. Customs' Obligation to Collect Duties .....................................................................7

    C. Plaintiff Has Never Issued a Bill to Any Party for the Duties Assessed When the Entries Liquidated by Operation of Law ..................................................................7

    D. Customs Billing of the Duties in 2014 and 2015 Was Not the Result Of a Lawful Reliquidation of Entries Deemed Liquidated ...........................................................8

        1. Customs Billing of the Duties Was Based Upon an Unlawful Attempt to Manually Liquidate the Entries More Than Six Years After The Entries Were Deemed Liquidated ............................................................................8

V. CONCLUSION ..................................................................................................................10

# TABLE OF AUTHORITIES

**Cases:**

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)..................................................................................................................2

*FDIC v. Pantazelos*,
No. 13-C-2246, 2013 U.S. Dist. LEXIS 125091 (N.D. Ill. Sept. 3, 2013) ..........................3

*Forest Labs., Inc. v. United States*,
403 F. Supp. 2d 1348 (Ct. Int'l Trade 2005), *aff'd* 476 F.3d 877 (Fed. Cir. 2007).............2

*Herbert Abstract Co., Inc. v. Touchstone Props., Ltd.*,
914 F.2d 74 (5th Cir. 1990) .....................................................................................................2

*N.Z. Lamb Co. v. United States*,
40 F.3d 377 (Fed. Cir. 1994)...................................................................................................2

*Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*,
998 F.2d 1192 (3d Cir. 1993)..................................................................................................3

*Rollins v. Wackenhut Servs., Inc.*,
703 F.3d 122 (D.C. Cir. 2012)................................................................................................2

*Santana v. Cook Cnty. Bd. of Review*,
679 F.3d 614 (7th Cir. 2012) ..................................................................................................3

*United States v. American Home Assurance Co.*,
151 F. Supp. 3d 1328 (2016) ..................................................................................................6

*United States v. Ataka America, Inc.*,
17 CIT 598, 826 F. Supp. 495 (1993) ....................................................................................6

*United States v. Cherry Hill Textiles, Inc.*,
112 F.3d 1550 (Fed. Cir. 1997)...............................................................................................9

*United States v. Great American Insurance Co. of NY*,
35 CIT 1130, 791 F. Supp. 2d 1337 (2011).........................................................................6

*United States v. Pressman-Gutman Co., Inc.*,
721 F. Supp. 2d 1333 (Ct. Int'l Trade 2010) ........................................................................2

**Statutes:**

19 U.S.C. § 1504......................................................................................................................8
19 U.S.C. § 1505..................................................................................................................5, 7
19 U.S.C. § 1514......................................................................................................................4

19 U.S.C. § 1515......................................................................................................7
19 U.S.C. § 1501...................................................................................................5, 8
28 U.S.C. § 1582......................................................................................................1
28 U.S.C. § 2415....................................................................................2, 3, 4, 6, 7

**Regulations:**

19 C.F.R. § 113.62................................................................................................5, 6

**Other Authority:**

5A Wright & Miller *Federal Practice and Procedure* § 1327 .......................................2
5C Wright & Miller *Federal Practice and Procedure* § 1368 .......................................2

