UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE: HON. STEPHEN ALEXANDER VADEN, *JUDGE*

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | Court No. 20-03628 |
| v. | : | **PUBLIC VERSION** |
| AEGIS SECURITY INSURANCE CO., | : | |
| Defendant. | : | |

## PLAINTIFF'S STATEMENT OF UNDISPUTED MATERIAL FACTS

Rule 56.3 of the Rules of the United States Court of International Trade (USCIT) requires that motions for summary judgment include a separate statement of material facts as to which it is contends there exists no genuine issue to be tried. In this case, there are no material facts as to which there exists a genuine issue to be tried, and the issues are amenable to resolution through dispositive motions. The pertinent undisputed facts of this case are as follows:

1. On October 24, 2002, Aegis Security Insurance Company (Aegis), as surety, entered into a continuous customs bond (the continuous bond) with Linyi Sanshan Import & Export Co. (Linyi), as principal. *See* Compl. ¶7; Answer ¶7; Pl. Ex. 1.

2. The limit of liability of the continuous bond was $50,000.00. *See* Compl. ¶9; Answer ¶9; Pl. Ex. 1.

3. Under the terms of the continuous bond, Aegis agreed to be jointly and severally liable to pay, as demanded by U.S. Customs and Border Protection (CBP), any duties, taxes, and charges subsequently found due, legally fixed, and imposed on any entry secured by the continuous bond up to the "limit of liability" reflected on the bond. *See* Compl. ¶8; Answer ¶8; Pl. Ex. 1.

4. The continuous bond was effective from October 26, 2002, until its termination date on October 25, 2004. *See* Compl. ¶10; Answer ¶10.

5. Between January 16 and February 11, 2004, Linyi made ten entries of fresh garlic from the People's Republic of China (China) through ports in Miami, Florida and Houston, Texas (CBP port codes 5201 and 5301) (the entries). *See* Compl. ¶11; Answer ¶11; Pl. Ex. 2.

6. The entries were subject to the antidumping duty order on certain fresh garlic from China issued by the Department of Commerce (Commerce) (A-570-831) (the garlic order). *See Antidumping Duty Order: Fresh Garlic From the People's Republic of China*, 59 Fed. Reg. 59,209 (Dep't Commerce Nov. 16, 1994); Compl. ¶12; Answer ¶12.

7. At the time of entry, Linyi asserted in its entry papers that the entries were subject to antidumping duties at a rate of ▮▮▮▮ percent *ad valorem*. *See* Compl. ¶13; Answer ¶13; Pl. Ex. 2.

8. The amount of antidumping duties asserted by Linyi at the time of entry is reflected as follows:

| Entry Number | Amount of Antidumping Duties Asserted at the Time of Entry |
|---|---|
| JN703318574 | $68,373.14 |
| JN703318582 | $68,373.14 |
| JN703318541 | $68,373.14 |
| JN703318566 | $68,373.14 |
| JN703318681 | $68,373.14 |
| JN703318558 | $68,373.14 |
| JN703318533 | $68,373.14 |
| JN703318590 | $68,373.14 |
| H0202152684 | $76,283.21 |
| H0202152544 | $76,294.51 |
| Total | $699,562.84 |

*See* Compl. ¶13; Answer ¶13; Pl. Ex. 3 ¶7.

9. Separate from the continuous bond, Linyi obtained a single transaction bond (STB) from ███████████████████████) for each of the entries. *See* Pl. Ex. 3 ¶8.

10. Linyi provided the STBs to CBP in lieu of making cash deposits of estimated antidumping duties for each of the entries. *See* Pl. Ex. 3 ¶9; *See Fresh Garlic From the People's Republic of China*, 68 Fed. Reg. 40,242 (Dep't Commerce July 7, 2003).

