# EXHIBIT 3

UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE:
_____

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | : |
| Plaintiff, | : Court No. 20-03628 |
| v. | : |
| AEGIS SECURITY INSURANCE CO., | : |
| Defendant. | : |

_____

# DECLARATION OF BRUCE INGALLS IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

I, Bruce Ingalls, Director, Revenue Division, Office of Finance, U.S. Customs and Border Protection (CBP), U.S. Department of Homeland Security (DHS), declare as follows:

1. I have been employed by U.S. Customs and Border Protection (formerly the U.S. Customs Service) (CBP) since 1987 and have held my current position since 2009. My office is currently located at 6650 Telecom Drive, Indianapolis, Indiana 46278.

2. The other positions I have held for the U.S. Customs Service or U.S. Customs and Border Protection are: Import Specialist at the Port of St. Albans, Vermont, from 1987 to 1992; Import Specialist instructor and course developer at the Federal Law Enforcement Training Center in Brunswick, Georgia, from 1992 to 1995; Assistant Port Director for trade matters in the Area Port of Tampa, Florida, from 1995 to 1999; Chief, Entry and Drawback Branch, in Washington, D.C. from 1999 to 2002; Chief, Debt Management Section, Office of Finance, in Indianapolis, Indiana, from 2002 to 2007; Chief, Debt Management Branch, Office of Finance, in Indianapolis, Indiana, from 2007 to 2009.

3. This declaration is based on my personal knowledge and experience and a review of documents and computer systems maintained by CBP.

4. As part of my role as Director of the Revenue Division, I am familiar with and regularly use in the course of my employment the records contained in CBP's Automated Commercial System (ACS), Automated Commercial Environment (ACE), agency bond records, and entry summary records on Customs Form (CF) 7501, among other records.

5. As an Import Specialist, my duties and responsibilities included, but were not limited to, reviewing entry documentation including the CF 7501 to ensure compliance with all requirements for entry and document filing, verifying tariff classification to ensure appropriate import duties are assessed on imported articles, verifying appraisement of imported articles, and computing the final amount of duties, taxes, and fees owed by or due back to an importer at liquidation.

6. In order to make this declaration, I reviewed the entry summaries for the ten entries of fresh garlic from the People's Republic of China (China) that are the subject of this action, the entry summaries on CF 7501 for which are attached as Plaintiff's Exhibit 2 to Plaintiff's Motion for Summary Judgment in this action. I also reviewed records contained in ACE, ACS, and bond records related to these entries.

7. The above-listed records identify that the amount of antidumping duties asserted by Linyi Sanshan Import & Export Co. (Linyi) at the time of entry for each of these entries is as follows:

| Entry Number | Amount of Antidumping Duties Asserted at the Time of Entry |
|---|---|
| JN703318574 | |
| JN703318582 | |
| JN703318541 | |

| Entry Number | |
|---|---|
| JN703318566 | |
| JN703318681 | |
| JN703318558 | |
| JN703318533 | |
| JN703318590 | |
| H0202152684 | |
| H0202152544 | |
| Total | $699,562.84 |

8. In addition to the continuous bond issued by Aegis Security Insurance Company (Aegis) that is the subject of this action, Linyi obtained a single transaction bond (STB) from ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓) for each of the entries.

9. Linyi provided the STBs to CBP in lieu of making cash deposits of estimated antidumping duties for each of the Entries.

10. The amount of the STBs that Linyi obtained for each entry is reflected as follows:

| Entry Number | Amount of the STB issued by ▓▓▓ |
|---|---|
| JN703318574 | |
| JN703318582 | |
| JN703318541 | |
| JN703318566 | |
| JN703318681 | |
| JN703318558 | |
| JN703318533 | |
| JN703318590 | |
| H0202152684 | |
| H0202152544 | |
| Total | |

11. On November 4, 2006, the entries liquidated by operation of law (also known as deemed liquidation) at the rate of duty, value, quantity, and amount of duty asserted by the importer at the time of entry.

12. To effectuate the deemed liquidations of the entries and issue bills for the antidumping duties declared at entry and owed pursuant to the deemed liquidations, CBP took certain actions. Specifically, CBP made a notation on the entry summaries for entry numbers H0202152684 and H0202152544 as follows:

> Deem liquidated by operation of law on 11/04/2006. The suspension of liquidation was lifted on 05-04-2006 but the entry was not liquidated within the required time period following removal of the suspension. Message#: 4195304 . . . Authority 19 USC 1504(d)."

13. Similarly, the entry summaries for the other eight entries at issue contain handwritten notations stating: "Liq'd per DOC msg # 4195304 dated 7/14/14," with the exception that one of these entries (JN703318533) spelled out the word "Liquidated" as opposed to using the shorthand "Liq'd." "DOC" is an abbreviation for "Department of Commerce," and Commerce message number 4195304, dated July 14, 2014, notified CBP that the suspension of liquidation for the entries at issue lifted years prior, in May 2006.

14. Consistent with the deemed liquidations and in order to systematically generate bills for the outstanding antidumping duties, CBP manually entered liquidations for these entries into its electronic system. As a result, the first bill to Linyi for each of the entries was issued on October 3 or 31, 2014.

15. Due to CBP error, the manually entered liquidations to effectuate the deemed liquidations included inaccurate excess charges, meaning the bills were issued for an inaccurate amount that exceeded what was actually owed pursuant to the entries' liquidation by operation of

4

law.  Specifically, CBP records reflect that for eight of the entries, the issued bills were for double the amount of antidumping duties declared at entry and included charges for 19 U.S.C. § 1677g interest.  CBP records reflect that this doubling of the amount of antidumping duties asserted at entry was for Linyi's failure to provide a non-reimbursement certificate.  CBP records reflect that for the other two entries (H0202152684 and H0202152544), the issued bills were for the amount of antidumping duties asserted at entry (i.e., duties were not doubled), but these bills included charges for 19 U.S.C. § 1677g interest.  This explains the discrepancy between the amounts declared at entry and the billed amounts.

