Court No. 20-03628

# EXHIBIT 6

CONFIDENTIAL INORMATION HAS BEEN REDACTED

**ORIGINAL**

Approved OMB No. 1651-0017
Exp. 09-30-2009

DEPARTMENT OF HOMELAND SECURITY
U.S. Customs and Border Protection   MAR 3 1 2015

HOUSTON SERVICE P...

**PROTEST**

Pursuant to Sections 514 & 514(a), Tariff Act of 1930 as amended, 19 CFR Part 174 et. seq.

1. PROTEST NO. (Supplied by CBP)

5309-15-100065

NOTE: If your protest is denied, in whole or in part, and you wish to CONTEST the denial, you may do so by bringing a civil action in the U.S. Court of International Trade within 180 days after the date of mailing of Notice of Denial. You may obtain further information concerning the institution of an action by writing the Clerk of U.S. Court of International Trade, One Federal Plaza, New York NY 10007 (212-264-2800).

2. DATE RECEIVED (CBP Use Only)

### SECTION I - IMPORTER AND ENTRY IDENTIFICATION

| 3. PORT | 4. IMPORTER NO. | 5. ENTRY DETAILS | | | | | |
|---|---|---|---|---|---|---|---|
| Houston, TX | (Sur: [REDACTED]) | PORT CODE | FILER CODE | ENTRY NO. | CHECK DIGIT | DATE OF ENTRY | DATE OF LIQUIDATION |
| 6. NAME AND ADDRESS OF IMPORTER OR OTHER PROTESTING PARTY | | 53-01 | | H02-0215268-4 | | 2-11-04 | 10-31-14 |

Aegis Security Insurance Company (032)
c/o Avalon Risk Management
150 Northwest Point Blvd, 4th FL
Elk Grove Village, IL 60007

(Please See Attached Schedule A For Two (2) Entries Covered By This Protest.)
Date of Demand: 1-01-15

7. Is Accelerated Disposition being requested (19 CFR 174.22)?
☐ Yes ☐ No

### SECTION II - DETAILED REASONS FOR PROTEST

8. With respect to each category of merchandise, set forth, separately, (1) each decision protested, (2) the claim of the protesting party, and (3) the factual material and legal arguments which are believed to support the protest. All such material and arguments should be specific. General statements of conclusions are not sufficient.

SPECIAL NOTE: This protest is filed by surety pursuant to Section 514(c)(2) of the Tariff Act of 1930, as amended 19 U.S.C. Section 1514(c)(3). The United States has made its first Formal Demand on Surety for payment of the subject liquidated duties. The importer/principal, **LINYI SANSHAN IMPORT & EXPORT CO.**, has consistently refused to pay said liquidated duties, giving rise to surety's unsatisfied claim under its bond. IT IS HEREBY CERTIFIED that surety is filing this protest on its own behalf, and is not collusively filing to extend any other authorized person's time to protest.

(Attach Additional Sheets if necessary.)  (Please Turn To Page Two)

### SECTION III - REQUEST FOR DISPOSITION IN ACCORDANCE WITH ACTION ON PREVIOUSLY FILED PROTEST

Protesting party may request disposition in accordance with the action taken on a previously filed protest that is the subject of a pending application for further review and is alleged to involve the same merchandise and the same issues. (See 19 CFR 174.13(a)(7).) To request such disposition, enter in Blocks 8 and 9 the protest number and date of receipt of such previously filed protest.

| 9. PROTEST NO. OF PREVIOUSLY FILED PROTEST | 10. DATE OF RECEIPT |
|---|---|
| | |

### SECTION IV - SIGNATURE AND MAILING INSTRUCTIONS

| 11. NAME AND ADDRESS OF PERSON TO WHOM ANY NOTICE OF APPROVAL OR DENIAL SHOULD BE SENT | 12. NAME, ADDRESS, AND CBP IDENTIFICATION NUMBER TO WHICH REFUND SHOULD BE SENT | 13. IF FILING AS ATTORNEY OR AGENT, TYPE OR PRINT YOUR NAME, ADDRESS AND IMPORTER NUMBER, IF ANY |
|---|---|---|
| Sandler, Travis & Rosenberg, P.A. 505 Sansome Street, Suite 1475 San Francisco, CA 94111 (415) 986-1088 | Same As Box 12 T. Randolph Ferguson 14. SIGNATURE X | Imp.# [REDACTED] Sandler, Travis & Rosenberg, P.A. 505 Sansome Street, Suite 1475 San Francisco, CA 94111 DATE March 30, 2015 |

### (Optional) SECTION V - APPLICATION FOR FURTHER REVIEW (Fill in Item 1 above if this is a separate Application for Further Review.)

