UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE: THE HON. STEPHEN ALEXANDER VADEN, JUDGE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>AEGIS SECURITY INSURANCE COMPANY,<br><br>Defendant. | Court No. 20-03628 |

**ORDER**

Upon consideration of Plaintiff's motion pursuant to Rule 56(d) of the Rules of the United States Court of International Trade to defer consideration of the parties' competing motions for summary judgment and to allow Plaintiff to take discovery, and Defendant's opposition thereto, it is hereby

**ORDERED** that Plaintiff's motion is denied; and it is further

**ORDERED** that this matter will be submitted for decision on the parties' respective motions for summary judgment.

_____
Stephen Alexander Vaden, Judge

Dated: _____, 2021
New York, New York

UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE: THE HON. STEPHEN ALEXANDER VADEN, JUDGE

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>AEGIS SECURITY INSURANCE COMPANY,<br><br>    Defendant. | )<br>)<br>)<br>)<br>) Court No. 20-03628<br>)<br>) **PUBLIC VERSION**<br>)<br>)<br>)<br>) |

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S
MOTION PURSUANT TO USCIT RULE 56(d)**

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................ ii

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION PURSUANT
    TO USCIT RULE 56(d) ............................................................................................. 1

I.      BACKGROUND ............................................................................................... 2

II.     LEGAL STANDARD ....................................................................................... 4

III.    ARGUMENT .................................................................................................... 4

        A.     Plaintiff Seeks Discovery Without Meeting The Rule 56(d) Standard
              For Specificity And Without Regard For The Rule 26(f) Limitations
              On Scope ................................................................................................ 4

        B.     Discovery Is Unnecessary On The Issues Of When The Importer/Bond
              Principal Exited The U.S. Market And When Defendant's Reinsurer
              Went Insolvent ....................................................................................... 5

        C.     Discovery Is Unnecessary Into Defendant's Predictive Judgements
              About Likely Future Harm .................................................................... 7

IV.    CONCLUSION ................................................................................................. 9

# TABLE OF AUTHORITIES

**Cases**

*Hartford Fire Ins. Co. v. United States*,
   254 F. Supp. 3d 1333 (Ct. Int'l Trade 2017) ................................................................. 8

*In re: Lincoln Gen. Ins. Co. in Liquidation,*
   No. 1 LIN 2015 (Pa. Commw. Ct. Nov. 5, 2015) .......................................................... 1

*Krim BancTexas Grp., Inc.*,
   989 F.2d 1435 (5th Cir. 1993) .................................................................................. 1, 4

*SEC v. Spence & Green Chem. Co.*,
   612 F.2d 896 (5th Cir. 1980) ....................................................................................... 4

*United States v. Am. Home Assurance Co.*,
   151 F. Supp. 3d 1328 (Ct. Int'l Trade 2015) ................................................................ 8

**Statutes & Rules**

N.Y. Ins. § 1303 ................................................................................................................ 8

N.Y. Ins. § 2304(a) ........................................................................................................... 7

N.Y. Ins. § 307(b)(1) ........................................................................................................ 8

USCIT R. 26(b)(1) ........................................................................................................... 4

## DEFENDANT'S OPPOSITION TO PLAINTIFF'S
## MOTION PURSUANT TO USCIT RULE 56(d)

Defendant opposes Plaintiff's motion for leave to conduct discovery and for a stay of the briefing schedule on three grounds.  First, Plaintiff has failed to make the particularized showing "with some precision [as to] the materials it hope[s] to obtain with further discovery, and exactly how it expect[s] those materials would help it in opposing summary judgment." Pl. R. 56(d) Mot. at 3 (Dkt. 56 (10/06/21)) (quoting *Krim BancTexas Grp., Inc.*, 989 F.2d 1435, 1443 (5th Cir. 1993)).  This showing is especially important here, as Plaintiff seeks discovery of "defendant's … newly asserted affirmative defenses [of laches and impairment of suretyship]" without any corresponding limits on the volume or scope of the requested discovery.  Pl. R. 56(d) Mot. at 1.

