UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE: HONORABLE STEPHEN ALEXANDER VADEN, *JUDGE*

_____

|                                          |   |                    |
|------------------------------------------|---|--------------------|
| UNITED STATES OF AMERICA.,               | : |                    |
|                                          | : |                    |
| Plaintiff,                               | : | Court No. 20-03628 |
|                                          | : |                    |
| v.                                       | : |                    |
|                                          | : |                    |
| AEGIS SECURITY INSURANCE COMPANY,        | : |                    |
|                                          | : |                    |
| Defendant.                               | : |                    |
|                                          | : |                    |

_____

## **PROPOSED ORDER**

Upon consideration of plaintiff's consent motion for leave to exceed the word limit permitted for its reply in support of plaintiff's motion for summary judgment, and upon due deliberation, it is hereby

ORDERED that the Plaintiff's consent motion is granted; and it is further

ORDERED that the word limit for Plaintiff's reply brief is enlarged to 10,000 words.

Dated: _____, 2022
New York, New York                          _____
                                                              STEPHEN ALEXANDER VADEN, JUDGE

UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE: HONORABLE STEPHEN ALEXANDER VADEN, *JUDGE*

---

| | | |
|---|---|---|
| UNITED STATES OF AMERICA., | : | |
| | : | |
| Plaintiff, | : | Court No. 20-03628 |
| | : | |
| v. | : | |
| | : | |
| AEGIS SECURITY INSURANCE COMPANY, | : | |
| | : | |
| Defendant. | : | |

---

### PLAINTIFF'S CONSENT MOTION FOR LEAVE TO EXCEED THE WORD LIMIT FOR ITS REPLY IN SUPPORT OF PLAINTIFF'S <u>MOTION FOR SUMMARY JUDGMENT</u>

The United States, plaintiff, pursuant to Rules 7(b) of the Rules of the United States Court of International Trade, hereby moves this Court for leave to exceed the 7,000 word limit set forth in the Court's Standard Chambers Procedures 2(B)(1) for purposes of our reply brief in support of our motion for summary judgement.  We respectfully request an additional 3,000 words for our response, for a total of 10,000 words.

According to Standard Chambers Procedures 2(B)(1) "reply briefs must not exceed 7,000 words" and "[n]o brief that exceeds these limitations may be filed without the Court's grant of leave, which will be freely given if the party shows good cause."  In the context of a motion for an extension of time, "Good cause requires the moving party to show that the deadline for which an extension is sought cannot reasonably be met despite the movant's diligent efforts to comply with the schedule."  *POSCO, et al. v. United States*, Ct. Int'l Trade No. 16-00225, April 21, 2017 order (Docket entry no. 50) (citing *High Point Design LLC v. Buyers Direct, Inc.*, 730 F.3d 1301, 1319 (Fed. Cir. 2013) (discussing "good cause" in the context of Federal Rule of Civil Procedure 16(b)); and *United States v. Horizon Prods. Int'l, Inc.*, 34 F. Supp. 3d 1365, 1367 (2014)

(diligence is the "primary consideration" under the general good cause standard applicable to USCIT Rules 6(b) and 16(b))).

Good cause exists for this motion. The Government has a draft of its reply brief completed. We have been diligently editing the document to ensure that our written analysis is as concise as possible. However, given the volume and complexity of the issues involved, which are explained further below, we do not anticipate being able to adequately and fully address the issues presented by defendant's response to our motion for summary judgment within the limitation of 7,000 words.

First, the amount of information that requires analysis is voluminous. Prior to this motion, the parties had previously cross-moved for dispositive relief. S*ee Dkt.* No. 10 (11/25/20); *Dkt.* No. 20 (2/11/21). Subsequent to oral argument being held on these motions (*Dkt.* No. 47 (7/16/21)), the Court permitted the parties to conduct discovery on factual matters not at issue in the aforementioned dispositive motions and ordered the parties to amend their original dispositive motions to include both the arguments previously made and those based upon the newly collected discovery. *Dkt.* No. 62 (11/09/21); *Dkt.* No. 73 (3/23/22). Discovery resulted in several rounds of document disclosures and the deposition of three witnesses. Thus, the arguments posited in defendant's response to our motion for summary judgment encompass legal and factual issues that have previously been briefed and those that were the subject of discovery that ensued over the past year.

Second, the issues before the Court are complex. The Government's theory of recovery is based, in part, upon an interpretation of law not previously resolved in this Court. The briefing of this issue necessitates analysis by both parties of contract law, statutory interpretation, customs law, and the equitable doctrines of laches and impairment of suretyship. These issues

are not only numerous but significantly intertwined.  Addressing them properly requires a thorough discussion.

Finally, in its response to the Government's motion for summary judgment, Aegis repeats many of the arguments that Aegis made in its own motion for summary judgment.  *See Dkt.* No. 77 (8/22/22); *Dkt.* No. 83 (10/21/22).  Consequently, the Government's reply brief in support of its motion for summary judgment is covering many of the issues discussed by the Government in its response to Aegis's motion for summary judgment.  The Government previously requested, and the Court previously granted, a request for an enlargement of the word limit for the Government's response to Aegis's motion for summary judgment.  Thus, the basis for our request in the present application is similar to the basis for our request involving our response to Aegis's motion for summary judgment.

The Government respectfully submits that exceeding the word limit specified by Standard Chambers Procedures 2(B)(1) is necessary to provide the Court with a fulsome discussion of the factual and legal matters at issue, both previously addressed and newly discovered.  Therefore, good cause exists to grant us an additional maximum of 3,000 words for our memorandum of law.

On November 16, 2022, Peter Mancuso, counsel for defendant, conferred with T. Randolph Ferguson of the law firm of Sandler, Travis & Rosenberg, counsel for defendant, who informed Mr. Mancuso that, on behalf of his client, he consents to the Government's requested leave to exceed to word limit.  Mr. Mancuso also informed Mr. Ferguson that should defendant seek similar relief, the Government will consent.

WHEREFORE, the Government respectfully requests that its motion be granted.

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

PATRICIA M. McCARTHY
Director

_/s/ Justin R. Miller_
JUSTIN R. MILLER
Attorney-In-Charge
International Trade Field Office

By:   _/s/ Peter A. Mancuso_
PETER A. MANCUSO
Trial Attorney
Department of Justice, Civil Division
Commercial Litigation Branch
26 Federal Plaza – Room 346
New York, New York 10278
Tel. (212) 264-0484 or 9230
*Attorneys for Defendant*

Dated: November 16, 2022

4