UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE: HONORABLE STEPHEN ALEXANDER VADEN, JUDGE

_____
UNITED STATES OF AMERICA,                    :
                                             :
                                             :
                          Plaintiff,         :    Court No. 20-03628
                                             :
          v.                                 :
                                             :
AEGIS SECURITY INSURANCE CO.,                :
                                             :
                          Defendant.         :
_____  :

## PLAINTIFF'S SURREPLY TO DEFENDANT'S REPLY

|  |  |
|---|---|
|  | BRIAN M. BOYNTON |
|  | Principal Deputy Assistant Attorney General |
|  | Civil Division |
|  |  |
|  | PATRICIA M. McCARTHY |
|  | Director |
|  |  |
|  | JUSTIN R. MILLER |
|  | Attorney-In-Charge |
|  | International Trade Field Office |
|  |  |
|  | AIMEE LEE |
|  | Assistant Director |
|  |  |
| Of Counsel: | BEVERLY A. FARRELL |
| SUZANNA HARTZELL-BALLARD | Senior Trial Attorney |
| Office of the Assistant Chief Counsel | Department of Justice, Civil Division |
| U.S. Customs and Border Protection | Commercial Litigation Branch |
|  | 26 Federal Plaza, Room 346 |
|  | New York, New York 10278 |
|  | Tel.: (212) 264-0483 or 9230 |
|  | Attorneys for Plaintiff |

Dated: September 25, 2023

**TABLE OF CONTENTS**

BACKGROUND ................................................................................................................. 1

ARGUMENT ..................................................................................................................... 2

I.  BECAUSE THE *AHAC* DECISION IS BASED ON FLAWED REASONING
    IT IS UNPERSUASIVE AND SHOULD NOT BE RELIED UPON ................................... 2

    A.  Both By Statute And The Terms Of The Bond, A Demand For Payment Is Necessary
        Before The United States Can File Suit ................................................................. 2

        1.  The *AHAC* Decision Misconstrues 19 U.S.C. § 1505(b)………..…………………...2

        2.  The *AHAC* Decision Improperly Eliminates The Demand Requirement
            Contained In The Bond ................................................................................. 4

        3.  CBP Did Not Unilaterally Delay The Commencement Of the Statute Of
            Limitations To Gain An Advantage ................................................................. 6

    B.  The Court Is Not Bound By The *AHAC* Decision ..................................................... 7

II. CONCLUSION ............................................................................................................. 8

## TABLE OF AUTHORITIES

**Cases**

*Algoma Steel Corp. v. United States*,
   865 F.2d 240 (Fed. Cir. 1989) ................................................................................................ 7

*Fujian Yinfeng Imp. & Exp. Trading Co., Ltd. v. United States*,
   607 F. Supp. 3d 1301 (Ct. Int'l Trade 2022) ........................................................................... 7

*I.N.S. v. Miranda*,
   459 U.S. 14 (1982) .................................................................................................................. 6

*Jazz Photo Corp. v. United States*,
   439 F.3d 1344 (Fed. Cir. 2006) ............................................................................................... 6

Otter Products, LLC v. United States,
   628 F. Supp. 3d 1306 (Ct. Int'l Trade 2023) ....................................................................... 3, 4

*National Archives & Records Administration v. Favish*,
   541 U.S. 157 (2004) ................................................................................................................ 6

*United States v. Am. Home Assurance Co.*,
   Slip Op. 23-118, Court No. 20-00175 (Ct. Int'l Trade Aug. 22, 2023) .......................... *passim*

*United States v. Armstrong*,
   517 U.S. 456 (1996) ................................................................................................................ 6

**Statutes**

19 U.S.C. § 1500(e) ....................................................................................................................... 4

19 U.S.C. § 1505(a) ....................................................................................................................... 3

19 U.S.C. § 1505(b) .............................................................................................................. *passim*

28 U.S.C. § 2415(a) ............................................................................................................... 2, 6, 7

**Regulations**

19 C.F.R. § 113 ............................................................................................................................. 5

19 C.F.R. § 113.62(a)(1)(ii) ............................................................................................................. 5

19 C.F.R. § 141.103 ........................................................................................................................ 3

19 C.F.R. § 141.105 ........................................................................................................................ 3

19 C.F.R. § 142.11 .......................................................................................................................... 3

19 C.F.R. § 159.1 ............................................................................................................................ 3

19 C.F.R. § 159.9(a) ........................................................................................................................ 4

UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE: HONORABLE STEPHEN ALEXANDER VADEN, JUDGE

| | |
|---|---|
| UNITED STATES OF AMERICA, : | |
| : | |
| Plaintiff, : | Court No. 20-03628 |
| : | |
| v. : | |
| : | |
| AEGIS SECURITY INSURANCE CO., : | |
| : | |
| Defendant. : | |

**PLAINTIFF'S SURREPLY TO DEFENDANT'S REPLY**

In accordance with the Court's September 11, 2023 Minute Order, ECF No. 111, plaintiff, United States (the Government) respectfully submits its surreply addressing Judge Eaton's August 22, 2023 decision, Slip Op. 23-118, in *United States v. American Home Assurance Co.* (*AHAC*), Court No. 20-00175 (the *AHAC* decision), and defendant Aegis Security Insurance Co.'s (Aegis) Reply Brief (ECF No. 107).

