UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE: HONORABLE STEPHEN ALEXANDER VADEN, JUDGE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | Court No. 20-03628 |
| | : | |
| v. | : | |
| | : | |
| AEGIS SECURITY INSURANCE CO., | : | |
| | : | |
| Defendant. | : | |

# ORDER

Upon consideration of plaintiff's motion for partial reconsideration pursuant to Rule 59 to amend or alter the judgment, and upon consideration of other papers and proceedings had herein, it is hereby

**ORDERED** that plaintiff's motion be, and hereby is, granted; and it is further

**ORDERED** that plaintiff's motion for summary judgment is granted and defendant's motion for summary judgment is denied; and it is further

**ORDERED** that the parties shall confer and within 60 days will provide the Court with a judgment order reflecting the total amount that the parties have determined that is owed to plaintiff by defendant.

_____
JUDGE

Dated: _____
New York, New York

UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE: HONORABLE STEPHEN ALEXANDER VADEN, JUDGE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | Court No. 20-03628 |
| | : | |
| v. | : | |
| | : | |
| AEGIS SECURITY INSURANCE CO., | : | |
| | : | |
| Defendant. | : | |

**PLAINTIFF'S MOTION FOR PARTIAL RECONSIDERATION
PURSUANT TO RULE 59 TO AMEND OR ALTER THE JUDGMENT**

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

PATRICIA M. McCARTHY
Director

JUSTIN R. MILLER
Attorney-In-Charge
International Trade Field Office

BEVERLY A. FARRELL
Senior Trial Attorney
Civil Division, Department of Justice
Commercial Litigation Branch
26 Federal Plaza – Suite 346
New York, NY 10278
Tel. (212) 264-9230 or 0483
*Attorneys for Plaintiff*

Dated: April 17, 2024

## **TABLE OF CONTENTS**

BACKGROUND ............................................................................................................................. 2

STANDARD OF REVIEW……………………………………………………………………….3

ARGUMENT…………………………………………………………………………………......4

I.      BECAUSE THE SUBJECT AEGIS BOND SHOULD BE CONSTRUED IN A MANNER CONSISTENT WITH THE STATUTORY AND REGULATORY SCHEME PROVIDING FOR ITS ISSUANCE, NO REASONABLE TIME REQUIREMENT SHOULD HAVE BEEN APPLIED TO CBP'S DEMAND FOR PAYMENT……………………………………………………………..4

II.     EVEN IF A REASONABLE TIME REQUIREMENT FOR DEMAND WERE APPLICABLE AND CBP BREACHED THAT IMPLIED CONDITION, UNDER THE FACTS HERE ANY SUCH BREACH WAS NOT MATERIAL AND DOES NOT WARRANT DISCHARGING AEGIS'S OBLIGATION TO PAY UNDER ITS BOND…………………………………………………….6

CONCLUSION………………………………………………………………………………….7

# **TABLE OF AUTHORITIES**

**Cases**

*Acquisition 362, LLC v. United States*,
    539 F. Supp. 3d 1251 (Ct. Int'l Trade 2021)……………………………………………….4

*Bannister v. Davis*
    140 S. Ct. 1698 (2020)……………………………………………………………………1

*Foster Poultry Farms, Inc. v. SunTrust Bank*,
    377 Fed. Appx. 665 (9th Cir. 2010)……………………………………………………….7

*Hitachi Home Elecs., Inc. v. United States*,
    661 F.3d 1343 (Fed. Cir. 2011)...…………………………………………………………7

*Nat'l Fisheries Institute, Inc. v. U.S. Customs and Border Protection*,
    637 F. Supp. 2d 1270 (Ct. Int'l Trade 2009)……………………………………………...7

*Old Republic Ins. Co. v. United States*,
    645 F. Supp. 943 (Ct. Int'l Trade 1986)…………………………………………………..4

*Stone Forest Indus., Inc. v. United States*,
    73 F.2d 1548 (Fed. Cir. 1992)……………….…..………………………………………...6, 8

*Taco Bell Corp. v. Cont'l Cas. Co.*,
    388 F.3d 1069 (7th Cir. 2004)…………………………………………………………….6-7

