UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE: THE HON. STEPHEN ALEXANDER VADEN, JUDGE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>               Plaintiff,<br><br>v.<br><br>AEGIS SECURITY INSURANCE COMPANY,<br><br>               Defendant. | Court No. 20-03628 |

**DEFENDANT'S RESPONSE TO PLAINTIFFS'
MOTION FOR RECONSIDERATION**

Jason M. Kenner
Sandler, Travis & Rosenberg P.A.
675 Third Avenue, Suite 1805-06
New York, New York 10017
Tel.: (212) 549-0137
E-Mail: jkenner@strtrade.com

Jeffery M. Telep
King & Spalding LLP
1700 Pennsylvania Avenue NW, Ste. 900
Washington, D.C. 20006
Tel.: (202) 626-2390
E-Mail: jtelep@kslaw.com

*Attorneys for Defendant Aegis Security Insurance Company*

## TABLE OF CONTENTS

TABLE OF AUTHORITIES .................................................................................. ii

I.      INTRODUCTION ................................................................................... 1

II.     STANDARD OF REVIEW ..................................................................... 2

III.    ARGUMENT ............................................................................................ 3

        A.     The United States' Motion Is Procedurally Flawed .................................. 3

        B.     The Motion Is Substantively Defective ................................................. 7

               1.     Customs was obligated to make demand in a reasonable time ................... 7

               2.     Customs' breach of its obligation to make demand within a reasonable time was material ...................................................... 9

IV.    CONCLUSION ..................................................................................... 11

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*Acquisition 362, LLC v. United States*,
    539 F. Supp. 3d 1251 (Ct. Int'l Trade 2021) ........................................................... 2

*Dorce v. City of New York*,
    2 F.4th 82 (2d Cir. 2021) .......................................................................................... 6

*Equal Emp. Opportunity Comm'n v. Bashas' Inc.*,
    585 F. App'x 325 (9th Cir. 2014) .............................................................................. 6

*FDIC v. Meyer*,
    781 F.2d 1260 (7th Cir. 1986) ............................................................................. 3, 7

*Grumman Aircraft Eng'g Corp. v. Renegotiation Bd.*,
    482 F.2d 710 (D.C. Cir. 1973) ............................................................................. 2, 7

*ICN Pharms., Inc. v. Khan*,
    2 F.3d 484 (2d Cir. 1993) .......................................................................................... 6

*Int'l Trading Co. v. United States*,
    281 F.3d 1268 (Fed. Cir. 2002) ................................................................................ 8

*Kattan ex rel. Thomas v. District of Columbia*,
    995 F.2d 274 (D.C. Cir. 1993) ............................................................................. 2, 7

*LB Credit Corp. v. Resol. Tr. Corp*,
    49 F.3d 1263 (7th Cir. 1995) ............................................................................... 3, 7

*Nyhus v. Travel Mgmt. Corp.*,
    466 F.2d 440 (D.C. Cir. 1972) .................................................................................. 8

*Old Republic Ins. Co. v. United States*,
    645 F. Supp. 943 (Ct. Int'l Trade 1986) ................................................................. 7

*Reading Co. v. Koons*,
    271 U.S. 58 (1926)..................................................................................................... 9

*Sonoma Springs Ltd. P'ship v. Fid. & Deposit Co.*,
    409 F. Supp. 3d 946 (D. Nev 2019).......................................................................  10

*Stonington Water Street Assoc., LLC v. Hodess Bldg. Co.*,
    792 F. Supp. 2d 253 (D. Conn. 2011)....................................................................  10

*U.S. Tr. Co. v. Shapiro*,
    835 F.2d 1007 (2d Cir. 1987) ................................................................................... 6

*United States v. Commodities Export Co.*,
    972 F.2d 1266 (Fed. Cir. 1992) ........................................................................... 8

*United States v. Gordon*,
    78 F.3d 781 (2d Cir. 1996) .................................................................................. 8

*United States v. Gordon*,
    No. 90 Civ-4016, 1994 WL 514533 (S.D.N.Y Sept. 21, 1994) ........................... 5