## INTRODUCTION

Pursuant to Rule 12(c) of the Rules of the United States Court of International Trade, Defendant Aegis Security Insurance Company ("Aegis") moves for judgment on the pleadings. This is a civil action by the United States to collect unpaid supplemental customs' duties in the amount of $50,000, plus interest. The $50,000 claim reflects the penal value of the continuous bond underwritten by Defendant, Aegis, to secure antidumping duty liability for entries of merchandise imported by Linyi Sanshan Import & Export Company ("Linyi"). The entries covered ten (10) importations of fresh garlic from The People's Republic of China made between January 16, 2004 and February 11, 2004.[1] There is no dispute between the parties that on November 4, 2006, the entries were "deemed liquidated" under the provisions of 19 U.S.C. § 1504(d) at the rate of duty, value, quantity, and amount of duty asserted by the importer on the date of entry. Compl. ¶ 17; Answer ¶ 17. Almost eight (8) years later, during October 2014, Customs billed Linyi for duties calculated at a value of two times the rate of duty for the entries that were deemed liquidated. Compl. ¶19, Exhibits B, C. Customs finally issued bills to Aegis based on the same doubled rate of duty on about January 7, 2015, more than eight (8) years after the entries were deemed liquidated. Customs has never billed any party for the amount that each entry was deemed liquidated in 2006. The Government did not file this civil action for collection of supplemental duties under 28 U.S.C. § 1582(3) until October 2, 2020, almost fourteen (14) years after the entries were deemed liquidated on November 4, 2006.

---

[1] The Period of Review for the Antidumping Duty ("ADD") Order on *Fresh Garlic From the Peoples Republic of China* was November 1, 2003 through October 31, 2004.

## THE ISSUE

The issue in this civil action is whether the Government's claim for the billed antidumping duties, plus interest, is time barred by the six-year (6) statute of limitations for actions on a contract set out at 28 U.S.C. § 2415(a).

## I.   STANDARD OF REVIEW

A motion brought pursuant to Rule 12(c) of the Rules of the United States Court of International Trade should be granted if "the moving party is entitled to judgment as a matter of law." *See Forest Labs., Inc. v. United States*, 403 F. Supp. 2d 1348, 1349 (Ct. Int'l Trade 2005), *aff'd* 476 F.3d 877 (Fed. Cir. 2007) (citing *N.Z. Lamb Co. v. United States*, 40 F.3d 377, 380 (Fed. Cir. 1994)). The standard for a motion for judgment pursuant to Rule 12(c) is the same as a motion to dismiss under Rule 12(b)(5). *See Forest Labs.*, 403 F. Supp. 2d at 1349; *see also, e.g.*, *Rollins v. Wackenhut Servs., Inc.*, 703 F.3d 122, 129-30 (D.C. Cir. 2012); 5C Wright & Miller *Federal Practice and Procedure* § 1368 (3d ed. 2013). Accordingly, a complaint should be dismissed pursuant to Rule 12(c) when it fails to state a plausible claim for relief and instead pleads "facts that are merely consistent with a defendant's liability." *See United States v. Pressman-Gutman Co., Inc.*, 721 F. Supp. 2d 1333, 1338 (Ct. Int'l Trade 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)) (additional citations and internal quotation marks omitted).

Rule 12(c) motions are "designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." *Herbert Abstract Co., Inc. v. Touchstone Props., Ltd.*, 914 F.2d 74, 76 (5th Cir. 1990). *See also* 5A Wright & Miller *Federal Practice and Procedure* § 1327 (noting that the court may "independently examine" and "form its own conclusions" about records attached to the pleadings pursuant to Rule 10(c) when considering a

Rule 12(c) motion). The court may also consider exhibits attached to a motion for judgment on the pleadings, so long as they are central to the allegations in the complaint and are concededly authentic. *See Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993); *FDIC v. Pantazelos*, No. 13-C-2246, 2013 U.S. Dist. LEXIS 125091, at *9 (N.D. Ill. Sept. 3, 2013) (citing *Santana v. Cook Cnty. Bd. of Review*, 679 F.3d 614, 619 (7th Cir. 2012)). And, "[w]here the allegations of a pleading are inconsistent with the terms of a written [document] attached as an exhibit [to the motion], the terms of the latter, fairly construed, must prevail over the averments differing therefrom." *Graue Mill Dev. Corp. v. Colonial Bank & Trust Co. of Chicago*, 927 F.2d 988, 991 (7th Cir. 1991) (citations and internal quotation marks omitted).