11. The amount of the STBs that Linyi obtained for each entry is reflected as follows:

| Entry Number | Amount of the Single Transaction Bonds Issued by  |
|---|---|
| JN703318574 | |
| JN703318582 | |
| JN703318541 | |
| JN703318566 | |
| JN703318681 | |
| JN703318558 | |
| JN703318533 | |
| JN703318590 | |
| H0202152684 | |
| H0202152544 | |
| Total | |

*See* Pl. Ex. 3 ¶10.

12. On November 4, 2006, the entries liquidated by operation of law (also known as deemed liquidation) at the rate of duty, value, quantity, and amount of duty asserted at the time of entry. *United States v. Am. Home Assurance Co.*, 151 F. Supp. 3d 1328, 1342–43 (Ct. Int'l Trade 2015), *amended*, (Ct. Int'l Trade March 15, 2016), *aff'd*, Fed Cir. Appeal No. 18-1960 at Doc. 66 (judgment affirmed Sept. 6, 2019, pursuant to Federal Circuit Rule 36); *see also* Compl. ¶17; Answer ¶17; Pl. Ex. 3 ¶11.

13. Linyi became liable for $699,562.84 in antidumping duties as a result of the deemed liquidation. *See* Compl. ¶18; Answer ¶18.

14. On July 14, 2014, Commerce issued message no. 4195304 to CBP instructing CBP that notice of lifting of the suspension of liquidation for entries of fresh garlic from China from Linyi for the 2003–2004 period of review (which included the ten entries at issue here) occurred with publication of its Federal Register notice of partial rescission in May 2006. *See* Message No. 4195304 from Commerce (July 14, 2014) attached hereto as Pl. Ex. 7.

15. Based upon message no. 4195304 from Commerce, on October 3, 2014 and October 31, 2014, CBP billed Linyi for the first time for the antidumping duties owed on each of the entries. *See* Compl. ¶19; Answer ¶19; Pl. Ex. 4; Pl. Ex. 7.

16. Due to an inadvertent error, the bills that CBP issued to Linyi reflected an incorrect amount, which exceeded the amount that was owed pursuant to the deemed liquidation of the entries. *See* Pl. Ex. 3 ¶15; Pl. Ex. 4.

17. For eight entries at issue in this case, the bills that CBP issued to Linyi reflected double the amount of antidumping duties declared at entry. *See* Pl. Ex. 2; Pl. Ex. 3 ¶15; Pl. Ex. 4. This amount was calculated based upon a failure by Linyi to provide a non-reimbursement certificate and included charges for interest pursuant to 19 U.S.C. § 1677g. *See id.*

18. For two entries at issue in this case (H0202152684 and H0202152544), the bills that CBP issued to Linyi reflected the amount of antidumping duties asserted at the time of entry (*i.e.*, the duties were not doubled), but also incorrectly included charges for interest pursuant to 19 U.S.C. § 1677g. *See* Pl. Ex. 2; Pl. Ex. 3 ¶15; Pl. Ex. 4.

19. Linyi did not pay any of the outstanding debt. *See* Pl. Ex. 3 ¶16; Pl. Ex. 4.

4

20. On January 7, 2015, CBP made its first demand for payment from Aegis for the debt owed under the $50,000.00 continuous bond via the Formal Demand on Surety for Payment of Delinquent Amounts Due (known as the "612 Report"). *See* Compl. ¶22; Answer ¶22; Pl. Ex. 5.

21. Similar to the bills issued to Linyi, the 612 Report to Aegis reflected an incorrect bill amount, which exceeded the amount actually owed pursuant to the deemed liquidation of the entries. Pl. Ex. 3 ¶21; Pl. Ex. 5.

22. Regardless of the billing error, the correct amount of the outstanding debt, calculated in accordance with the deemed liquidation of the entries, exceeded the limits of liability of the bond issued by Aegis ($50,000.00). Pl. Ex. 1; Pl. Ex. 2; Pl. Ex. 3 ¶¶23–30; Pl. Ex. 4.

23. Aegis did not pay the $50,000.00 continuous bond due for the outstanding debt owed by Linyi as demanded in the 612 Report. Compl. ¶35; Answer ¶35, Pl. Ex. 3 ¶19.