16.   Linyi did not pay the bills for the outstanding antidumping duties on the ten entries at issue.

17.   The bills issued to Linyi became delinquent on November 3, 2014 and December 1, 2014, respectively, when the debt remained outstanding for over 30 days.

18.   On or about January 7, 2015, CBP made its first demand for payment from Aegis for the debt owed under the $50,000.00 continuous bond via the Formal Demand on Surety for Payment of Delinquent Amounts Due (known as the "612 Report").

19.   Aegis did not pay the $50,000.00 continuous bond due for the outstanding debt owed by Linyi as demanded in the 612 Report.

20.   In April 2015, CBP mailed its first demand for payment from [REDACTED] for the debt owed under the STBs.  The demand was made to [REDACTED] via its own individual 612 Report.

5

21.     The bill amounts listed on the 612 reports issued to Aegis and ▮▮▮▮ corresponded with the outstanding bill amounts in CBP's system for Linyi, meaning the billing errors described in paragraph 15 above were also reflected in these 612 reports.

22.     On November 17, 2017, ▮▮▮▮ paid the value of the STBs for each entry, making total payments of ▮▮▮▮.

23.     Due to the accumulation of delinquency interest under 19 U.S.C. § 1505(d), ▮▮▮▮ payment of the STB amounts did not completely satisfy the outstanding debt for the entries.

24.     As of November 17, 2017, the delinquency interest that had accrued on the portion of the bills associated with the amount of antidumping duties asserted at entry was as follows:

| Entry Number | Amount of Antidumping Duties Asserted at the Time of Entry | Delinquency Interest Accrual on Unpaid Antidumping Duties Asserted at Entry Between Bill Date and Nov. 17, 2017 |
|---|---|---|
| JN703318574 | ▮▮▮▮ | $7,939.91 |
| JN703318582 | ▮▮▮▮ | $7,939.91 |
| JN703318541 | ▮▮▮▮ | $7,939.91 |
| JN703318566 | ▮▮▮▮ | $7,939.91 |
| JN703318681 | ▮▮▮▮ | $7,939.91 |
| JN703318558 | ▮▮▮▮ | $7,939.91 |
| JN703318533 | ▮▮▮▮ | $7,939.91 |
| JN703318590 | ▮▮▮▮ | $7,939.91 |
| H0202152684 | ▮▮▮▮ | $8,644.15 |
| H0202152544 | ▮▮▮▮ | $8,645.43 |
| Total | $699,562.84 | $80,808.86 |

In other words, the amount of antidumping duties asserted at the time of entry at the entered rate of ▮▮▮▮ ad valorem totaled $699,562.84. If the bills had been issued in this amount – the

6

amount of the antidumping duties asserted at entry (without inclusion of 19 U.S.C. § 1677g interest or doubling for failure to include a non-reimbursement certificate as identified in paragraph 15 above) – the amount of delinquency interest that would have accrued on said bills would have totaled $80,808.86 as of November 17, 2017.

25. Thus, on November 17, 2017 before application of ▓▓▓▓ payments, the total outstanding balance of the unpaid antidumping duties asserted at entry and the accrued delinquency interest on the portion of the bills associated with those unpaid antidumping duties was $780,371.70 ($699,562.84 antidumping duties asserted at entry + $80,808.86 accrued delinquency interest = $780,371.70)

26. Per 19 C.F.R. § 24.3a(c)(4), late payments are first applied to the interest charge on the delinquent principal amount and then to payment of the delinquent principal amount.

27. Reducing the $780,371.70 balance (calculated in paragraph 25 above) by ▓▓▓▓ payment amount of ▓▓▓▓ results in a remaining unpaid balance of the duties asserted at entry of $79,171.70 ($780,371.70 - ▓▓▓▓ = $79,171.70), as of November 18, 2017.

28. As a result, subsequent to the payment of the STBs by ▓▓▓▓ the unpaid amount of duties declared at entry was greater than the face value of the $50,000.00 continuous bond issued by Aegis that is the subject of this action (i.e., $79,171.70 vs. $50,000.00 as of November 18, 2017).

29. The delinquency interest that continued to accrue on the $79,171.70 remaining amount of the unpaid duties declared at entry, after application of ▓▓▓▓ payments, as of the date of the complaint in this action (October 2, 2020) was $11,891.99.

30.     As of the date of the filing of the complaint in this action (October 2, 2020), the outstanding balance of the unpaid antidumping duties declared at entry and the interest that had accumulated pursuant to 19 U.S.C. § 1505(d) on this debt for the entries was $91,063.69.

31.     To date, Linyi has not made any payment toward the outstanding debts for the entries that are the subject of this action.

32.     To date, Aegis has not made any payment toward the outstanding debts for the entries that are the subject of this action.

33.     Due to the continued prevalence of severe acute respiratory syndrome coronavirus 2 (SARS-CoV-2), I am working remotely and do not have regular access to printing and scanning equipment. Accordingly, I am signing this declaration electronically.

In accordance with 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Executed this __28th__ day of January, 2021

BRUCE W INGALLS
Digitally signed by BRUCE W INGALLS
Date: 2021.01.28 13:45:54 -05'00'

Bruce Ingalls
Director, Revenue Division
Office of Finance
U.S. Customs and Border Protection