15. MARK BOX CORRESPONDING TO YOUR ANSWER TO EACH OF THE FOLLOWING QUESTIONS

YES NO
☐ ☐ (A) Have you made prior request of a port director for a further review of the same claim with respect to the same substantially similar merchandise?

☐ ☐ (B) Have you received a final adverse decision from the U.S. Court of International Trade on the same claim with respect to the same category of merchandise or do you have action involving such a claim pending before the U.S. Court of International Trade?

☐ ☐ (C) Have you previously received an adverse administrative decision from the Commissioner of CBP or his designee or have you presently pending an application for an administrative decision on the same claim with respect to the same category of merchandise?

16. JUSTIFICATION FOR FURTHER REVIEW UNDER THE CRITERIA IN 19 CFR 174.24 AND 174.25 (Include Applicable Rulings)

(Attach Additional Sheets If Necessary.)

### SECTION VI - DECISION (CBP USE ONLY)

17. APPLICATION FOR FURTHER REVIEW EXPLANATION:
☐ Approved*  ☐ Denied for the reason checked:  ☐ Untimely filed  ☐ Does not meet criteria  ☐ Other, namely

*When further review only is approved the decision on the protest is suspended, pending issuance of a protest review decision.

18. PROTEST EXPLANATION:
☐ Approved  ☐ Rejected as non-protestable  ☑ Denied in full for the reason checked:  ☐ Denied in part for the reason checked:  ☐ Untimely filed  ☐ See attached protest review decision  ☑ Other, namely

The surety is liable for debts not paid by the importer pursuant to 19 CFR 113.

19. TITLE OF CBP OFFICER
SIS

20. SIGNATURE AND DATE
[signature]  MAY 15 2015

Previous Editions are Obsolete

CBP Form 19 (12/95)

Surety: Aegis Security Insurance Company
Principal/ Importer: Linyi Sanshan Import & Export Co.
Importer Number: ▮▮▮▮▮▮▮▮

MAR 3 1 2015
HOUSTON
SERVICE PORT

IT IS HEREBY CERTIFIED that surety is filing this protest on its own behalf, and is not filing to extend any other authorized person's time to protest.

### I. THIS PROTEST IS TIMELY FILED:

For entries made after December 18, 2004, surety has 180 days to file a protest from the *date of mailing* the Formal Demand pursuant to Section 514 of the Tariff Act of 1930, U.S.C. § 1514(c)(3), which provides:

> "A protest by surety...may be filed within 180 days from the date of *mailing* notice of demand for payment against its bond."

The computer generated Formal Demand (CF 612, attached) was not made or sent to surety prior to the original *Run Date* set out on the CF 612, January 1, 2015. Therefore, this protest is timely filed.

### II. SURETY'S PROTEST

Surety herein protests attempt to manually liquidate the entries covered by this protest which were each deemed liquidated more than six years prior to the attempted/purported liquidation on October 3, 2014.

### III. SURETY'S CLAIM

Surety claims that the entries liquidated by operation of law six months following the Notice of Final Results and Partial Rescission of Antidumping Duty Administrative Review and Final Results of New Shipper Review, 71 FR 26329, dated May 4, 2006. The entries liquidated by operation of law six months thereafter, on November 4, 2006. The entries, having been deemed liquidated on November 4, 2006, were subject to collection within the six-year statute of limitations set forth at 28 U.S.C. 2515(a), which bars the United States from bringing an action for money damages founded upon a contract unless it files a complaint within six years after the right of action accrues.

The surety is informed and believes that Customs based its manual liquidation on Message Number 4195304, dated July 14, 2014. However, surety bases this protest upon the same Message 4195304 dated July 14, 2014, insofar as Paragraph 2 thereof specifically provides *"Notice of the lifting of the suspension of liquidation of entries of subject merchandise covered by Paragraph 1 occurred with the publication of the Notice of Final Results and Partial Rescission of Antidumping Duty Administrative Review and Final Results of the New Shipper Review (71 FR 26329, 05/04/2006)"*. Therein rests the statement of the initiation of the surety's claim for deemed liquidation in November 2006, and, also, its claim for the running of the statute of limitations on November 6, 2012.