Second, much of the information relevant to Defendant's affirmative defenses is either available through Plaintiff's own records or is available in the public domain.  For example, the information concerning the history and status of the importer/bond principal sought to be "discovered" is already known to the Plaintiff.  Indeed, Plaintiff's own records are available to show when the importer/bond principal exited the U.S. market and stopped importing merchandise into the United States such that Defendant's subrogation rights have been compromised.  Similarly, publicly available records can be accessed by Plaintiff to determine when Defendant's reinsurer went insolvent.  Specifically, the Commonwealth of Pennsylvania's November 5, 2015 Order of Liquidation with respect to Defendant's reinsurer, Lincoln General Insurance Company ("LGIC"), is available on the Pennsylvania Insurance Department's website.[1]  Finally, the New York insurance statutes, regulations, and rules that have been

---

[1] *In re: Lincoln Gen. Ins. Co. in Liquidation,* No. 1 LIN 2015 (Pa. Commw. Ct. Nov. 5, 2015), *available at,* https://www.insurance.pa.gov/Regulations/LiquidationRehab/Documents/

identified by Defendant in the declarations submitted in support of Defendant's motion for summary judgment are equally available to Plaintiff for its review as they are to Defendant. Even a cursory review by Plaintiff of the mechanical operation of these statutes, rules, and regulations will support the predictions of future harm set forth in the Declarations. Accordingly, no further discovery is required on these points.

Third, certain other points identified by Plaintiff as requiring discovery can be determined by an examination of a few simple documents, which are being supplied with this opposition. For example, **Exhibit 4,** attached hereto, is Defendant's reinsurance contract with Lincoln General Insurance Company ("LGIC"), which governs Defendant's reinsurance rights.[2]

In sum, it is respectfully submitted that formal discovery is not necessary at this time. Nevertheless, if the Court believes it necessary to accord Plaintiff some relief under Rule 56(d) so that it can adduce evidence to controvert Defendant's Declarations, the Court should limit that relief to allow Plaintiff to present its own declaration or affidavits. The Court should not allow free-ranging depositions of Defendant for the purpose of trying to generate factual disputes.

## I.   BACKGROUND

As stated in Plaintiff's motion, Plaintiff commenced this collection action to recover on a continuous importation bond issued by Defendant to secure duty liability for entries made by Linyi Sanshan Import & Export Company (the "importer" or "bond principal"). Complaint ¶¶ 1, 2 (Dkt. 8 (10/06/20)). Defendant moved for judgment on the pleadings based on the statute of limitations, among other things, and Plaintiff filed a motion for summary judgment on the same

---

LINCOLN_GENERAL_NOV_6_2015_ORDER_OF_LIQUIDATION.pdf. For the sake of convenience, Defendant also attaches hereto as **Exhibit 3** the Commonwealth of Pennsylvania's Order of Liquidation.

[2] Exhibits 1 and 2 are the original exhibits to Defendant's motion for summary judgment.

2

basis. Def. MJP at 2 (Dkt. 10 (11/25/20)); Pl. MSJ at 10 (Dkt. 20 (02/11/21)). During the hearing on these dispositive motions, Defendant moved to amend its answer to include the affirmative defenses of laches and impairment of suretyship with the understanding that these affirmative defenses would be decided based on the presentation of declarations, supplemental briefing, and supplemental argument. July 16, 2021 Hearing Tr. at 17-20 (Dkt. 49 (08/04/21)). The Court granted Defendant's motion and set a schedule for amending the complaint and further briefing. Neither the Court nor the parties discussed discovery during the hearing.

Defendant filed its amended answer on July 23, 2021 and its supplemental motion for summary judgement on September 14, 2021. First Amended Answer (Dkt. 48 (07/23/21)); Def. MSJ (Dkt. 55 (09/16/21)). Consistent with its understanding, Defendant included two declarations in support of its motion: the Declaration of James Zuhlke, Executive Chairman of Avalon Risk Management Insurance Agency, LLC, and the Declaration of William Wollyung, CEO and President of Aegis Security Insurance Company. Plaintiff now contends that these declarations, which were anticipated as part of the summary judgement proceedings, inject factual disputes into the record and require discovery and the stay of the briefing schedule. Plaintiff broadly seeks discovery on "defendant's … newly asserted affirmative defenses and claims of prejudice." Pl. R. 56(d) Mot. at 1. Plaintiff's memorandum in support of its motion and the declaration of Bruce Ingalls submitted in support of Plaintiff's motion, elaborate on the broad categories of information Plaintiff believes are ripe for discovery. Pl. R. 56(d) Mot. at 6-9, Ingalls Dec. ¶¶ 5-8. Plaintiff otherwise does not limit its proposed discovery in any way. Indeed, Plaintiff could well take the position that its proposed discovery must consist of document discovery, interrogatories or other written discovery, depositions, or all three. For the reasons set forth below, Plaintiff's motion should be denied.