**BACKGROUND**

Following summary judgment briefing and oral argument, the Court issued an order on April 24, 2023 requesting further supplemental briefing "addressing: (1) whether the record before the Court is sufficient to decide the issue of imparity of suretyship on summary judgment, the appropriate legal standard and remedy, and whether trial is necessary; (2) the applicability of the demand requirement and its linkage, if any, with the statutory interpretation argument; and (3) any other argument or case citations regarding the duty of the Government to make demand within a reasonable time." ECF No. 96.

After the Government submitted its response to Aegis' supplemental brief but before the deadline for Aegis' reply, the *AHAC* Court issued Slip Op. 23-118, which determined that the

Government's complaint was time-barred by the six-year statute of limitations provided by 28 U.S.C. § 2415(a).[1]  The Government provided a copy of this decision to the Court on August 23, 2023, without discussion.  ECF No. 106.

In its reply, Aegis references the *AHAC* decision in support of its case.  *See* Def. Reply Br., ECF No. 107 at 6, 7, 10, 11, 14, 15, and 18.  Our surreply responds to the assertions made in connection with these references.

## ARGUMENT

Although Aegis seeks to rely on the *AHAC* decision, a closer inspection of Slip Op. 23-118 reveals significant flaws that calls its reasoning and persuasiveness into doubt, and this Court to decline to follow it.

**I.   BECAUSE THE *AHAC* DECISION IS BASED ON FLAWED REASONING, IT IS UNPERSUASIVE AND SHOULD NOT BE RELIED UPON**

**A. Both By Statute And The Terms Of The Bond, A Demand For Payment Is Necessary Before The United States Can File Suit**

1. The *AHAC* Decision Misconstrues 19 U.S.C. § 1505(b)

Aegis contends that the *AHAC* decision supports its position that "no statute requires that a bill must be a pre-condition to the [Government's] right to file a collection action against the surety."  Def. Reply Br. at 6 of 22; *see also id.* at 10, 11 of 22.  However, 19 U.S.C. § 1505(b) provides that payment of outstanding duties is not due until after a bill demanding such duties has been issued.

Section 1505(b) provides:

> The Customs Service shall collect any increased or additional duties and fees due, together with interest thereon, or refund any excess

---

[1] Section 2415(a) provides in relevant part that ". . . every action for money damages brought by the United States or an officer or agency thereof which is founded upon any contract express or implied in law or fact, shall be barred unless the complaint is filed within six years after the right of action accrues. . . ."

2

> moneys deposited, together with interest thereon, as determined on a liquidation or reliquidation. Duties, fees, and interest determined to be due upon liquidation or reliquidation are due 30 days after issuance of the bill for such payment. Refunds of excess moneys deposited, together with interest thereon, shall be paid within 30 days of liquidation or reliquidation.[2]

The *AHAC* decision discusses 19 U.S.C. § 1505(b), albeit in a footnote, and parses section 1505(b) in such a fashion as to misapprehend its plain meaning. Slip Op. 23-118 at 21 n.20. The *AHAC* decision states that the first portion of the second sentence of this provision - "Duties, fees, and interest determined to be due upon liquidation or reliquidation…" - establishes "that the amount of duties is 'to be due' at liquidation." The *AHAC* decision then concludes that "[t]he only thing further needed is that the debt remain unpaid." *Id.* And that "[a]ll of these things happened by the time the imported goods had been liquidated." *Id.* But this logic is faulty because of the insertion of the non-statutory word "remain." To "remain" unpaid requires the passage of time given that the word "remain" means "to continue unchanged." *See* https://www.merriam-webster.com/dictionary/remain. Thus, at the time of liquidation, the amount owed does not remain unpaid.