*United States v. Aegis Security Insurance Company*,
    Court No. 20-03628, Slip Op. 24-33 (March 18, 2024) ...................................................... 1, 2, 3

*United States v. De Visser*,
    10 F. 642 (S.D.N.Y. 1882)…………………………………………………………….....4

*United States v. Gonzales & Gonzales Bonds and Ins. Agency, Inc.*,
    103 F. Supp 3d 1121 (N.D. Cal. 2015)……………………………………………………6

*United States v. James Daniel Good Real Prop.*,
    510 U.S. 43, 63 (1993)...…………………………………………………………………7

**Statutes**

19 U.S.C. § 1505(b)………………………………………………………………………1, 5, 7

19 U.S.C. § 1514(c)(3)……………………………………………………………………….5, 7

**Regulations**

19 C.F.R. § 113.62(a)(1)(ii)……………………………………………………………….5, 7

**Rules**

USCIT Rule 59(a)(1) ................................................................................................... 3-4

Case 1:20-cv-03628-SAV    Document 139    Filed 04/17/24    Page 5 of 15

UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE: HONORABLE STEPHEN ALEXANDER VADEN, JUDGE

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| Plaintiff, | : Court No. 20-03628 |
| v. | : |
| AEGIS SECURITY INSURANCE CO., | : |
| Defendant. | : |

**PLAINTIFF'S MOTION FOR PARTIAL RECONSIDERATION
PURSUANT TO RULE 59 TO AMEND OR ALTER THE JUDGMENT**

In accordance with Rules 7 and 59 of the Rules of the United States Court of International Trade (USCIT), plaintiff, the United States (the Government), respectfully moves for partial reconsideration with respect to the Court's March 18, 2024 opinion and judgment in *United States v. Aegis Security Insurance Company*, Court No. 20-03628, Slip Op. 24-33 (March 18, 2024), ECF Nos. 137, 138, respectively. Specifically, the Government seeks partial reconsideration of the Court's decision to the extent it held that a demand for payment under the bond must be made within a reasonable time when the statute providing for the bond's demand requirement does not contemplate such a condition.[1] Instead, the Court should find that the demand required by the bond arose from 19 U.S.C. § 1505(b), a statutory provision that does not include a deadline or a reasonableness standard for issuing a demand for payment.

Furthermore, because the essence of the bond contract is to secure the collection of duties

---

[1] Under *Banister v. Davis*, 140 S. Ct. 1698, 1703 (2020), a ruling on a post-judgment motion for reconsideration "merges with the prior determination, so that the reviewing court takes up only one judgment." Because we seek reconsideration to modify the existing judgment of the Court in this matter we understand our motion to be non-dispositive under USCIT Rule 7(g)'s plain language and do not anticipate submitting a reply brief unless the Court prefers otherwise.

for the public fisc, even if CBP breached the bond based on when it made its demand for payment, that breach was not material—as evidenced by the failure of Aegis to articulate any harm arising from the timing of the demand—and does not warrant discharging Aegis from its obligation to pay under its bond.

## BACKGROUND

This Court is familiar with the background of this case. To briefly summarize, through this action the Government sought to recover on a continuous customs bond issued by Aegis Security Insurance Company (Aegis) to Linyi Sanshan Import & Export Co. (Linyi) with an effective date of October 26, 2002, and ending October 25, 2004, in the amount of $50,000.00 (the CB). Slip Op. at 5. The CB secured the importation by Linyi of ten entries of fresh garlic into the United States made between January 16 and February 11, 2004, which were subject to antidumping duties. *Id.* at 5. An administrative review of the antidumping order suspended the liquidation of Linyi's ten entries, which was lifted on May 4, 2006. *Id.* at 7. On November 4, 2006, the entries liquidated by operation of law (also known as deemed liquidation) at the rate of duty, value, quantity, and amount of duty claimed by Linyi at entry when U.S. Customs and Border Protection (CBP) did not liquidate the entries within six months. *Id.* at 7.