*United States v. Gottlieb*,
    948 F.2d 1128 (9th Cir. 1991) ............................................................................ 4

*United States v. Vanorum*,
    912 F.2d 1023 (8th Cir. 1990) ............................................................................ 5

*Wagner v. Pro. Eng'rs in Cal. Gov't*,
    354 F.3d 1036 (9th Cir. 2004) ............................................................................ 6

**Statutes, Regulations, & Rules**

19 U.S.C. § 1505 ....................................................................................................... 7

19 C.F.R. § 113.62 .................................................................................................... 7

U.S.C.I.T. Rule 59 ..................................................................................................... 2

**Other Authorities**

31 Williston on Contracts § 79:14 (4th ed. 2023) .................................................... 5

## I.    INTRODUCTION

Defendant, Aegis Security Insurance Company ("Aegis" or "Defendant") opposes the

United States' Motion For Partial Reconsideration Pursuant To Rule 59 To Amend Or Alter The

Judgment (the "Motion" (Dkt. 139)) issued on March 18, 2024 as both procedurally and

substantively flawed.

The Motion is procedurally flawed because its predicate—that the United States was

blindsided by the Court's finding that customs bonds contain an implied requirement of

reasonableness and that the bond at issue in this case had been breached by U.S. Customs and

Border Protection's eight-year delay in demanding payment from Defendant—is demonstratively

false.  In fact, the litigation record is replete with searching inquiries by the Court as to whether

the ability of U.S. Customs and Border Protection ("Customs" or "CBP") to make demand on

sureties was subject to any temporal limitation.  Both parties responded to those inquiries in

multiple rounds of briefing and at oral argument.  And if that briefing and argument did not

disclose the Court's views and parties' positions, then the United States' concession during the

final oral argument surely did:

> THE COURT:  So just to clarify, the Government does not dispute that the
> implied reasonableness contractual term applies to it.  Its dispute is what the time
> period we're looking at to determine whether it is reasonable.
>
> [COUNSEL FOR THE UNITED STATES]:  Right….

Nov. 15, 2023 Hearing Tr. at 57:16-20 (Dkt. 128).  In short, it defies credulity to suggest that the

Court kept the parties in the dark about the potential basis for its eventual ruling.

Next, the Motion is substantively flawed for two reasons.  First, the absence of

contractual language and statutory or regulatory restrictions on the time for Customs to act does

not abrogate implied contractual guarantees of reasonable inherent in any contract, including

customs bonds.  To suggest otherwise cuts against overwhelming caselaw to the contrary.

Second, the Government's breach is material because the issuance of a timely demand is a condition precedent to Defendant's obligation to pay on the bond. In any event, Defendant has shown that the Plaintiff's breach was material under even Plaintiff's heightened standard.

Judicial review over agency action exists for a reason, and this case provides a textbook example of the need for intervention by the third branch of government. The United States wants unfettered discretion to act in perpetuity against the surety industry—an industry the calculates its risk to the penny and to the day before subjecting itself to liability. Manifold cases reject this view: the United States' position is not and cannot be the law. Accordingly, the United States' request for reconsideration should be denied as both procedurally and substantively flawed.

## II.     STANDARD OF REVIEW

Under Rule 59(a)(1) of this Court's rules, rehearing may be had on the following grounds:

> **Grounds for New Trial or Rehearing.**  The court may, on motion, grant a new trial or rehearing on all or some of the issues—and to any party—as follows: …
>
> > (B) after a nonjury trial, for any reason for which a rehearing has heretofore been granted in a suit in equity in federal court.

U.S.C.I.T. Rule 59.