## II.  ARGUMENT

The Complaint should be dismissed because it clearly shows that the antidumping duties sought to be collected by Plaintiff against Defendant, Aegis, are barred from collection by the six-year (6) statute of limitations under 28 U.S.C. § 2415(a). The allegations of the Complaint plainly state that the entries were liquidated by operation of law in 2006. Compl. ¶ 17; Answer ¶ 17.  The allegations in the Complaint and the exhibits attached to the Complaint clearly indicate that the duties that were billed on the entries covered by the Complaint were not billed within six (6) years following the date of liquidation and were never billed at the antidumping duty rate at which the entries were liquidated. The entries were billed to the importer in 2014, and to Aegis in 2015, at a rate double the antidumping duties assessed on the liquidation by operation of law more than six (6) years after the entries were deemed liquidated. The instant civil action for the collection of antidumping duties calculated at two times the rate at which the entries were deemed liquidated was not initiated until October 2020 almost fourteen (14) years after the

3

entries were liquidated by operation of law. On that basis, Defendant, Aegis, submits that the collection action covered by this Complaint is barred by the six-year (6) statute of limitations set out in 28 U.S.C. § 2415(a).

In addition, Defendant, Aegis, asserts that, on the basis of the allegations in the Complaint and the exhibits thereto, the antidumping duties sought to be collected by Plaintiff from Aegis are void and uncollectable. The antidumping duties are the result of a void and unenforceable manual liquidation ("attempted manual liquidation") in which the antidumping duties asserted at the time of entry and assessed upon the deemed liquidation in 2006 were manually doubled in 2014 almost eight (8) years after the deemed liquidation had become final as to all parties, including the United States, under the provisions of 19 U.S.C. § 1514.

### A. Statute And Regulations

28 U.S.C. § 2415(a) provides in pertinent part:

> **Time for commencing actions brought by the United States**
>
> "… every action for money damages brought by the United States or an officer or agency thereof which is founded upon any contract express or implied in law or fact, shall be barred unless the complaint is filed within six years after the right of action accrues…."

19 U.S.C. § 1514(a) provides in pertinent part:

> **(a) FINALITY OF DECISIONS; RETURN OF PAPERS**
>
> "…any clerical error, mistake of fact, or other inadvertence, adverse to the importer, in any entry, liquidation, or reliquidation, and, decisions of the Customs Service, including the legality of all orders and findings entering into the same, as to
>
> ***
>
> shall be final and conclusive upon all persons (including the United States and any officer thereof) unless a protest is filed in accordance with this section, or unless a civil action contesting the denial of a protest, in whole or in part, is commenced in the United States Court of International Trade…"

4

19 U.S.C. § 1505(b) provides:

> **(b) COLLECTION OR REFUND OF DUTIES, FEES, AND INTEREST DUE UPON LIQUIDATION OR RELIQUIDATION**
>
> The Customs Service shall collect any increased or additional duties and fees due, together with interest thereon, or refund any excess moneys deposited, together with interest thereon, as determined on a liquidation or reliquidation. Duties, fees, and interest determined to be due upon liquidation or reliquidation are due 30 days after issuance of the bill for such payment. Refunds of excess moneys deposited, together with interest thereon, shall be paid within 30 days of liquidation or reliquidation.

19 U.S.C. § 1501, prior to the 2004 amendment provided:

> **Voluntary Reliquidation By The Customs Service**
>
> A liquidation made in accordance with section 500 or any reliquidation thereof made in accordance with this section may be reliquidated in any respect by the Customs Service, notwithstanding the filing of a protest, within ninety days from the date on which notice of the original liquidation is given or transmitted to the importer, his consignee or agent. Notice of such reliquidation shall be given or transmitted in the manner prescribed with respect to original liquidations under section 500(e).

19 C.F.R. § 113.62(a) provides in pertinent part:

> **BASIC IMPORTATION AND ENTRY BOND CONDITIONS**
>
> **(a)** *Agreement to Pay Duties, Taxes, and Charges.*
>
> \*\*\*
>
> **(ii)** Pay, as demanded by CBP, all additional duties, taxes, and charges subsequently found due, legally fixed, and imposed on any entry secured by this bond.