24. In April 2015, CBP mailed its first demand for payment from ▮▮▮▮ for the debt owed under the STBs. The demand was made to ▮▮▮▮ via its own individual 612 Report issued. *See* Pl. Ex. 3 ¶20.

25. On November 17, 2017, ▮▮▮▮ paid the value of the STBs for each entry. *See* Pl. Ex. 3 ¶22.

26. Due to the accumulation of interest, ▮▮▮▮ payment of the STBs did not completely satisfy the outstanding debt for the entries. *See* Pl. Ex. 3 ¶23.

27. Irrespective of the error reflected in the importer bills and the 612 Report sent to Aegis, the amount of the outstanding debt, calculated in accordance with the deemed liquidation

5

of the entries, exceeded the face value of the bond issued by Aegis ($50,000.00), even after accounting for the payment of the STBs by ▮. *See* Pl. Ex. 3 ¶¶23–30.

28. In this civil action, the Government seeks to collect antidumping duties calculated at the rate of duty asserted by the importer at the time of entry — ▮ percent *ad valorem*. *See* Pl. Ex. 3 ¶¶23–30.

29. As of the filing of the complaint in this action, the amount of the outstanding debt, calculated in accordance with the deemed liquidation of the entries at the rate of ▮ percent *ad valorem*, plus interest that has accumulated on the debt pursuant to 19 U.S.C. § 1505(d), is $91,063.69. *See* Pl. Ex. 3 ¶¶23–30

30. CBP demanded payment from Aegis for the debt owed under the continuous bond via the 612 Report several times after ▮ payment of the STBs. *See* Compl. ¶29; Answer ¶29.

31. To date, Aegis has not made any payment involving the outstanding debt for the entries. *See* Compl. ¶35; Answer ¶35; Pl. Ex. 3 ¶32.

32. Aegis filed protest number 5309-15-100065 covering two entries of this case. *See* Compl. ¶30; Answer ¶30; Pl. Ex. 6.

33. In protest number 5309-15-100065, Aegis did not raise the billing error as a basis for disclaiming liability for the two entries. *See* Pl. Ex. 6.

34. CBP denied protest number 5309-15-100065 on April 1, 2015. *See* Compl. ¶31; Answer ¶31.

35. Aegis filed protest number 5201-15-100169 covering eight entries of this case. *See* Compl. ¶32; Answer ¶32.

36. In protest number 5201-15-100169, Aegis did not raise the billing error as a basis for disclaiming liability for the eight entries. *See* Pl. Ex. 6.

37. CBP denied protest number 5201-15-100169 on July 10, 2018. *See* Compl. ¶33; Answer ¶33.

38. Aegis did not seek further review of the denial of protest numbers 5309-15-100065 and 5201-15-100169 by filing an action in this Court pursuant to the procedures of 19 U.S.C. § 1514 and 28 U.S.C. § 1581(a). *See* Compl. ¶34; Answer ¶34.

*Plaintiff's Statement of Undisputed Material Facts: United States of America v. Aegis Security Insurance Co., Court No. 20-03628*

                        Respectfully submitted,

                        BRIAN M. BOYNTON
                        Acting Assistant Attorney General

                        JEANNE E. DAVIDSON
                        Director

                        <u>/s/ Justin R. Miller</u>
By:    JUSTIN R. MILLER
        Attorney-In-Charge
        International Trade Field Office

        <u>/s/ Peter A. Mancuso</u>
        PETER A. MANCUSO
        Trial Attorney
        Department of Justice, Civil Division
        Commercial Litigation Branch
        26 Federal Plaza – Suite 346
        New York, New York 10278
        Tel. (212) 264–0484 or 9230
        Attorneys for Plaintifff

Of Counsel:
SUZANNA HARTZELL-BALLARD
Office of the Assistant Chief Counsel
U.S. Customs and Border Protection

Dated: January 29, 2021