Message Number 4195304, date July 14, 2014, specifically covers the Period of Review November 1, 2003 through October 31, 2004. The entries covered by this protest were all made after November 1, 2003, specifically during the period January 28, 2004 through February 11,

Surety: Aegis Security Insurance Company
Principal/ Importer: Linyi Sanshan Import & Export Co.
Importer Number: ■■■■■■■■

2004. The subject message specifically covers ■■■■■■■■■■■■■■■■■■■■■■■■■ ■■■ Case Number 570-831■■■. All of the entries of merchandise imported by Garlic King under the entries covered by this protest were produced and exported from China by ■■■ ■■■■■■■■■■■■■■■■■■■■■■.

On the basis of the foregoing, it is respectfully submitted that the entries liquidated by operation of law, not through any error on the part of Customs insofar as Customs was waiting for the Liquidation Instructions to be issued by the Department of Commerce, but solely as a result of the Department of Commerce ITA's own delay of more than six years in issuing liquidation instructions. For that reason, surety respectfully requests that this protest be approved and the underlying bills cancelled.

*Interest:*

In addition, surety protests any assessment of interest added as a result of the liquidation decision under protest herein. Surety claims that any interest assessed should be remitted in full upon re-liquidation of the entries under protest.

TRF/kf
Attachments
S:\MAINFILES\Linyi Sanshan\protest.file II.033015.docx


### 4195304

| | |
|---|---|
| Message No: 4195304 | Message Date: 07/14/2014 |
| Message Status: Active | Category: Antidumping |
| Type: LIQ-Liquidation | Public: Y |

Sub-Type: PARRES-Partial Rescission

FR Cite: 71 FR 26329   FR Cite Date: 05/04/2006

Reference Message #(s):

Case #(s): A-570-831

Effective Date: 05/04/2006   Court Case #:

Period of Review: 11/01/2003 to 10/31/2004

Period Covered:

Lifting of Suspension Date: 05/04/2006

TO:   { Directors Of Field Operations, Port Directors }

FROM:   { Director AD/CVD & Revenue Policy & Programs }

RE:   Rescission, in part, of administrative review of antidumping duty order on fresh garlic from the People's Republic of China (A-570-831)

1. Commerce has rescinded the administrative review of the antidumping duty order on fresh garlic from The People's Republic of China (PRC) (A-570-831) covering the period 11/01/2003 through 10/31/2004 in part with respect to the firms listed below. You are to assess antidumping duties on this merchandise entered, or withdrawn from warehouse, for consumption during the period 11/01/2003 through 10/31/2004 at the cash deposit or bonding rate required at the time of entry.

Liquidate all entries for the following firms:

Company: Xiangcheng Yisheng Foodstuffs Co., (also known as Xiangcheng Yisheng Foodstuffs Co., Ltd.) (Entries may have come in under case number A-570-831-007)

Company: Shanghai Ever Rich Trade Company
Case number: A-570-831-012

Company: Linyi Sanshan Import & Export Trading Co., Ltd.
Case number: A-570-831-014

Company: Tancheng County Dexing Foods Co., Ltd. (this company name was inadvertently mis-spelled in the Federal Register notice as "Tacheng County Dexing Foods Co., Ltd."
Case number: A-570-831-016

Company: Shandong Jining Jishan Textile Co., Ltd.
Case number: A-570-831-020

For the companies listed above entries may have also entered under A-570-831-000.

2. Notice of the lifting of suspension of liquidation of entries of subject merchandise covered by paragraph 1 occurred with the publication of the notice of final results and partial rescission of antidumping duty administrative review and final results of new shipper reviews (71 FR 26329, 05/04/2006). Unless instructed otherwise, for all other shipments of fresh garlic from the PRC you shall continue to collect cash deposits of estimated antidumping duties for the merchandise at the current rates.

3. There are no injunctions applicable to the entries covered by this instruction.

4. The assessment of antidumping duties by CBP on shipments or entries of this merchandise is subject to the provisions of section 778 of the Tariff Act of 1930, as amended. Section 778 requires that CBP pay interest on overpayments or assess interest on underpayments of the required amounts deposited as estimated antidumping duties. The interest provisions are not applicable to cash or bonds posted as estimated antidumping duties before the date of publication of the antidumping duty order. Interest shall be calculated from the date payment of estimated antidumping duties is required through the date of liquidation. The rate at which such interest is payable is the rate in effect under section 6621 of the Internal Revenue Code of 1954 for such period.