## II.  LEGAL STANDARD

Under Rule 56(d) of the Rules of this Court, "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition [to a motion for summary judgment], the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order."  As Plaintiff states, the party seeking discovery "may not simply rely on vague assertions that additional discovery will produce needed, but unspecified, facts," *SEC v. Spence & Green Chem. Co.*, 612 F.2d 896, 901 (5th Cir. 1980), but must "state with some precision the materials he hope[s] to obtain with further discovery, and exactly how he expect[s] those materials would help him in opposing summary judgment."  *Krim v. BancTexas Grp., Inc.*, 989 F.2d 1435, 1443 (5th Cir. 1993).  Moreover, discovery granted under Rule 56(d) is limited in scope by Rule 26(f).  Specifically, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering … ***the parties' relative access to relevant information … and whether the burden or expense of the discovery outweighs its likely benefit***.  USCIT R. 26(b)(1) (emphasis added).

## III.  ARGUMENT

### A. Plaintiff Seeks Discovery Without Meeting The Rule 56(d) Standard For Specificity And Without Regard For The Rule 26(f) Limitations On Scope

Plaintiff has failed to state with precision the materials it hopes to obtain with further discovery, and exactly how it expects those materials would help it in opposing summary judgment.  Rather, Plaintiff's motion simply sets forth a list of topics it believes it needs to explore through discovery in an effort to generate facts that may controvert Defendant's declarations.  Pl. R. 56(d) Mot. at 6-9; Ingalls Dec. at ¶¶ 5-8.  Plaintiff's list reads more like a

4

complaint of deficiencies in Defendant's declarations rather than a list of specific materials it hopes to obtain through discovery. Pl. R. 56(d) Mot. at 6-9.

Moreover, Plaintiff has placed no limit on the volume of documents it plans to request or the number of corporate officials or third parties it plans to depose. It simply asks for unrestricted discovery of "defendant's … newly asserted affirmative defenses and claims of prejudice" irrespective of whether the burden or expense of the discovery outweighs its likely benefit. Pl. R. 56(d) Mot. at 1.

Finally, as described more fully below, Plaintiff's request fails to take into account documents that are publicly available and, therefore, as readily accessible to it as to Defendant. Accordingly, Defendant respectfully requests that Plaintiff's motion be denied. To the extent the Court is inclined to grant some relief under Rule 56(d), it should merely allow Plaintiff to submit its own declarations.

### B. Discovery Is Unnecessary On The Issues Of When The Importer/Bond Principal Exited The U.S. Market And When Defendant's Reinsurer Went Insolvent

Plaintiff seeks discovery with respect to Defendant's claim of prejudice due to the Plaintiff's inordinate delay in the commencement of its collection action causing the compromise of Defendant's subrogation rights against the importer/bond principal and its ability to seek reimbursement from its reinsurer. Pl. R. 56(d) Mot. at 5-6. For example, Plaintiff seeks discovery on when the bond principal exited the U.S. market, whether defendant conducted diligence on the bond principal's financial solvency or creditworthiness prior to issuing the bond, and whether defendant has any evidence that it actually could have collected additional amounts from the bond principal if it had received an earlier bill. Pl. R. 56(d) Mot. at 6. With respect to the Defendant's reinsurer, Plaintiff seeks discovery about when Defendant's reinsurer became

5

insolvent and further details about the reinsurance contract and steps taken to make a claim under the reinsurance contract.

Discovery is unnecessary on these points.  With respect to Defendant's subrogation rights against the importer/bond principal, Plaintiff is in a superior position to Defendant to know when the importer/bond principal exited the U.S. market.  Customs, not Defendant, has access to Customs Form 7501 entry information that would identify the importer as being active in the U.S. market after the transactions at issue in this case.  Moreover, Customs is a party to all Customs bonds along with the bond principal and surety and, therefore, has within its possession knowledge as to whether the importer/bond principal was party to any Customs bonds after the bond at issue in this case.  Furthermore, the Commerce Department is in possession of information as to whether the importer participated in any administrative reviews that post-date the one at issue in this case.  Finally, Plaintiff attempted to collect against the importer in 2014, but was unsuccessful.  Given these facts, discovery into Defendant's knowledge of whether the importer/bond principal was active in the U.S. market — or when it exited the U.S. market — is unnecessary.  Rather, Defendant can conduct its own internal investigation and produce a declaration if there is any serious dispute that the importer/bond principal was unavailable such that Defendant could not exercise its subrogation rights.

With respect to Defendant's inability to make a claim under its reinsurance contract with LGIC due to its insolvency, information about the insolvency is equally available to Plaintiff as it is to Defendant.  Specifically, the Commonwealth of Pennsylvania's Order of Liquidation with respect to LGIC dated November 5, 2015 is available on the Pennsylvania Insurance Department's website.  *See* Exhibit 3.  In addition, all the terms and conditions of the reinsurance contract can be determined by reference to the contract, attached hereto as Exhibit 4.  And as Mr.