What this first portion of the second sentence is describing is "the final computation or ascertainment of duties on entries for consumption or drawback entries." 19 C.F.R. § 159.1. It

---

[2] The general practice is "[u]pon entry the importer of record files the entry summary for its merchandise, including classification and valuation of the merchandise. *See* 19 C.F.R. § 142.11; CBP Form 7501, https://www.cbp.gov/trade/programs-administration/entrysummary/cbp-form-7501." *Otter Products, LLC v. United States*, 628 F. Supp. 3d 1306, 1313 n.15 (Ct. Int'l Trade 2023). The importer pays estimated duties on its merchandise based on the entry summary. 19 C.F.R. §§ 141.103, 141.105; *see* 19 U.S.C. § 1505(a). *Id.* The amount deposited by an importer at the time of entry generally should be equal to the amount that Customs determines to be due at liquidation because the importer should have correctly classified, valued, and applied the correct duty rate to its goods and generated an accurate estimate. However, where an importer is permitted to avail itself of presenting a bond in lieu of making a cash deposit, or where Customs determines that information on the entry summary is incorrect, Customs will need to make a demand for payment after liquidation.

is not setting liquidation as the due date for payment of this ascertained amount. Instead, by its plain terms, the second portion of the second sentence sets the due date for payment and does so by tying payment to the issuance of a bill (duties "are due 30 days after issuance of the bill for such payment."). The *AHAC* decision describes this portion of section 1505(b) and the term "bill" as providing notice to the importer of the amount of the debt and the thirty-day grace period related to interest as one and the same. While a bill might serve to notify an importer of outstanding debt, its fundamental purpose under section 1505(b) is to demand payment so that Customs can collect the outstanding amount. (As reflected in the first sentence of section 1505(b), "[t]he Customs Service shall collect any increased or additional duties and fees due, together with interest thereon, or refund any excess moneys deposited, together with interest thereon, as determined on a liquidation or reliquidation.").[3]

  2. The *AHAC* Decision Improperly Eliminates The Demand Requirement Contained In The Bond

Both Aegis and the *AHAC* decision are incorrect regarding the effect of the terms of the bond on the accrual of the Government's cause of action. The terms of the bond require that a demand for payment of additional duties, taxes and charges be made, and should not be ignored.

After discussing section 1505(b), the *AHAC* court turned to the effect of the bond's terms. The *AHAC* decision focuses on the fact that the importer and surety have agreed to be jointly and severally liable by the terms of the bond and states that no demand on the other party is

---

[3] Moreover, by statute, CBP is required to give "notice" of liquidation. 19 U.S.C. § 1500(e) (CBP shall "give or transmit, pursuant to an electronic data interchange system, notice of such liquidation to the importer, his consignee, or agent in such form and manner as the Secretary shall by regulation prescribe.") "CBP notifies the importer by posting the notice of liquidation on its website." *Otter Products,* 628 F. Supp. 3d at 1313 n.16 (citing 19 C.F.R. § 159.9(a)). Thus, when Congress intends that a person be provided with "notice" it knows how to promulgate such a statute. With respect to section 1505(b) it has not designated the "bill" as notice. Instead, issuing a bill is how CBP makes its demand for payment.

necessary before suit can be brought against the jointly and severally bound party.  Slip Op. 23-118 at 25; *see* Def. Reply Br. at 14 of 22.  While this may be true in a general contract sense, it is not true for customs bonds.  Like the bond at issue here, the AHAC bond incorporates by reference 19 C.F.R. § 113.  Among the provisions incorporated in these bonds is section 113.62(a)(1)(ii) under which both obligors (the importer as principal and the surety) jointly and severally agree to "[p]ay, as demanded by CBP, all additional duties, taxes, and charges subsequently found due, legally fixed, and imposed on any entry secured by this bond."  By the terms of the contract, the agreement made by the importer and the surety was to pay as demanded by CBP.  Thus, CBP was required by contract to make a demand on each of these parties.

As discussed in our response to Aegis' supplemental brief, making a demand is not an insignificant contractual obligation owed to the surety because it triggers the protest period for a surety.  *See* Section II.C., ECF No. 105.  The express language of section 1505(b), as well as the legal significance of the bill in the broader statutory scheme, reinforce that the limitations period against the surety for collection of duties under a customs bond does not commence until the surety is issued a bill that it fails to pay.  Thus, the *AHAC* decision's suggestion that joint and several parallel liability somehow could relieve CBP of making a demand for payment on the surety is not supported by section 1505(b), the general statutory scheme, or the terms of the bond contract.

The *AHAC* court's decision simply conflates the concept of liability, *i.e.*, the amount determined and fixed at liquidation, with the concept of a cause of action.  Our cause of action arises from the breach of the bond agreement by the surety which, by the terms of the contract, could not have occurred until CBP made a demand for payment on the surety.