Until provided liquidation instructions in July 2014 from the Department of Commerce (Commerce), CBP was unaware of the deemed liquidation of the ten entries. *Id.* at 7. Through this message, CBP learned that the suspension of liquidation of the ten entries lifted in May 2006 when Commerce published a notice of partial rescission of the antidumping order in the Federal Register. *Id.* at 7. Shortly after receiving the Commerce message, CBP issued bills to Linyi on October 4, 2014 and October 31, 2014 for duties due on each of the entries. *Id.* at 8. When Linyi did not pay, CBP billed the sureties of the bonds securing Linyi's entries. *Id.* at 8. CBP

first billed Aegis on January 7, 2015, and Aegis refused to pay claiming in protests that the applicable statute of limitations had run. *Id.* at 8. CBP denied Aegis's protests.

After rounds of briefing, the Court concluded that Aegis asserted three defenses to its obligation to pay under its bond: (i) the statute of limitations passed; (ii) CBP violated an implied contractual requirement in the bond that a demand for payment must be made in a reasonable amount of time; and (iii) that CBP's actions caused an impairment of suretyship. *Id.* at 9. The Court rejected the statute of limitations defense because the Government's action was commenced within six years of the accrual of its claim. *Id.* at 18. Similarly, the Court found that Aegis suffered no impairment of suretyship based on the timing of CBP's demand for payment. Instead, the Court discharged Aegis's obligation to pay based on an implied contractual term that CBP's demand for payment needed to be made within a reasonable time.

Although the Court notes that this case ends as a contract law case, *id.* at 14, the Government moves for partial reconsideration under USCIT Rule 59(a)(1)(B) because the "demand" term in the bond contract is one that must be construed within the statutory and regulatory scheme that provides for the bond's existence. Thus, the Court erred by determining that a customs bond contains an implied reasonable time requirement for making a demand for payment. Slip Op. at 19-20.

For the reasons that follow, the Court should grant our motion for partial reconsideration.

## **STANDARD OF REVIEW**

USCIT Rule 59(a)(1) provides:

> (1) Grounds for New Trial or Rehearing. The court may, on motion, grant a new trial or rehearing on all or some of the issues -- and to any party -- as follows:
>
> > (A) after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court; or

3

> (B) after a nonjury trial, for any reason for which a rehearing has heretofore been granted in a suit in equity in federal court.

Whether to grant a motion for reconsideration is within the discretion of the court. *Acquisition 362, LLC v. United States*, 539 F. Supp. 3d 1251, 1255 (Ct. Int'l Trade 2021). Rule 59 is not intended to allow a party to reargue its position. *Id.* at 1256. Nor should the court disturb a prior ruling unless it is manifestly erroneous. *Id.* Instead, a significant flaw in a court's opinion may provide grounds for reconsideration. *Id.* at 1257.

## ARGUMENT

**I. BECAUSE THE SUBJECT AEGIS BOND SHOULD BE CONSTRUED IN A MANNER CONSISTENT WITH THE STATUTORY AND REGULATORY SCHEME PROVIDING FOR ITS ISSUANCE, NO REASONABLE TIME REQUIREMENT SHOULD HAVE BEEN APPLIED TO CBP'S DEMAND FOR PAYMENT**

Until the Court determined that the customs bond possessed an implied contractual term of a reasonable time for demand, we could not have anticipated raising or discussing the issue of how to reconcile the absence of such a reasonable time requirement in the governing demand statute and regulation with that implied contractual term. Accordingly, we seek to do so here.

"[A] customs bond must be understood or applied with reference to customs laws, and that insofar as the applicable statutes and regulations are 'designed to affect the rights of the parties to the contract [, such provisions] must be regarded as parts of the contract.'" *Old Republic Ins. Co. v. United States*, 645 F. Supp. 943, 953 (Ct. Int'l Trade 1986) (quoting *United States v. De Visser*, 10 F. 642, 647 (S.D.N.Y. 1882)). The use of the word "demand" in Aegis's

4

surety bond made the language of 19 U.S.C. § 1505(b)[2] and 19 C.F.R. § 113.62(a)(1)(ii)[3] terms of the bond because they created an obligation of the Government to the surety to make a demand for payment. A demand affects Aegis's rights because it triggers the clock for a surety to file a protest. 19 U.S.C. § 1514(c)(3).