Rule 59 is not intended to allow a party to reargue its position. *Acquisition 362, LLC v. United States*, 539 F. Supp. 3d 1251, 1256 (Ct. Int'l Trade 2021). Nor can it be used to raise new issues that could have been raised previously. *See Kattan ex rel. Thomas v. District of Columbia*, 995 F.2d 274, 276 (D.C. Cir. 1993) ("a losing party may not use a Rule 59 motion to raise new issues that could have been raised previously."); *Grumman Aircraft Eng'g Corp. v. Renegotiation Bd.*, 482 F.2d 710, 711 (D.C. Cir. 1973) ("[o]rdinarily Rule 59 motions for either a new trial or a rehearing are not granted by the District Court where they are used by a losing

party to request the trial judge to reopen proceedings in order to consider a new defensive theory which could have been raised during the original proceedings."), *overruled on different grounds sub nom. Renegotiation Bd. v. Grumman Aircraft Eng'g Corp.,* 421 U.S. 168 (1975); *FDIC v. Meyer*, 781 F.2d 1260, 1268 (7th Cir. 1986) (Rule 59(e) motion "cannot be used to raise arguments which could, and should, have been made before the judgment issued."); *LB Credit Corp. v. Resol. Tr. Corp*, 49 F.3d 1263, 1267 (7th Cir. 1995) ("a motion to alter or amend a judgment is not appropriately used to advance arguments or theories that could and should have been made before the district court rendered a judgment").

## III.    ARGUMENT

### A.    The United States' Motion Is Procedurally Flawed

According to the United States, "[u]ntil the Court determined that the customs bond possessed an implied contractual term of a reasonable time for demand, we could not have anticipated raising or discussing the issue of how to reconcile the absence of such a reasonable time requirement in the governing demand statute and regulation with that implied contractual term."  Motion at 4; *see also*, Motion at 6.  Nothing could be further from the truth.

The issue of whether Customs has unfettered authority to make demand in perpetuity was the subject of extensive litigation, briefing, and oral argument in this case.  During the first oral argument—before the affirmative defenses of impairment of suretyship and laches had even been plead—the Court asked counsel for the United States if Customs had any temporal restrictions on its ability to make demand on the surety:

> THE COURT:  So, according to you, there is effectively no limit on how late the Customs Bureau can send a bill?
>
> [COUNSEL FOR THE UNITED STATES]: I'm not going to agree to that extreme statement.
>
> THE COURT: Well, what's the limit?

[COUNSEL FOR THE UNITED STATES]:  We don't have that before us, Your Honor.

THE COURT:  So, it's laches?

[COUNSEL FOR THE UNITED STATES]:  If there was prejudice.

***

THE COURT: I'm keeping my word, but that's where you're drawing the line? There's no line absent the equitable principal of laches?

[COUNSEL FOR THE UNITED STATES]:  If they were prejudiced.

THE COURT:  If they—yes, assuming they meet all the standards.  Okay.  Then if they can't show prejudice 100 years from now, you could send them a bill and if they're still in existence, they got to pay it?

[COUNSEL FOR THE UNITED STATES]:  Within six years of the bill.

July 16, 2021 Hearing Tr. at 98:7-99:5 (Dkt. 49).[1]

The same question was the subject of yet another inquiry by the Court.  In its minute order dated April 24, 2023, the Court asked the parties to brief the following question among others: "any other argument or case citations ***regarding the duty of the Government to make demand within a reasonable time*.**"  (Dkt. 96) (emphasis supplied).  Defendant devoted a significant portion of their brief to that question.  *See* Errata Version Of Defendant's Supplemental Brief In Support Of Its Motion For Summary Judgment at 27-30 (Dkt. 104). Defendant cited multiple cases for the proposition that, if a contract does not expressly limit a party's time to perform, courts routinely require performance within a reasonable time.  *Id*. at 29 n.5 (citing *United States v. Gottleib*, 948 F.2d 1128, 1131 (9th Cir. 1991) ("acknowledging the requirement that the government make demand on defaulting parties within a 'reasonable' time

---

[1] In its October 21, 2022 summary judgment response, however, the United States abandoned that position, contending instead that even prejudice to the surety would not prevent CBP from postponing its demand and keeping its cause of action alive indefinitely.  *See* Pl. Resp. at 34 n.13 (Dkt. 81).