## ~~IV.~~ III. THE CASE LAW

### A.    The Statute Of Limitations

#### 1.    "The right of action" accrues upon liquidation of the entry

The several decisions of the United States Court of International Trade and The United States Court of Appeals for the Federal Circuit have unanimously held that the right of action for

5

collection of liquidated duties accrues on liquidation of the entry. In *United States v. Ataka America, Inc.*, 17 CIT 598, 826 F. Supp. 495 (1993), the Court held that "[t]he right to collect immediately on liquidation carries with it the responsibility to act within six years of liquidation to collect on the contract obligation of the surety." *Id.* at 607. In *United States v. Great American Insurance Co. of NY,* 35 CIT 1130, 791 F. Supp. 2d 1337, 1344 (2011), the Court found that the Government's cause of action was barred when commenced more than six years after the entries were deemed liquidated:

> The Government's cause of action accrued six months after publication of the *Notice of Rescission* when the Coastal Entries deemed liquidated and the Government's right to collect additional duties attached. *See* 19 C.F.R. § 113.62(a). The Government failed to bring its claim within six years after the Coastal Entries were deemed liquidated, the event triggering the Government's cause of action. Therefore, its right to collect any duties on the Coastal Entries is time-barred. *See* 28 U.S.C. § 2415(a).

*Id.* at 1368; *United States v. American Home Assurance Co.*, 151 F. Supp. 3d 1328, 1342-1343 (2016) held that "[b]ecause Customs failed to liquidate within six months after the date of publication of the notices of rescission in the Federal Register, these entries were liquidated by operation of law at the entered rates, at which time the Government's cause of action on the bonds began to accrue. Having failed to bring its collection actions within six years of the dates these entries were deemed liquidated, the Government's right to collect any duties from AHAC … is time barred. *See* 28 U.S.C. § 2415(a)."

###### B.     Customs' Obligation to Collect Duties

Customs is obligated to collect or refund duties "as determined on a liquidation or reliquidation." *See* 19 U.S.C. § 1505(b). However, as discussed, *supra*, collection of such duties determined on a liquidation or reliquidation is limited by the six-year (6) statute of limitations set out at 28 U.S.C. § 2415(a). While 19 U.S.C. § 1515(b) also allows for the assessment and collection of interest 30 days after billing the duties determined to be due on liquidation, the

statute does not create a new cause of action for collection of the liquidated duties. 19 U.S.C. § 1515(b) does not limit Customs' collection efforts to billing or otherwise make billing a prerequisite to filing suit for collection of the duties determined to be due on liquidation. While billing may be a prerequisite to collecting interest on any duties determined to be due on liquidation, there is no statute or regulation that holds that billing is a prerequisite to filing a suit for collection of the actual duties determined to be due on liquidation.

    C.    **Plaintiff Has Never Issued A Bill To Any Party For The Duties Assessed When The Entries Liquidated By Operation Of Law**

The ten (10) entries covered by this civil action were deemed liquidated by operation of law on November 4, 2006 at the rate of duty, value, quantity, and amount of duty asserted at the time of entry. Compl. ¶ 17; Answer ¶ 17. The amount of duty asserted at the time of entry was 376.67% *ad valorem*. Compl. ¶ 13 and Exhibit B. However, Customs never billed any party duties calculated at the entered rate of 376.67% *ad valorem*. Instead, Customs waited more than six (6) years after the entries were deemed liquidated and billed the importer and surety for duties calculated at double the antidumping duty rate required to be deposited or bonded at the date of entry. Compl. ¶¶ 19 and 22, Exhibits B and C.