5. Upon assessment of antidumping duties, CBP shall require that the importer provide a reimbursement statement, as described in section 351.402 (f)(2) of Commerce's regulations. The importer should provide the reimbursement statement prior to liquidation of the entry. If the importer certifies that it has an agreement with the producer, seller, or exporter, to be reimbursed antidumping duties, CBP shall double the antidumping duties in accordance with the above-referenced regulation. Additionally, if the importer does not provide the reimbursement statement prior to liquidation, reimbursement shall be presumed and CBP shall double the antidumping duties due. If an importer timely files a protest challenging the presumption of reimbursement and doubling of duties, consistent with CBP's protest process, CBP may accept the reimbursement statement filed with the protest to rebut the presumption of reimbursement.

6. If there are any questions by the importing public regarding this message, please contact the Call Center for the Office of AD/CVD Operations, Enforcement and Compliance, International Trade Administration, U.S. Department of Commerce at (202) 482-0984. CBP ports should submit their inquiries through authorized CBP channels only. (This message was generated by CLU:WJF.)

7. There are no restrictions on the release of this information.



EXHIBIT A

Michael B. Walsh

Accessibility (http://www.cbp.gov/site-policy-notices/accessibility/)          DHS.gov (http://www.dhs.gov/)

CONFIDENTIAL INORMATION HAS BEEN REDACTED

```
1                                                                                    FICHE INDEX: 032
  ACSR-CL-612                     U.S. CUSTOMS AND BORDER PROTECTION                 RUN DATE: 01/01/15
                                    AUTOMATED COMMERCIAL SYSTEM                      RUN TIME: 21:37:48
                                                                                     SURETY PAGE:  00100
                                        FORMAL DEMAND ON SURETY
                                  FOR PAYMENT OF DELINQUENT AMOUNTS DUE
                           ALL BILLS OTHER THAN FINE, PENALTY AND LIQUIDATED DAMAGE BILLS
                                            DECEMBER  2014
0           SURETY                   SURETY NUMBER        DELINQUENT DEBTOR         IMPORTER NUMBER    BANKRUPT
0    AEGIS SECURITY INSURANCE COMPANY     032         LINYI SANSHAN IMPORT & EXPORT CO
     PO BOX 3153                                      16 ZHONGXING NORTH ROAD
     HARRISBURG         PA 17105                      SHANDONG
                                                      CHINA(MAINLAND)         FN

0 BILL         BILLING      DOCUMENT                   BILL                                          AGE CATEGORY
  NUMBER  BOND NUMBER  LOCATION    DATE    ENTRY NUMBER   DATE    AMOUNT DUE  PRINCIPAL AMT  INTEREST AMT  60 90 120 OVR
```

| BILL NUMBER | BOND NUMBER | BILLING LOCATION | DOCUMENT DATE | ENTRY NUMBER | BILL DATE | AMOUNT DUE | PRINCIPAL AMT | INTEREST AMT | AGE CATEGORY |
|---|---|---|---|---|---|---|---|---|---|
| ~~46742524~~ | ~~460273903~~ | ~~MIAMI, FL~~ | ~~01/16/04~~ | ~~JN703318574~~ | ~~10/03/14~~ | ~~230536.58~~ | ~~229402.54~~ | ~~1134.04~~ | ~~X~~ |
| ~~46742525~~ | ~~460273903~~ | ~~MIAMI, FL~~ | ~~01/16/04~~ | ~~JN703318582~~ | ~~10/03/14~~ | ~~230536.58~~ | ~~229402.54~~ | ~~1134.04~~ | ~~X~~ |
| ~~46742526~~ | ~~460273903~~ | ~~MIAMI, FL~~ | ~~01/16/04~~ | ~~JN703318541~~ | ~~10/03/14~~ | ~~230536.58~~ | ~~229402.54~~ | ~~1134.04~~ | ~~X~~ |
| ~~46742527~~ | ~~460273903~~ | ~~MIAMI, FL~~ | ~~02/16/04~~ | ~~JN703318566~~ | ~~10/03/14~~ | ~~230536.58~~ | ~~229402.54~~ | ~~1134.04~~ | ~~X~~ |
| ~~46742528~~ | ~~460273903~~ | ~~MIAMI, FL~~ | ~~01/23/04~~ | ~~JN703318661~~ | ~~10/03/14~~ | ~~230536.58~~ | ~~229402.54~~ | ~~1134.04~~ | ~~X~~ |
| ~~46742529~~ | ~~460273903~~ | ~~MIAMI, FL~~ | ~~01/16/04~~ | ~~JN703318558~~ | ~~10/03/14~~ | ~~230536.58~~ | ~~229402.54~~ | ~~1134.04~~ | ~~X~~ |
| ~~46742530~~ | ~~460273903~~ | ~~MIAMI, FL~~ | ~~01/16/04~~ | ~~JN703318533~~ | ~~10/03/14~~ | ~~230536.58~~ | ~~229402.54~~ | ~~1134.04~~ | ~~X~~ |
| ~~46742531~~ | ~~460273903~~ | ~~MIAMI, FL~~ | ~~01/16/04~~ | ~~JN703318590~~ | ~~10/03/14~~ | ~~230536.58~~ | ~~229402.54~~ | ~~1134.04~~ | ~~X~~ |
| 46763694 | 460273903 | HOUSTON, TX | 02/11/04 | H0202152684 | 10/31/14 | 128379.79 | 127748.27 | 631.52 | X |
| 46763695 | 460273903 | HOUSTON, TX | 01/28/04 | H0202152544 | 10/31/14 | 128707.87 | 128074.74 | 633.13 | X |
| | NUMBER OF BILLS - | 10 | | IMPORTER TOTALS | | 2101380.30 | 2091043.33 | 10336.97 | |