Wollyung states in his declaration, Defendant's "right to reimbursement [against its reinsurer], if this Court determines that [Defendant] must pay this claim, will be frustrated." Wollyung Dec. at ¶ 5.c., attached as Exhibit 2 to Defendant's MSJ. Accordingly, these documents establish that recourse though Defendant's reinsurance contract was unavailable to Defendant well before the United States made its claim on Defendant in 2020 and alleviate the need for further discovery on this issue.[3]

### C. Discovery Is Unnecessary Into Defendant's Predictive Judgements About Likely Future Harm

Plaintiff contends that Defendants' declarants, and Mr. Wollyung in particular, make certain predictive judgments about the adverse effects Plaintiff's collection action will have on the surety industry, specifically that (i) rate-making and reserve setting will have to change based on Plaintiff's new position with respect to the statute of limitations, (ii) adjustments to prior period reporting will have negative economic impacts on Defendant's business, (iii) financial reporting will change for the worse, (iv) Defendant will have to correct the past eleven years of reporting, and (v) reserves have been underreported and capital overstated and must be corrected. Pl. R. 56(d) Mot. at 8-9.

All of these consequences flow directly and mechanically from the operation of the insurance statutes under which Defendant operates. For example, with respect to rate making, "consideration shall be given to past *and prospective* loss experience …." N.Y. Ins. § 2304(a) (emphasis supplied). With respect to adjustments, negative economic impacts, and financial reporting, "[e]ach such insurer shall require [its independent certified public accountant] to

---

[3] Plaintiff also seeks discovery as to whether any collateral was provided to the reinsurer, Pl. R. 56(d) Mot. at 6-7, and whether Defendant required collateral from the importer/bond principal. *Id.* at 7-8. Defendant concedes that no collateral was provided to LGIC and that it did not require collateral from the importer/bond principal. Accordingly, no discovery is necessary on that point.

notify the superintendent [of insurance] if the accountant has determined that the insurer has materially misstated its financial condition as reported to the superintendent …." N.Y. Ins. § 307(b)(1).  With respect to the impact on reserves, the New York statute requires every insurer to "maintain reserves in an amount estimated in the aggregate to provide for the payment of all losses or claims incurred on or prior to the date of statement, whether reported or unreported, which are unpaid as of such date and or which such insurer may be liable, and also reserves in an amount estimated to provide for the expenses of adjustment or settlement of such losses or claims." N.Y. Ins. § 1303.  Accordingly, unless Plaintiff assumes Defendant has not complied or will not comply with the governing insurance statutes, Plaintiff merely needs to review the statutory provisions governing Defendant to conclude that each of these predictive judgments flowing from Plaintiff's new position on the statute as pursued in this litigation will occur.[4]

---

[4] Plaintiff contends that Defendant's anticipated prejudice must relate to the bond at issue in this case, as opposed to Defendant's business in general.  Pl. R. 56(d) Mot. at 9 (citing *Hartford Fire Ins. Co. v. United States*, 254 F. Supp. 3d 1333, 1366 (Ct. Int'l Trade 2017); *United States v. Am. Home Assurance Co.*, 151 F. Supp. 3d 1328, 1351 (Ct. Int'l Trade 2015), *as amended* (Mar. 15, 2016)).  Defendant respectfully disagrees.  Plaintiff has implemented its new position on the accrual of the statute of limitations in multiple cases, individually and collectively putting millions of dollars at risk.

### IV.     CONCLUSION

For the foregoing reasons, the Court should deny Plaintiff's motion to take discovery and stay the briefing schedule. To the extent the Court grants any relief under Rule 56(d), it should only allow Plaintiff to submit declarations.

Respectfully submitted,

| | |
|---|---|
| */s/ T. Randolph Ferguson* | */s/ Jeffery M. Telep* |
| T. Randolph Ferguson | Jeffery M. Telep |
| Sandler, Travis & Rosenberg P.A. | King & Spalding LLP |
| 601 Montgomery Street | 1700 Pennsylvania Avenue NW |
| Suite 1208 | Suite 200 |
| San Francisco, CA 94111 | Washington, D.C. 20006 |
| Tel.: 415-378-3374 | Tel.: 202-626-2390 |
| E-Mail: rferguson@strtrade.com | E-Mail: jtelep@kslaw.com |

*Attorneys for Defendant Aegis Security Insurance Company*