5

Moreover, the *AHAC* court's theory that "the statute of limitations on AHAC's bonds[4] began to run at liquidation when all the events necessary to bring suit for the duties owed had occurred," Slip Op. 23-118 at 25, would lead to a result that contravenes section 1505(b) and the terms of the bond contract. This is so because, if the Government's cause of action arises at liquidation, then the Government could sue the importer and surety on the day of liquidation without making a single demand for payment or giving the importer and surety their respective 30-day grace periods. Such a theory violates the plain language of section 1505(b) and the terms incorporated into the subject bond.

> 3. CBP Did Not Unilaterally Delay The Commencement
>    Of The Statute Of Limitations To Gain An Advantage

Aegis points to the *AHAC* decision's observation that "[t]he courts have long disfavored rewarding a party for taking advantage of a delay in the commencement of a statute of limitations when the delay is caused by that party's unilateral act," Slip Op. 23-118 at 26, to suggest that CBP was unreasonable and seeking to gain an advantage when it made its demand long after the entries at issue had liquidated by operation of law. Def. Reply Br. at 7 of 22.[5] As

---

[4] There is no dispute that 28 U.S.C. § 2415(a) provides the requisite statute of limitations for the Government to commence an action on a bond to collect unpaid duties.

[5] The AHAC decision's rationale that the Government should not possess unilateral control of the statute of limitations – and Aegis' unsupported intimation that the Government may have delayed billing to gain some advantage here – disregard the presumption of regularity, under which Government employees are presumed to properly discharge their duties in the manner required by law. *See Nat'l Archives & Records Admin. v. Favish*, 541 U.S. 157, 174 (2004) (quoting *United States v. Armstrong*, 517 U.S. 456, 464 (1996) ("'[I]n the absence of clear evidence to the contrary, courts presume that [Government agents] have properly discharged their official duties.'"); *Jazz Photo Corp. v. United States*, 439 F.3d 1344, 1351 (Fed. Cir. 2006) (presumption of regularity doctrine presumes Customs officials have properly discharged their duties). Under the presumption of regularity, courts will "insist on a meaningful evidentiary showing" before entertaining doubts about the integrity of official acts. *Nat'l Archives & Records Admin.*, 541 U.S. at 175; *see also I.N.S. v. Miranda*, 459 U.S. 14, 18 (1982) (*per curiam*) (in the absence of evidence to the contrary, the Court refused to attribute a delay in agency action to official misconduct).

we explained in our response brief, ECF No. 105, until CBP received the July 14, 2014 message from the Department of Commerce, CBP was unaware of the deemed liquidation of the entries. However, shortly after receiving the message, CBP issued bills to the importer. When these bills went unpaid, CBP made a demand for payment from Aegis. Thus, there was no unilateral delay on the part of CBP for an advantage.

Further, in response to footnote 4 of Def. Reply Br. at 15 of 22, we incorporate Section III of our response as though fully set forth here.

### B.  This Court Is Not Bound By The *AHAC* Decision

As the Court is aware, "one judge on the United States Court of International Trade is not bound by the decisions of another judge on the court." *Fujian Yinfeng Imp. & Exp. Trading Co., Ltd. v. United States*, 607 F. Supp. 3d 1301, 1325 n.34 (Ct. Int'l Trade 2022) (citing *Algoma Steel Corp. v. United States*, 865 F.2d 240, 243 (Fed. Cir. 1989)). Instead, because this matter is before this Court under a *de novo* standard of review, we respectfully submit that, contrary to the determination in the *AHAC* decision, this Court should find the Government's claim timely under 28 U.S.C. § 2415(a).

## CONCLUSION

For the foregoing reasons, the reasons in our response to defendant's supplemental brief, and the reasons provided in our summary judgment briefing, we respectfully request that the Court issue an order (i) denying defendant's motion for summary judgment as amended, (ii) granting our motion for summary judgment as amended, (iii) granting judgment to the Government in the amount of $50,000.00, the contractual limit of the bond, (iv) granting the Government interest pursuant to 19 U.S.C. § 580 and 28 U.S.C. § 1961 to be calculated by the Government and provided to defendant in a schedule setting forth these interest amounts that would be due for payment at certain future dates.

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General
Civil Division

PATRICIA M. McCARTHY
Director

JUSTIN R. MILLER
Attorney-In-Charge
International Trade Field Office

By:  /s/ Aimee Lee
AIMEE LEE
Assistant Director

/s/ Beverly A. Farrell
BEVERLY A. FARRELL
Of Counsel:                                  Senior Trial Attorney
SUZANNA HARTZELL-BALLARD       Department of Justice, Civil Division
Office of the Assistant Chief Counsel    Commercial Litigation Branch
U.S. Customs and Border Protection      26 Federal Plaza, Room 346
New York, New York 10278
Tel.: (212) 264-0483 or 9230
Dated: September 25, 2023                Attorneys for Plaintiff