Neither section 1505(b) nor section 113.62(a)(1)(ii), which under *Old Republic* are terms of the bond, include language requiring that the demand be made within a certain time or reasonable time. This omission, in the face of section 1505(b)'s requirement that "[r]efunds of excess moneys deposited, together with interest thereon, shall be paid within 30 days of liquidation or reliquidation" reveals that Congress did not require CBP to make a demand within a specific period of time or even within a reasonable period of time. All that the statute and regulation, which are incorporated in the bond, require is that a demand be made. Accordingly, it was error to read an implied reasonable time requirement into the surety bond when the statutory and regulatory scheme did not create such an obligation.[4]

---

[2] Section 1505(b) provides:

> The Customs Service shall collect any increased or additional duties and fees due, together with interest thereon, or refund any excess moneys deposited, together with interest thereon, as determined on a liquidation or reliquidation. Duties, fees, and interest determined to be due upon liquidation or reliquidation are due 30 days after issuance of the bill for such payment. Refunds of excess moneys deposited, together with interest thereon, shall be paid within 30 days of liquidation or reliquidation.

[3] Section 113.62(a)(1)(ii) provides that bond condition to "[p]ay, as demanded by CBP, all additional duties, taxes, and charges subsequently found due, legally fixed, and imposed on any entry secured by this bond."

[4] This is not a scenario where the Government negotiated a contract with a private party to obtain a good or service for the Government's use. Thus, the Government is not a direct party or signatory to the bond at issue and is instead an intended third-party beneficiary of the customs bond contract. The existence and use of customs bond occurs because they are statutorily and

5

## II. EVEN IF A REASONABLE TIME REQUIREMENT FOR DEMAND WERE APPLICABLE AND CBP BREACHED THAT IMPLIED CONDITION, UNDER THE FACTS HERE ANY SUCH BREACH WAS NOT MATERIAL AND DOES NOT WARRANT DISCHARGING AEGIS'S OBLIGATION TO PAY UNDER ITS BOND

For the reasons discussed above, the bond should not be read to include an implied condition of reasonable time. Yet, even if such a condition were applicable and the timing of CBP's demand for payment from Aegis constituted a breach of that implied condition, that breach was not material. Until the Court determined that the implied contractual term of a reasonable time requirement for demand applied here, we could not have anticipated raising or discussing the issue of whether a breach of an implied contractual provision must be material to warrant the discharge of the surety's obligation. We address that issue here.

"[A]s a general matter, unless a contract provides a specific remedy for a breach (there are certain breaches that are so treated), a breach in and of itself does not automatically give the nonbreaching party a remedy—or, for that matter, an excuse not to perform its obligations under the contract." *United States v. Gonzales & Gonzales Bonds and Ins. Agency, Inc.*, 103 F. Supp 3d 1121, 1131 (N.D. Cal. 2015). Instead, there must be a material breach before a party can be excused from performance. *Id.*

Whether a breach is material turns "on the nature and effect of the violation in light of how the particular contract was viewed, bargained for, entered into, and performed by the parties." *Stone Forest Indus., Inc. v. United States*, 973 F.2d 1548, 1551 (Fed. Cir. 1992). Indeed, under a general contract law principle, "breaches that are technical, harmless, and therefore 'immaterial' do not allow the 'victim' of the breach to walk away from the contract to

---

regulatorily required. Thus, the Court should not impose implied requirements not expressed in the provisions themselves.

6

the great harm of the party that committed the harmless breach." *Taco Bell Corp. v. Cont'l Cas. Co.*, 388 F.3d 1069, 1074 (7th Cir. 2004) (noting the general principle in the context of Illinois insurance law making prejudice to an insurer from a late notice a factor in assessing the reasonableness of the notice). Finally, excusing performance under a contract should only be granted "where the other party's breach of the contract is so substantial that it defeats the object of the parties in making the contract." *Foster Poultry Farms, Inc. v. SunTrust Bank*, 377 Fed. Appx. 665, 671 (9th Cir. 2010).