4

when demand is necessary to the accrual of the government's cause of action)); *United States v. Vanorum*, 912 F.2d 1023, 1027 n.5 (8th Cir. 1990) (same); *United States v. Gordon*, No. 90 Civ-4016, 1994 WL 514533, at *5-6 (S.D.N.Y Sept. 21, 1994) (same)).  The United States purported to distinguish these cases, but never squarely addressed the dispositive question of whether Customs must make demand within a reasonable time.  Plaintiff's Response In Opposition To Defendant's Supplemental Brief and In Further Support Of Its Motion For Summary Judgment at 23 (Dkt. 105).  These cases eventually were cited by the Court in its decision and judgment. Opinion at 19 (Dkt. 137).

The precise issue presented in the Motion—whether customs bonds contain an implied contractual requirement of reasonableness—was the subject of yet another inquiry by the Court. It its October 23, 2023 Order, the Court asked the following question: "(4) Is the principal elucidated in Williston [on Contracts § 79:14 (4th ed. 2023)] ***an implied contractual term similar to the implied duty of good faith and fair dealing, or an equitable defense***?  (Dkt. 118) (emphasis supplied).  During the ensuing oral argument, the Court and counsel for Defendant had an extensive, lively colloquy on this very point, discussing the Williston treatise, the case law cited in Willison and elsewhere, the policies behind the legal principle, and the facts ultimately supporting the Court's ruling.  Nov. 15, 2023 Hearing Tr. at 27:22-44:20.  When the time came for the United States' presentation on this point, the Court directly asked—and seemingly realizing the error in the position taken in briefing—the United States correctly conceded that customs bonds contain an implied contractual provision that obligate Customs to make its demand within a reasonable time:

> THE COURT:  So just to clarify, the Government does not dispute that the implied reasonableness contractual term applies to it.  Its dispute is what the time period we're looking at to determine whether it is reasonable.

[COUNSEL FOR THE UNITED STATES]:  Right….

Nov. 15, 2023 Hearing Tr. at 57:16-20.  Importantly, this concession was binding on the United

States.  *See Dorce v. City of New York*, 2 F.4th 82, 102 (2d Cir. 2021) ("we consider Plaintiffs'

claims and the remedies they seek, as limited by their counsel's statements at oral argument …");

*Equal Emp. Opportunity Comm'n v. Bashas' Inc.*, 585 F. App'x 325, 326 (9th Cir. 2014) (Mem.)

("we emphasize, as we have previously held in a case involving a concession made by a party

during oral argument, that the EEOC's statement is binding on it in any further proceedings in

this case." (internal quotation marks omitted)); *Wagner v. Pro. Eng'rs in Cal. Gov't*, 354 F.3d

1036, 1043 n.3 (9th Cir. 2004) (finding party "judicially bound" to concession made at oral

argument); *ICN Pharms., Inc. v. Khan*, 2 F.3d 484, 492 (2d Cir. 1993); *U.S. Tr. Co. v. Shapiro*,

835 F.2d 1007, 1008-09 (2d Cir. 1987) (per curiam) (holding plaintiff bound by concessions

made by counsel at oral argument)).

Accordingly, the record flatly contradicts the stated premise of the Motion—that the

United States "could not have anticipated raising or discussing the issue of how to reconcile the

absence of such a reasonable time requirement in the governing demand statute and regulation

with that implied contractual term."  Not only could the United States have anticipated this issue,

the United States anticipated and conceded it as evidenced by the Court's minute order, dozens

of pages of briefing, and hours of oral argument time consumed.

Worse yet, the United States seeks to retract its concession that Customs' authority was

limited by an implied contractual guarantee of reasonableness five months after it was made in

open court with Customs' counsel present and, importantly, ***after the Court issued its opinion

citing the United States' concession that customs bonds carried with them an implied

contractual requirement of reasonableness***.  Opinion at 20 ("The Government concedes that the

implied reasonable time requirement applies against the United States here.")  This is

procedurally flawed, as rehearing is disfavored when it is used as a vehicle to introduce arguments that could have been made before the judgment. *See Kattan*, 995 F.2d at 276; *Grumman Aircraft Eng'g Corp.*, 482 F.2d at 721; *Meyer*, 781 F.2d at 1268; *LB Credit Corp*, 49 F.3d at 1267. The proper way for the United States to have retracted this concession and argue for Customs' right to issue demand in perpetuity—a dubious proposition for all the reasons discussed in the Opinion—would have been to do so as a sidebar during the hearing with counsel for Customs, who was present in the courtroom, or alternatively shortly after the hearing closed, but in all events before the Court issued its final judgment. By waiting until after the Court's judgment denying Defendant's statute of limitations defense, the United States seeks to "have its cake and eat it too."