    D.    **Customs Billing of the Duties in 2014 and 2015 Was Not the Result Of a Lawful Reliquidation of Entries Deemed Liquidated**

Customs had no authority to reliquidate the subject entries. 19 U.S.C. § 1501 in effect at the date of entry did not allow for the reliquidation of entries deemed liquidated under the provisions of 19 U.S.C. § 1504. It was not until December 28, 2004 that 19 U.S.C. § 1501 was amended to include the authority to reliquidate entries previously deemed liquidated under Section 504 of the Tariff Act as amended.

7

The entries covered by this civil action were all made in January and February 2004. Compl. ¶ 11, Exhibits B, C, D. At the time of entry, 19 U.S.C. § 1504 provided only:

> **Voluntary Reliquidation By The Customs Service**
>
> A liquidation made in accordance with section 500 or any reliquidation thereof made in accordance with this section may be reliquidated in any respect by the Customs Service, notwithstanding the filing of a protest, within ninety days from the date on which notice of the original liquidation is given or transmitted to the importer, his consignee or agent. Notice of such reliquidation shall be given or transmitted in the manner prescribed with respect to original liquidations under section 500(e).

It was not until December 28, 2004 that the statute was amended to include reliquidation for entries "deemed liquidated" (*i.e.*, liquidated in accordance with Section 1504). Accordingly, Customs had no authority to reliquidate the subject entries which were deemed liquidated in in 2006.

    1.    **Customs Billing of the Duties Was Based Upon an Unlawful Attempt to Manually Liquidate the Entries More Than Six Years After The Entries Were Deemed Liquidated**

As noted, *supra*, Customs never billed the duties at the rate that the entries were deemed liquidated. A review of Complaint Exhibits B-D indicates that the entries were billed in 2014 and 2015 at an amount calculated at double the 376.67% rate of antidumping duties required for deposit or bonding at the time of entry. The double-duty calculation was manually assessed in 2014 for the failure of the importer to provide Customs with a Certificate of Non-Reimbursement (*See* CBP Liquidation Notes, Compl. Exhibit B). On that basis, it is submitted that the billing could only have been the result of a purported manual liquidation attempted in 2014 more than six (6) years after the entries were deemed liquidated. The facts of this case fall squarely within the four corners of the decision in *United States v. Cherry Hill Textiles, Inc.*, 112 F.3d 1550 (Fed. Cir. 1997). In that case the entry "was deemed liquidated … one year after entry. No protest was filed nor was any other action taken with respect to that liquidation. Instead, the

8

government simply made a new liquidation a month later … and treated that new liquidation as the operative liquidation for purposes of this case." *Id.* at 1559. Because no action was taken with respect to the deemed liquidation of the entry, the deemed liquidation was regarded as final by the Appellate Court. *Cherry Hills* held that "in cases in which a liquidation has become final, the government cannot seek to recover additional duties simply by making a new liquidation of the original entry. Regardless of the accuracy or procedural correctness of the new liquidation, it would have no legal effect because it would be barred by the principles of res judicata. In that and other analogous settings, the liquidation simply does not have the capacity to give rise to liability." *Id.* at 1560. The Court goes on to say "once the governments cause of action expires, Customs cannot breathe new life into it merely by liquidating the entry anew." *Id*.

## V. CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court grant Defendant's Motion for Judgment on the Pleadings, enter judgment in favor of Defendant based on expiration of the applicable statute of limitations, and dismiss Plaintiff's case as untimely.

November 25, 2020                                    Respectfully submitted,

/s/ T. Randolph Ferguson
T. Randolph Ferguson
SANDLER TRAVIS & ROSENBERG, P.A.
601 Montgomery Street
Suite 1208
San Francisco, CA 94111
Tel.: Mobile 415-378-3374
 Office 415-490-1401
Email: rferguson@strtrade.com

KING & SPALDING LLP
1700 Pennsylvania Avenue, N.W. Ste. 200
Washington, D.C. 20006
(202) 737-0500

*/s/ Jeffrey M. Telep*
Jeffrey M. Telep

*Counsel to Aegis Security Insurance Company, Defendant*