**SCHEDULE A**

CONFIDENTIAL INORMATION HAS BEEN REDACTED

ORIGINAL

DEPARTMENT OF HOMELAND SECURITY
U.S. Customs and Border Protection
**PROTEST**
Pursuant to Sections 514 & 514(a), Tariff Act of 1930 as amended, 19 CFR Part 174 et. seq.

NOTE: If your protest is denied, in whole or in part, and you wish to CONTEST the denial, you may do so by bringing a civil action in the U.S. Court of International Trade within 180 days after the date of mailing of Notice of Denial. You may obtain further information concerning the institution of an action by writing the Clerk of U.S. Court of International Trade, One Federal Plaza, New York NY 10007 (212-264-2800).

1. PROTEST NO. (Supplied by CBP)
5201-15-100159

2. DATE RECEIVED (CBP Use Only)
4/07/2015

## SECTION I - IMPORTER AND ENTRY IDENTIFICATION

| 3. PORT | 4. IMPORTER NO. | 5. ENTRY DETAILS | | | | | |
|---|---|---|---|---|---|---|---|
| Miami, FL | (Sur[redacted]) | PORT CODE | FILER CODE | ENTRY NO. | CHBOK DIGIT | DATE OF ENTRY | DATE OF LIQUIDATION |
| | | 52-01 | | JN7-0331857-4 | | 1-16-04 | 10-03-14 |

6. NAME AND ADDRESS OF IMPORTER OR OTHER PROTESTING PARTY
Aegis Security Insurance Company (032)
c/o Avalon Risk Management
150 Northwest Point Blvd, 4th FL
Elk Grove Village, IL 60007

(Please See Attached Schedule A For Eight (8) Entries Covered By This Protest.)
Date of Demand: 1-01-15

7. Is Accelarated Disposition being requested (19 CFR 174.22)?
☐ Yes ☐ No

## SECTION II - DETAILED REASONS FOR PROTEST

8. With respect to each category of merchandise, set forth, separately, (1) each decision protested, (2) the claim of the protesting party, and (3) the factual material and legal arguments which are believed to support the protest. All such material and arguments should be specific. General statements of conclusions are not sufficient.
SPECIAL NOTE: This protest is filed by surety pursuant to Section 514(c)(2) of the Tariff Act of 1930, as amended 19 U.S.C. Section 1514(c)(3). The United States has made its first Formal Demand on Surety for payment of the subject liquidated duties. The importer/principal, LINYI SANSHAN IMPORT & EXPORT CO., has consistently refused to pay said liquidated duties, giving rise to surety's unsatisfied claim under its bond. IT IS HEREBY CERTIFIED that surety is filing this protest on its own behalf, and is not collusively filing to extend any other authorized person's time to protest.

(Attach Additional Sheets if necessary.)   (Please Turn To Page Two)

## SECTION III - REQUEST FOR DISPOSITION IN ACCORDANCE WITH ACTION ON PREVIOUSLY FILED PROTEST

Protesting party may request disposition in accordance with the action taken on a previously filed protest that is the subject of a pending application for further review and is alleged to involve the same merchandise and the same issues. (See 19 CFR 174.15(a)(7).) To request such disposition, enter in Blocks 8 and 9 the protest number and date of receipt of such previously filed protest.