Here, there can be no dispute that the objective for a customs entry bond is to permit the entry of goods while simultaneously protecting the revenue. *See Nat'l Fisheries Institute, Inc. v. U.S. Customs and Border Protection*, 637 F. Supp. 2d 1270, 1287 (Ct. Int'l Trade 2009) ("The stated purpose of § 1623(a), *i.e.*, to provide for bonding requirements that are necessary for the protection of the revenue and to ensure compliance with law, guides a Customs officer's exercise of discretion to set the limit of liability on a continuous entry bond.). Rather, the demand was incorporated into the bond because of CBP's obligations under 19 U.S.C. § 1505(b) and its own regulation, 19 C.F.R. § 113.62(a)(i)(ii), neither of which contain a deadline by which to make a demand for payment.[5] Also, requiring a demand was critical to the surety's ability to file a protest. *See* 19 U.S.C. § 1514(c)(3).

---

[5] Even if the statute or regulation could be perceived as implicating a timeline for the demand on the surety, the Supreme Court has recognized that "if a statute does not specify a consequence for noncompliance with statutory timing provisions, the federal courts will not in the ordinary course impose their own coercive sanction." *Hitachi Home Elecs., Inc. v. United States*, 661 F.3d 1343, 1346 (Fed. Cir. 2011) (quoting *United States v. James Daniel Good Real Prop.*, 510 U.S. 43, 63 (1993)). Here, the Court's opinion has imposed a requirement of a demand within a reasonable period that is absent from the governing statute and regulation. Further, the opinion imposes a consequence for failing to make a demand in a reasonable time thereby contravening *Hitachi's* guidance that there should be no consequence for noncompliance with a deadline for Government action unless expressly provided by Congress through statute.

7

When Aegis issued its bond, it did so with the knowledge that the bond was intended to protect the revenue, and that it would receive a demand if the importer did not pay any outstanding duties and charges. It also did so in the face of a statute and regulation that did not set a deadline by which CBP was to make a demand or include language that the demand be made in a reasonable time. This was how the bond was viewed and bargained for. *See Stone Forest,* 973 F.2d at 1551.

CBP's delay in making its demand for payment was not so substantial that it defeated the purpose of the bond; nor did it prevent Aegis from being able to protest that demand. Further, it did not interfere with Aegis's receipt of premium for issuing the bond. Nor did Aegis articulate any harm from the delay. And, as the Court found, it did not impair Aegis's suretyship. Accordingly, at most, the delay in making a demand for payment was immaterial and, therefore, does not warrant excusing Aegis from performing.

**CONCLUSION**

For the reasons stated above, the Court should grant the Government's motion.

          Respectfully submitted,

          BRIAN M. BOYNTON
          Principal Deputy Assistant Attorney General

          PATRICIA M. McCARTHY
          Director

          <u>/s/ Justin R. Miller</u>
          JUSTIN R. MILLER
          Attorney-In-Charge
          International Trade Field Office

          <u>/s/ Beverly A. Farrell</u>
          BEVERLY A. FARRELL
          Senior Trial Attorney
          Civil Division, Department of Justice
          Commercial Litigation Branch
          26 Federal Plaza – Suite 346
          New York, New York 10278
          Tel. (212) 264-9230 or 0483
          *Attorneys for Defendant*

Dated:  April 17, 2024

UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE:  HONORABLE STEPHEN ALEXANDER VADEN, JUDGE

| | |
|---|---|
| UNITED STATES OF AMERICA, : | |
| : | |
| Plaintiff, : | Court No. 20-03628 |
| : | |
| v. : | |
| : | |
| AEGIS SECURITY INSURANCE CO., : | |
| : | |
| Defendant. : | |
| : | |

**CERTIFICATE OF COMPLIANCE**

    I, Beverly A. Farrell, a senior trial attorney in the Department of Justice, Civil Division, Commercial Litigation Branch, International Trade Field Office, who is responsible for the foregoing Plaintiff's Motion for Partial Reconsideration Pursuant To Rule 59 To Amend Or Alter the Judgment, relying upon the word count feature of the word processing program used to prepare the memorandum, certify that this memorandum complies with the word count limitation under the Court's chambers procedures, and contains 2472 words.

                                          /s/ Beverly A. Farrell
                                          BEVERLY A. FARRELL