### B.    The Motion Is Substantively Defective

#### 1.    Customs was obligated to make demand in a reasonable time

According to the Motion (at 5), the fact that "[n]either section [19 U.S.C. § ]1505(b) nor section [19 C.F.R. § ]113.62(a)(1)(ii), which under *Old Republic* [*Insurance Co. v. United States*, 645 F. Supp. 943, 953 (Ct. Int'l Trade 1986)] are terms of the bond, include language requiring that the demand be made within a certain time or reasonable time" means that "Congress did not require CBP to make a demand within a specific period of time or even within a reasonable period of time." Rather than supporting the Government's position that it has unfettered discretion to issue demands, the absence of a time limitation in the bond contract is the very reason the implied reasonable requirement must be read into the contract. As the Court explained, "[c]ontracts with a demand requirement **and no express limitation** on the time for a demand contain an implied reasonable time requirement" Opinion at 19 (emphasis supplied). Notably, the United States cites no authority for the novel proposition that the ***absence*** of statutory language imposing specific conditions means that the customs bond is not subject to

any such conditions.  The United States did not cite any such authority because there is none.

But there is ample authority for the proposition that contracts with the government are subject to

the ordinary implied requirements applicable to all contracts.  According to the Court:

> Implied contractual duties—like other ordinary principles of contract law—apply
> when the United States contracts with private parties.  Multiple appellate courts
> acknowledge that the reasonable time requirement applies against the United
> States.

Opinion at 20-21 (citations omitted).  The United States has no response to the Court's recitation

of precedents and authority; the Motion simply ignores it.  Rehearing therefore should be denied

because granting Customs unfettered authority to postpone indefinitely the running of the statute

of limitations by the mere expedient of withholding its demand is not and cannot be the law.

Second, it would be error for the Court to infer from statutory or regulatory silence the

unfettered authority of Customs to make demand in perpetuity.  As demonstrated above, it is the

absence of any such statutory or regulatory direction that necessitates an ***implied*** guarantee of

reasonableness.  Moreover, the overwhelming case law forbids such exercises of unilateral,

unfettered authority in a variety of contexts.  *See, e.g., Nyhus v. Travel Mgmt. Corp.*, 466 F.2d

440, 452-53 (D.C. Cir. 1972) ("a party is not at liberty to stave off operation of the statute

inordinately by failing to make demand" and "the time for demand is ordinarily a reasonable

time"); *United States v. Commodities Export Co.*, 972 F.2d 1266, 1271 n.3 (Fed. Cir. 1992)

("[T]he government may not indefinitely postpone the running of the statute of limitations

merely by taking the steps any prudent litigant would take before bringing a lawsuit."); *United

States v. Gordon*, 78 F.3d 781, 787 (2d Cir. 1996) ("[I]f a contract does not expressly limit a

party's time to perform, courts routinely require performance within a reasonable time."); *Int'l

Trading Co. v. United States*, 281 F.3d 1268, 1273 (Fed. Cir. 2002) ("The government's position

in this case would undermine one of the principle objectives of the 1993 amendments [to section

1504(d)] by giving the government the unilateral ability to extend the time for liquidating entries indefinitely.")  And if the point requires any further amplification, the Court should pay attention to the position of the United States articulated in the U.S. Solicitor General's recent opposition to petition for writ of certiorari to the United States Supreme Court in *Corner Post, Inc. v. Board of Governors of the Federal Reserve System*, No. 22-1008.  *See* **Exhibit 1**.  In *Corner Post*, the petitioner argued that it could mount a facial challenge to a new regulation from the date it was aggrieved rather than the date the agency action became final.  The United States argued against this position, explaining the importance of setting limits on rights of action when the plaintiff controls the commencement of the right of action:

> In a variety of circumstances, Congress has established deadlines for suit that run from the defendant's allegedly unlawful conduct, without regard to any circumstances peculiar to the plaintiff.  ***That choice generally reflects "practical considerations" that "require that the period should begin to run from [a] definitely ascertained" time, "rather than the uncertain time" that would result if commencement of the limitations period remained in the control of, or dependent upon, potential plaintiffs.***  *Reading Co. v. Koons,* 271 U.S. 58, 64 (1926); *see id.* at 65 ("An interpretation of a statute purporting to set a definite limitation * * * which would, nevertheless, leave defendants subject indefinitely to actions for the wrong done, would, we think, defeat its obvious purpose.").

*Id*. at 11-12 (emphasis supplied).  The Motion argues for a result that directly contradicts the logic set forth in the Solicitor General's opposition to petition for writ of *certiorari* in *Corner Post* and should be rejected as contrary to law and contrary to the positions the United States has taken before the U.S. Supreme Court.

### 2.    Customs' breach of its obligation to make demand within a reasonable time was material

The United States next argues that, even if Customs breached its implied obligation to make demand within a reasonable time, its breach was not material and did not excuse Defendant from performance.  Motion at 6-8.  This argument ignores the fact that the United States never satisfied an important condition precedent to its right to make

demand, and its failure to satisfy the condition precedent, standing alone, constituted a

material breach.

      According to the Court, making a ***timely*** demand is a condition precedent to

Customs' right to collect:

> This case began as a case about the statute of limitations.  It ends as a contract law
> case.  Although this case involves antidumping duties, the Government seeks to
> recover under its contract with Aegis.  ***That contract contains a demand
> requirement, which in turn contains an implied reasonable time requirement.
> The requirement dictates that the Government must make a demand within a
> reasonable time.  The Government made no demand for more than eight years
> and presents no good reason for the delay.***  Accordingly, the Government
> breached the contract and cannot now recover under it even though the
> Government filed suit within the statute of limitations.

Opinion at 14-15 (emphasis supplied).  Making demand within a reasonable time,

therefore, was a condition precedent to the Government's right to collect, and the failure

to fulfill that condition precedent, standing alone, constituted a material breach of the

customs bond that excused Defendant from the obligation to perform.  *See, e.g., Sonoma

Springs Ltd. P'ship v. Fid. & Deposit Co.*, 409 F. Supp. 3d 946, 955 (D. Nev 2019)

("Plaintiffs failed to satisfy the § 3.2 condition precedent, and that failure was a material

breach of the performance bond that excuses the Surety's obligation."); *Stonington Water

Street Assoc., LLC v. Hodess Bldg. Co.*, 792 F. Supp. 2d 253 (D. Conn. 2011) (The

obligee's "failure to terminate [the Contractor] when reason to do so arose and then to

properly comply with the notice procedures set forth … is a material breach of the bond

and underlying contract.").  Here, the United States seeks to impose an obligation on

Defendant to show that Customs' breach was "material" above and beyond simply

showing that Customs failed to fulfill all conditions precedent to its ability to demand

performance on the bond.  Such an obligation is not required by law; Customs' failure to

fulfill its condition precedent of making a timely demand, standing alone, is sufficient to

excuse Defendant's performance.

## IV.    CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court deny Plaintiff's

Motion For Partial Reconsideration Pursuant To Rule 59 To Amend Or Alter The Judgment.


Respectfully submitted,


*/s/ Jason M. Kenner*              */s/ Jeffrey M. Telep*
Jason M. Kenner                    Jeffery M. Telep
Sandler, Travis & Rosenberg P.A.   King & Spalding LLP
675 Third Avenue, Suite 1805-06    1700 Pennsylvania Avenue NW, Ste. 900
New York, New York 10017           Washington, D.C. 20006
Tel.: (212) 549-0137               Tel.: (202) 626-2390
E-Mail: jkenner@strtrade.com       E-Mail: jtelep@kslaw.com

*Attorneys for Defendant, Aegis Security Insurance Company*

11