9. PROTEST NO. OF PREVIOUSLY FILED PROTEST

10. DATE OF RECEIPT

## SECTION IV - SIGNATURE AND MAILING INSTRUCTIONS

| 11. NAME AND ADDRESS OF PERSON TO WHOM ANY NOTICE OF APPROVAL OR DENIAL SHOULD BE SENT | 12. NAME, ADDRESS, AND CBP IDENTIFICATION NUMBER TO WHICH REFUND SHOULD BE SENT | 13. IF FILING AS ATTORNEY OR AGENT, TYPE OR PRINT YOUR NAME, ADDRESS AND IMPORTER NUMBER, IF ANY |
|---|---|---|
| Sandler, Travis & Rosenberg, P.A.<br>505 Sansome Street, Suite 1475<br>San Francisco, CA 94111<br>(415) 986-1088 | Same As Box 12 | Imp.# [redacted]<br>Sandler, Travis & Rosenberg, P.A.<br>505 Sansome Street, Suite 1475<br>San Francisco, CA 94111 |
| | 14. SIGNATURE  T. Randolph Ferguson | DATE  March 30, 2015 |

(Optional) SECTION V - APPLICATION FOR FURTHER REVIEW (Fill in item 1 above if this is a separate Application for Further Review.)

15. MARK BOX CORRESPONDING TO YOUR ANSWER TO EACH OF THE FOLLOWING QUESTIONS

YES NO
☐ ☐ (A) Have you made prior request of a port director for a further review of the same claim with respect to the same substantially similar merchandise?
☐ ☐ (B) Have you received a final adverse decision from the U.S. Court of International Trade on the same claim with respect to the same category of merchandise or do you have action involving such a claim pending before the U.S. Court of International Trade?
☐ ☐ (C) Have you previously received an adverse administrative decision from the Commissioner of CBP or his designee or have you presently pending an application for an administrative decision on the same claim with respect to the same category of merchandise?

16. JUSTIFICATION FOR FURTHER REVIEW UNDER THE CRITERIA IN 19 CFR 174.24 AND 174.25 (Include Applicable Rulings)

(Attach Additional Sheets if Necessary.)

## SECTION VI - DECISION (CBP USE ONLY)

17. APPLICATION FOR FURTHER REVIEW ☐ Approved* ☐ Denied for the reason checked: ☐ Untimely filed ☐ Does not meet criteria ☐ Other, namely
EXPLANATION:

*When further review only is approved the decision on the protest is suspended, pending issuance of a protest review decision.

18. PROTEST ☐ Approved ☐ Rejected as non-protestable ☐ Denied in full for the reason checked: ☐ Denied in part for the reason checked: ☐ Untimely filed ☐ See attached protest review decision ☐ Other, namely
EXPLANATION:

19. TITLE OF CBP OFFICER

20. SIGNATURE AND DATE

Previous Editions are Obsolete                                                                                      CBP Form 19 (12/95)

Surety: Aegis Security Insurance Company
Principal/ Importer: Linyi Sanshan Import & Export Co.
Importer Number: ███████

IT IS HEREBY CERTIFIED that surety is filing this protest on its own behalf, and is not filing to extend any other authorized person's time to protest.

### I. THIS PROTEST IS TIMELY FILED:

For entries made after December 18, 2004, surety has 180 days to file a protest from the *date of mailing* the Formal Demand pursuant to Section 514 of the Tariff Act of 1930, U.S.C. § 1514(c)(3), which provides:

> "A protest by surety...may be filed within 180 days from the date of *mailing* notice of demand for payment against its bond."

The computer generated Formal Demand (CF 612, attached) was not made or sent to surety prior to the original *Run Date* set out on the CF 612, January 1, 2015. Therefore, this protest is timely filed.

### II. SURETY'S PROTEST

Surety herein protests attempt to manually liquidate the entries covered by this protest which were each deemed liquidated more than six years prior to the attempted/purported liquidation on October 3, 2014.

### III. SURETY'S CLAIM

Surety claims that the entries liquidated by operation of law six months following the Notice of Final Results and Partial Rescission of Antidumping Duty Administrative Review and Final Results of New Shipper Review, 71 FR 26329, dated May 4, 2006. The entries liquidated by operation of law six months thereafter, on November 4, 2006. The entries, having been deemed liquidated on November 4, 2006, were subject to collection within the six-year statute of limitations set forth at 28 U.S.C. 2515(a), which bars the United States from bringing an action for money damages founded upon a contract unless it files a complaint within six years after the right of action accrues.

The surety is informed and believes that Customs based its manual liquidation on Message Number 4195304, dated July 14, 2014. However, surety bases this protest upon the same Message 4195304 dated July 14, 2014, insofar as Paragraph 2 thereof specifically provides *"Notice of the lifting of the suspension of liquidation of entries of subject merchandise covered by Paragraph 1 occurred with the publication of the Notice of Final Results and Partial Rescission of Antidumping Duty Administrative Review and Final Results of the New Shipper Review (71 FR 26329, 05/04/2006)"*. Therein rests the statement of the initiation of the surety's claim for deemed liquidation in November 2006, and, also, its claim for the running of the statute of limitations on November 6, 2012.

Message Number 4195304, date July 14, 2014, specifically covers the Period of Review November 1, 2003 through October 31, 2004. The entries covered by this protest were all made after November 1, 2003, specifically during the period January 16, 2004 through January 23,

CONFIDENTIAL INORMATION HAS BEEN REDACTED

Surety: Aegis Security Insurance Company
Principal/ Importer: Linyi Sanshan Import & Export Co.
Importer Number: ███

2004. The subject message specifically covers ███ ███, Case Number 570-831-███. All of the entries of merchandise imported by Garlic King under the entries covered by this protest were produced and exported from China by ███ ███.

On the basis of the foregoing, it is respectfully submitted that the entries liquidated by operation of law, not through any error on the part of Customs insofar as Customs was waiting for the Liquidation Instructions to be issued by the Department of Commerce, but solely as a result of the Department of Commerce ITA's own delay of more than six years in issuing liquidation instructions. For that reason, surety respectfully requests that this protest be approved and the underlying bills cancelled.

*Interest:*

In addition, surety protests any assessment of interest added as a result of the liquidation decision under protest herein. Surety claims that any interest assessed should be remitted in full upon re-liquidation of the entries under protest.

TRF/kf
Attachments
S:\MAINFILES\Linyi Sanshan\protest.033015.docx



**U.S. Customs and Border Protection**
*Securing America's Borders*

(http://www.cbp.gov/)

4195304

| | |
|---|---|
| Message No: 4195304 | Message Date: 07/14/2014 |
| Message Status: Active | Category: Antidumping |
| Type: LIQ-Liquidation | Public: Y |

Sub-Type: PARRES-Partial Rescission

FR Cite: 71 FR 26329          FR Cite Date: 05/04/2006

Reference Message #(s):

Case #(s): A-570-831

Effective Date: 05/04/2006     Court Case #:

Period of Review: 11/01/2003 to 10/31/2004

Period Covered:

Lifting of Suspension Date: 05/04/2006

TO:   { Directors Of Field Operations, Port Directors }

FROM: { Director AD/CVD & Revenue Policy & Programs }

RE:   Rescission, in part, of administrative review of antidumping duty order on fresh garlic from the People's Republic of China (A-570-831)

1. Commerce has rescinded the administrative review of the antidumping duty order on fresh garlic from The People's Republic of China (PRC) (A-570-831) covering the period 11/01/2003 through 10/31/2004 in part with respect to the firms listed below. You are to assess antidumping duties on this merchandise entered, or withdrawn from warehouse, for consumption during the period 11/01/2003 through 10/31/2004 at the cash deposit or bonding rate required at the time of entry.

Liquidate all entries for the following firms:

Company: Xiangcheng Yisheng Foodstuffs Co., (also known as Xiangcheng Yisheng Foodstuffs Co., Ltd.) (Entries may have come in under case number A-570-831-007)

Company: Shanghai Ever Rich Trade Company
Case number: A-570-831-012

Company: Linyi Sanshan Import & Export Trading Co., Ltd.
Case number: A-570-831-014

Company: Tancheng County Doxing Foods Co., Ltd. (this company name was inadvertently mis-spelled in the Federal Register notice as "Taohing County Dexing Foods Co., Ltd."
Case number: A-570-831-016

Company: Shandong Jining Jishan Textile Co., Ltd.
Case number: A-570-831-020

For the companies listed above entries may have also entered under A-570-831-000.

2. Notice of the lifting of suspension of liquidation of entries of subject merchandise covered by paragraph 1 occurred with the publication of the notice of final results and partial rescission of antidumping duty administrative review and final results of new shipper reviews (71 FR 26329, 05/04/2006). Unless instructed otherwise, for all other shipments of fresh garlic from the PRC you shall continue to collect cash deposits of estimated antidumping duties for the merchandise at the current rates.

3. There are no injunctions applicable to the entries covered by this instruction.

4. The assessment of antidumping duties by CBP on shipments or entries of this merchandise is subject to the provisions of section 778 of the Tariff Act of 1930, as amended. Section 778 requires that CBP pay interest on overpayments or assess interest on underpayments of the required amounts deposited as estimated antidumping duties. The interest provisions are not applicable to cash or bonds posted as estimated antidumping duties before the date of publication of the antidumping duty order. Interest shall be calculated from the date payment of estimated antidumping duties is required through the date of liquidation. The rate at which such interest is payable is the rate in effect under section 6621 of the Internal Revenue Code of 1954 for such period.

5. Upon assessment of antidumping duties, CBP shall require that the importer provide a reimbursement statement, as described in section 351.402 (f)(2) of Commerce's regulations. The importer should provide the reimbursement statement prior to liquidation of the entry. If the importer certifies that it has an agreement with the producer, seller, or exporter, to be reimbursed antidumping duties, CBP shall double the antidumping duties in accordance with the above-referenced regulation. Additionally, if the importer does not provide the reimbursement statement prior to liquidation, reimbursement shall be presumed and CBP shall double the antidumping duties due. If an importer timely files a protest challenging the presumption of reimbursement and doubling of duties, consistent with CBP's protest process, CBP may accept the reimbursement statement filed with the protest to rebut the presumption of reimbursement.

6. If there are any questions by the importing public regarding this message, please contact the Call Center for the Office of AD/CVD Operations, Enforcement and Compliance, International Trade Administration, U.S. Department of Commerce at (202) 482-0984. CBP ports should submit their inquiries through authorized CBP channels only. (This message was generated by CLU:WJF.)

7. There are no restrictions on the release of this information.



**EXHIBIT A**

http://adcvd.cbp.dhs.gov/adcvdweb/ad_cvd_msgs/███/print                                            3/25/2015

Michael B. Walsh

Accessibility (http://www.cbp.gov/site-policy-notices/accessibility/)    DHS.gov (http://www.dhs.gov)

CONFIDENTIAL INORMATION HAS BEEN REDACTED

```
1
  RCSR-CL-612                              U.S. CUSTOMS AND BORDER PROTECTION              FICHE INDEX: 032
                                              AUTOMATED COMMERCIAL SYSTEM                   RUN DATE: 01/01/15
                                                                                            RUN TIME: 21:37:48
                                                                                          SURETY PAGE:   00100
                                                    FORMAL DEMAND ON SURETY
                                              FOR PAYMENT OF DELINQUENT AMOUNTS DUE
                                   ALL BILLS OTHER THAN FINE, PENALTY AND LIQUIDATED DAMAGE BILLS
                                                        DECEMBER  2014
0            SURETY                 SURETY NUMBER          DELINQUENT DEBTOR            IMPORTER NUMBER    BANKRUPT
0   AEGIS SECURITY INSURANCE COMPANY      032         LINYI SANSHAN IMPORT & EXPORT CO
    PO BOX 3153                                       16 ZHONGXING NORTH ROAD
    HARRISBURG            PA 17105                    SHANDONG
                                                      CHINA(MAINLAND)         FN

0 BILL                 BILLING       DOCUMENT                    BILL                                           AGE CATEGORY
  NUMBER  BOND NUMBER  LOCATION      DATE     ENTRY NUMBER       DATE      AMOUNT DUE  PRINCIPAL AMT INTEREST AMT 60 90 120 OVR

  46742524  460273903  MIAMI, FL    01/16/04  JN703318574      10/03/14     230536.58    229402.54      1134.04    X
  46742525  460273903  MIAMI, FL    01/16/04  JN703318582      10/03/14     230536.58    229402.54      1134.04    X
  46742526  460273903  MIAMI, FL    01/16/04  JN703318541      10/03/14     230536.58    229402.54      1134.04    X
  46742527  460273903  MIAMI, FL    01/16/04  JN703318566      10/03/14     230536.58    229402.54      1134.04    X
  46742528  460273903  MIAMI, FL    01/23/04  JN703318681      10/03/14     230536.58    229402.54      1134.04    X
  46742529  460273903  MIAMI, FL    01/16/04  JN703318558      10/03/14     230536.58    229402.54      1134.04    X
  46742530  460273903  MIAMI, FL    01/16/04  JN703318533      10/03/14     230536.58    229402.54      1134.04    X
  46742531  460273903  MIAMI, FL    01/16/04  JN703318590      10/03/14     230536.58    229402.54      1134.04    X

                   NUMBER OF BILLS -   10        IMPORTER  TOTALS          2101380.30   2091043.33     10336.97
```

SCHEDULE A