Slip Op. No. 24-63

## UNITED STATES COURT OF INTERNATIONAL TRADE

|  |  |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff,* v. AEGIS SECURITY INSURANCE COMPANY, *Defendant.* | Before: Stephen Alexander Vaden, Judge Court No. 1:20-cv-03628 (SAV) |

## <u>OPINION</u>

[Denying Plaintiff's Motion for Partial Reconsideration.]

Dated:  May 28, 2024

*Beverly A. Farrell*, Senior Trial Attorney, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of New York, NY, and *Peter Mancuso*, Trial Attorney, for Plaintiff United States.  With them on the briefs were *Brian M. Boynton*, Principal Deputy Assistant Attorney General; *Patricia M. McCarthy*, Director, Commercial Litigation Branch; *Aimee Lee*, Assistant Director, Commercial Litigation Branch; *Justin R. Miller*, Attorney-In-Charge, International Trade Field Office, of New York, NY; and *Suzanna Hartzell-Ballard*, Office of the Assistant Chief Counsel, U.S. Customs and Border Protection, of Indianapolis, IN.

*T. Randolph Ferguson*, Sandler, Travis & Rosenberg, P.A., of San Francisco, CA, and *Jeffrey M. Telep*, King & Spalding LLP, of Washington, DC, for Defendant Aegis Security Insurance Company.  With them on the briefs was *Jason M. Kenner*, Sandler, Travis & Rosenberg, P.A., of New York, NY.

*Gilbert Lee Sandler*, Sandler, Travis & Rosenberg, P.A., of Miami, FL, for Amicus Curiae the Customs Surety Coalition and its individual members the International Trade Surety Association; the National Association of Surety Bond Producers, Inc.; the Surety & Fidelity Association of America; and the Customs Surety Association. With him on the brief were *Robert B. Silverman* and *Peter W. Klestadt*, Grunfeld, Desiderio, Lebowitz, Silverman & Klestadt LLP, of New York, NY.

*Michael J. Coursey*, *Paul C. Rosenthal*, *John M. Herrmann II*, *Jennifer E. McCadney*, and *Cameron R. Argetsinger*, Kelley Drye & Warren, LLP, of Washington, DC; and *Louis S. Mastriani*, Adduci, Mastriani & Schaumberg, LLP, of Washington, DC, on the brief for Amici Curiae Adee Honey Farms; American Honey Producers Association; Bayou Land Seafood, LLC; Catahoula Crawfish, Inc.; Christopher Ranch, LLC; L.K. Bowman Company; Sioux Honey Association; and The Garlic Company.

**Vaden, Judge:** The Government has a problem. It would like to appeal the result in this case. However, its counsel made several concessions in open court that would greatly complicate any appeal the Government may file. Thus, the Government has filed a Motion for Reconsideration that seeks to (1) reimagine the proceedings and its own actions before this Court and (2) raise for the first time arguments the Government now wishes it had made. Because neither is an appropriate use of a motion under USCIT Rule 59, the Government's Motion will be **DENIED**.

## BACKGROUND

The Court presumes familiarity with the facts of this case as set forth in *United States v. Aegis Security Insurance Co.* (Aegis I), No. 1:20-cv-03628 (SAV), 48 CIT __, 2024 Ct. Intl. Trade LEXIS 33 (March 18, 2024) and recounts only those facts relevant to the present Motion. *See generally* Pl.'s Mot. for Partial Recons. (Pl.'s Mot.), ECF No. 139. The United States sued Aegis to recover under a customs bond Aegis issued. *Aegis I*, 48 CIT __, 2024 Ct. Intl. Trade LEXIS 33, at *2–3. That bond secured garlic entries by a Chinese company in January and February 2004. *Id.* at *6–7. Those entries were deemed liquidated in November 2006. *Id.* at *8. The Government did

not make a demand to Aegis for the outstanding duties until January 2015, more than eight years after the deemed liquidation.  *Id.* at *9.  The Court held that the Government breached an implied contractual duty in the bond to make demand within a reasonable time and granted summary judgment to Aegis.  *Id.* at *28–29.

"This case has a long and winding procedural history."  *Id.* at *10.  That history includes multiple rounds of briefing and three oral arguments.  *Id.*  From the very beginning, the primary question in this case was what limits exist on the Government's time to make demand on a customs bond.  At the first oral argument, the Court asked the parties questions to determine what limits might exist on the Government's ability to delay making demand in addition to the statute of limitations.  *See* First Oral Arg. Tr. at 96:17–18, ECF No. 49 (The Court:  "Is there any limit at all … to how late the Government can send a bill?").  The briefing in this case also addressed that issue.  For example, in its supplemental brief Aegis argued that U.S. Customs and Border Protection (Customs) "was required to issue its bill within a reasonable time following liquidation."  Def.'s Suppl. Br. at 27, ECF No. 104.  Aegis pressed the argument again in its reply.  *See* Def.'s Suppl. Reply Br. at 9–12, ECF No. 107.  The Government responded to this argument by contending it did not unreasonably delay making demand.  *See* Pl.'s Sur-Reply at 6–7, ECF No. 113.

While this matter was pending, another judge of this Court decided a similar case, *United States v. American Home Assurance Co.*, 47 CIT __, 653 F. Supp. 3d 1277 (2023).  The Court in *American Home Assurance* granted summary judgment to a

surety in circumstances akin to this case. *Id.* at 1280. One ground for that decision was that the Government "must act, and act reasonably, in pursuing its claims under a bond[.]" *Id.* at 1294. American Home Assurance prevailed because the Government's "suit was untimely based on its failure to act in a reasonable time." *Id.* at 1295. The Government in this case filed a notice alerting the Court to the *American Home Assurance* decision and addressed the decision in its supplemental briefing. Notice of Suppl. Authority, ECF No. 106; *see also* Pl.'s Sur-Reply at 6–7, ECF No. 113.

Nearly a month before the third oral argument, the Court distributed to the parties a list of questions that the parties "should be prepared to address." Order Scheduling Oral Arg. at 1, ECF No. 118.[1] The third question on the list was: "Does federal common law apply 31 Williston on Contracts § 79:14 (4th ed. 2023)?" *Id.* That provision of Williston on Contracts states, "Where the plaintiff's right of action depends on a preliminary act to be performed by the plaintiff, the plaintiff cannot suspend indefinitely the running of the statute of limitations by delaying the performance of the act." *Id.* at 1 n.1 (quoting Williston, *supra*, § 79:14). The next question asked whether "the principle elucidated in Williston [is] an implied contractual term, similar to the implied duty of good faith and fair dealing, or an equitable defense[.]" *Id.* at 1.

---

[1] The Order is appended to this opinion as Appendix 1.

At the third oral argument, both parties addressed the implied reasonable time requirement. The Government conceded that it applies. *See* Third Oral Arg. Tr. at 57:16–20, ECF No. 128 (The Court: "So just to clarify, the Government does not dispute that the implied reasonableness contractual term applies to it. Its dispute is what the time period we're looking at [is] to determine whether it is reasonable." Ms. Farrell: "Right."); *Aegis I*, 48 CIT __, 2024 Ct. Intl. Trade LEXIS 33, at *24.[2] Aegis agreed with the Government. *See, e.g.*, Third Oral Arg. Tr. at 69:10–12, ECF No. 128 ("Everybody agrees you have this implied provision in the contract that says that the Government has to act within [a] reasonable time."); *id.* at 70:12–14 ("If there is a reasonable requirement — everybody agrees to that. We've given the Court two bases for finding that this demand was unreasonable.").

The parties disagreed over whether the eight-year delay between liquidation and demand was reasonable. Aegis argued the delay was unreasonable. *See, e.g.*, *id.* at 34:17–18 ("[T]here is nothing reasonable about the delay that took place."). Conversely, the Government argued that the delay was reasonable because the Court should look only at the portion of the delay attributable to Customs, not the portion attributable to the U.S. Department of Commerce (Commerce). *See id.* at 47:16–18 (The Court: "[Y]our argument is seeking to bifurcate … the counting of time." Ms. Farrell: "Yes."). The Government blamed much of the delay on Commerce's not

---

[2] Page fifty-seven of the third oral argument transcript is appended to this opinion as Appendix 2.

notifying Customs of the deemed liquidation and claimed Customs acted promptly once it learned about the deemed liquidation from Commerce. *See, e.g.*, Pl.'s Sur-Reply at 7, ECF No. 113 ("[U]ntil [Customs] received the July 14, 2014 message from [Commerce], [Customs] was unaware of the deemed liquidation of the entries. However, shortly after receiving the message, [Customs] issued bills …."). The Court rejected this argument. *See Aegis I*, 48 CIT __, 2024 Ct. Intl. Trade LEXIS 33, at \*26.

The Court issued its opinion in *Aegis I* granting summary judgment to Aegis. *Id.* at \*29. The Court held the Government's delay in making demand was "unreasonable and … a breach of contract." *Id.* The Government now asks the Court to reconsider *Aegis I* for two reasons. First, it claims the implied reasonable time requirement is not "consistent with the statutory and regulatory scheme." Pl.'s Mot. at 4, ECF No. 139 (capitalization altered). Second, it claims that, even if it breached an implied term of the bond contract, the breach was not material and "does not warrant discharging Aegis's obligation[s]" under the contract. *Id.* at 6 (capitalization altered). Both arguments rest on the underlying premise that the Government "could not have anticipated raising" these arguments during the underlying proceedings. *Id.* at 4, 6.

## STANDARD OF REVIEW

Plaintiff moves the Court to reconsider, alter, or amend its prior decision under USCIT Rule 59(a)(1)(B), which is a mechanism for requests for reconsideration in the

Court of International Trade.[3] *Acquisition 362, LLC v. United States*, 45 CIT __, 539 F. Supp. 3d 1251, 1255 (2021) (citing *United States v. UPS Customhouse Brokerage, Inc.*, 34 CIT 745, 748 (2010)), *aff'd*, 59 F.4th 1247 (Fed. Cir. 2023), *cert. denied*, 144 S. Ct. 81 (2023). Under USCIT Rule 59(a)(1)(B), "The court may, on motion, grant a new trial or rehearing on all or some of the issues … after a nonjury trial, for any reason for which a rehearing has heretofore been granted in a suit in equity in federal court." USCIT Rule 59(a)(1)(B). The Court has discretion to grant or deny reconsideration. *UPS*, 34 CIT at 748 (citing *Yuba Nat. Res., Inc. v. United States*, 904 F.2d 1577, 1583 (Fed. Cir. 1990)).

Reconsideration or rehearing of a case is proper when "a significant flaw in the conduct of the original proceeding" exists. *Union Camp Corp. v. United States*, 21 CIT 371, 372 (1997) (quoting *Kerr-McGee Chem. Corp. v. United States*, 14 CIT 582, 583 (1990)). Examples include:

> (1) an error or irregularity in the trial; (2) a serious evidentiary flaw; (3) a discovery of important new evidence which was not available even to the diligent party at the time of trial; or (4) an occurrence at trial in the nature of an accident or unpredictable surprise or unavoidable mistake which impaired a party's ability to adequately present its case.

---

[3] Despite the plain text of Rule 59 referring to "actions which have been tried and gone to judgment," longstanding decisions of this Court identify Rule 59 as allegedly broad enough to include "'rehearing of any matter decided by the court without a jury.'" *Nat'l Corn Growers Ass'n v. Baker*, 9 CIT 571, 584 (1985) (quoting *Timken Co. v. United States*, 6 CIT 76, 77 (1983)), *rev'd on other grounds*, 840 F.2d 1547 (Fed. Cir. 1988). Regardless of whether USCIT Rule 59 or USCIT Rule 60 is the more textually appropriate basis for Plaintiff's Motion, this Court has the power to reconsider its prior opinion. *Compare* USCIT Rule 59(a)(1)(B) (invoked by Plaintiff here and providing for rehearing "for any reason for which a rehearing has heretofore been granted in a suit in equity in federal court"), *with* USCIT Rule 60(b) (providing that the Court "may relieve a party or its legal representative from a *final judgment*, order, or proceeding" for any of the listed reasons (emphasis added)).

*Id.* at 372 (quoting *United States v. Gold Mountain Coffee, Ltd.*, 8 CIT 336, 336–37 (1984)). "The purpose of a Rule 59 motion is not to allow the losing party to reargue its case." *Acquisition 362*, 45 CIT __, 539 F. Supp. 3d at 1256 (citing *Int'l Custom Prods., Inc. v. United States*, 38 CIT 990, 991 (2014), *aff'd*, 791 F.3d 1329 (Fed. Cir. 2015)). The Court should only disturb its prior decision if it is "manifestly erroneous." *Id.* (citing *Papierfabrik August Koehler SE v. United States*, 39 CIT 42, 43 (2015)).

## DISCUSSION

The Government raises two arguments:  (1) The implied reasonable time requirement is inconsistent with the statutory and regulatory scheme governing customs bonds, and (2) the Government can recover even if it breached the implied reasonable time requirement because any breach was not material.  Pl.'s Mot. at 4, 6, ECF No. 139.  The Government claims it "could not have anticipated" raising these arguments in the underlying proceedings.  *Id.*  Those claims are baseless.  The Motion is denied.

## I.  Procedure

USCIT Rule 59 does not allow the losing party to relitigate its case by raising arguments it previously waived or forfeited.  *See Banister v. Davis*, 590 U.S. 504, 508 (2020) ("[C]ourts will not address new arguments … that the moving party could have raised before the decision issued.").[4]  That is exactly what the Government seeks to

---

[4] *Banister* involved the analogous Federal Rule of Civil Procedure 59.  590 U.S. at 507.  "[I]t is without question that [the Court of International Trade] may look to the decisions and

do here with its claim that it lacked sufficient notice to adequately develop arguments regarding the implied reasonable time requirement. The Government had ample opportunity to make the arguments it now raises. Instead, it waived any argument that the implied reasonable time requirement does not apply and forfeited any argument it could recover notwithstanding its breach. That the Government regrets its strategic litigation decisions is not proper grounds for reconsideration.

## A. Notice

The Government's Motion rests on the notion it lacked sufficient notice to raise its two arguments during the underlying proceedings. In its Motion, the Government claims it "could not have anticipated raising or discussing" the points it makes now. Pl.'s Mot. at 4, 6, ECF No. 139. Not so. In fact, the Government knew from the very beginning that this was a contract law case that might be decided on contract law principles. *See* First Oral Arg. Tr. at 99:16–19, ECF No. 49 (Mr. Mancuso: "[W]e believe that contract law governs this, and … we brought this cause of action under [28 U.S.C. § 1582(2)] for breach of contract."). At least three sources put the Government on notice that the arguments in its Motion were relevant: (1) the supplemental briefing, (2) the opinion in *American Home Assurance* and the Court's subsequent Order instructing the Government to respond to that opinion, and (3) the Court's Order scheduling the third oral argument.

---

commentary on the Federal Rules in the interpretation of its own rules." *Tomoegawa (U.S.A.), Inc. v. United States*, 15 CIT 182, 185–86 (1991).

First, the supplemental briefing in this case raised the issue of an implied reasonable time requirement sufficiently to put the Government on notice. The Court asked the parties for "any … argument or case citations regarding the duty of the Government to make demand within a reasonable time." Minute Order, ECF No. 96 (dated nearly one year from the opinion's issuance). This alone was sufficient to put the Government on notice. Aegis addressed the issue multiple times in its supplemental briefing. *See, e.g.*, Def.'s Suppl. Br. at 27, ECF No. 104 ("In the event the Court concludes that Customs' bill is a necessary precursor to suit, Customs was required to issue its bill within a reasonable time following liquidation."); Def.'s Suppl. Reply Br. at 9, ECF No. 107 ("In the event demand is a precursor to suit, the United States was obligated to issue its bill within a reasonable time after the suspension of liquidation[.]") (capitalization altered). The Government, too, was aware of the instructions in the Court's Minute Order; it recited those instructions in its supplemental briefing. Pl.'s Suppl. Resp. Br. at 1, ECF No. 105 (quoting verbatim the Court's Order).

Second, the opinion in *American Home Assurance* put the Government on further notice. *American Home Assurance* involved a similar factual scenario to the one here. *See* 47 CIT __, 653 F. Supp. 3d at 1280–82. The Government sued a surety to recover unpaid antidumping duties for entries made under a customs bond. *Id.* at 1279–80. The entries were deemed liquidated by operation of law, and the Government took no action to collect the unpaid duties for more than a decade. *Id.*

at 1281–82.  After finding in favor of the surety on the statute of limitations,[5] the Court further explained that, even were it to side with the Government on the statute of limitations question, it "would still find [the Government's] claims time-barred." *Id*. at 1293.  The Court held that the Government "must act, and act reasonably, in pursuing its claims under a bond …." *Id*. at 1294.  Accordingly, the Court found the Government's "suit was untimely based on its failure to act in a reasonable time." *Id*. at 1295.

The Government was well aware of *American Home Assurance*.  Indeed, the Government alerted the Court to the decision by filing a Notice of Supplemental Authority.  ECF No. 106.  The Court entered an Order allowing the Government to submit a sur-reply brief addressing *American Home Assurance*.  Minute Order, ECF No. 111.  The Government did just that.  *See generally* Pl.'s Sur-Reply Br., ECF No. 113.  The Government's brief addressed *American Home Assurance*'s holding that Customs' suit was barred because it failed to make demand within a reasonable time. *See id.* at 6–7; *American Home Assurance*, 47 CIT __, 653 F. Supp. 3d at 1295.  The Government noted Aegis' argument that "[Customs] was unreasonable and seeking to gain an advantage when it made its demand long after the entries" liquidated.  Pl.'s Sur-Reply Br. at 6, ECF No. 113.  However, the Government did not suggest that it was allowed to unreasonably delay making demand.  *See id.* at 6–7.  The Government

---

[5] This portion of *American Home Assurance* differs from the Court's decision in *Aegis I*.  *See Aegis I*, 48 CIT __, 2024 Ct. Intl. Trade LEXIS 33, at *20 n.5.

instead argued Customs did not unreasonably delay making demand because
Customs acted promptly on hearing from Commerce about the entries' deemed
liquidation.  *Id.*  The Government's Sur-Reply confirmed its strategic litigation
decision not to contest the existence of an implied reasonable time requirement.

Finally, the Court's Order scheduling the third oral argument put the
Government squarely on notice that the Court would consider whether an implied
reasonable time requirement in the bond contract limited the Government's time to
make demand.  *See* Order Scheduling Oral Argument, ECF No. 118.  The Order
contained several questions the parties were told to be "prepared to address" at oral
argument.  *Id.* at 1.  Questions three and four both implicate the implied reasonable
time requirement.  *See id.*  Question three asked:  "Does federal common law apply
31 Williston on Contracts § 79:14 (4th ed. 2023)?  Can the parties cite any applicable
case law?"  *Id.*  An accompanying footnote gave the following quote from Williston:
"Where the plaintiff's right of action depends on a preliminary act to be performed by
the plaintiff, the plaintiff cannot suspend indefinitely the running of the statute of
limitations by delaying the performance of the act."  *Id.* at 1 n.1 (quoting Williston,
*supra*, § 79:14).  Question four then asked whether the principle from Williston is "*an
implied contractual term … or an equitable defense[.]*"  *Id.* at 1 (emphasis added).
These two questions informed the parties nearly a month before the third oral
argument that the Court would consider whether an implied contractual term limited
the Government's time to make demand.  *See id.* (dated October 20, 2023); Third Oral

Arg. Tr. at 1, ECF No. 128 (held November 15, 2023).  This is more notice than parties

usually receive; the Court is under no obligation to provide the parties the questions

it intends to ask.  *Compare* Order Scheduling Oral Arg., ECF No. 36 (containing no

questions), *and* Order Scheduling Oral Arg., ECF No. 92 (containing no questions),

*with* Order Scheduling Oral Arg., ECF No. 118 (containing questions).  *See also*

USCIT Rule 7(c) (containing no requirement that the Court provide the parties with

questions before oral argument).

## B. Waiver and Forfeiture

Despite having sufficient notice to raise the two arguments in its Motion, the

Government failed to do so.  It waived any argument that the implied reasonable time

requirement does not exist or does not apply here.  It also forfeited any argument for

a materiality requirement by failing to raise it.

The Government conceded away its argument that the implied reasonable time

requirement is incompatible with the statutory and regulatory scheme.[6]  Accordingly,

it cannot raise it now.  *See Banister*, 590 U.S. at 508; *Acquisition 362*, 45 CIT __, 539

F. Supp. 3d at 1256.  The Government conceded at oral argument that the implied

reasonable time requirement exists and applies in this case.  The Court noted during

the third oral argument that it did not "hear [the Government] arguing that the

---

[6] The Court notes that the Government took a different position on the relationship between contract law and the statutory scheme at the first oral argument.  *See* First Oral Arg. Tr. at 100:1–5, ECF No. 49 (Mr. Mancuso: "I think we have to hold the contract and the terms of the contract over … the Customs law … I'm not saying that it's irrelevant, but the contract law is what's important, and that's how we have to look at this case.").

reasonable time … requirement [does not] apply." Third Oral Arg. Tr. at 56:12–13, ECF No. 128.  Counsel for the Government did not object to this characterization. *See id.* at 56:12–24.  The Court then directly asked whether the Government contested the application of the implied reasonable time requirement, and the Government's counsel confirmed it did not. *See id.* at 57:16–20 (The Court: "So just to clarify, the Government does not dispute that the implied reasonableness contractual term applies to it.  Its dispute is what the time period we're looking at [is] to determine whether it is reasonable."  Ms. Farrell:  "Right."); *Aegis I*, 48 CIT __, 2024 Ct. Intl. Trade LEXIS 33, at *24.  Counsel for Aegis also repeatedly stated that "everybody agree[d]" the bond contract included an implied reasonable time requirement.  Again, the Government's counsel did not object to this characterization. *See, e.g.*, Third Oral Arg. Tr. at 69:10–12, ECF No. 128 ("Everybody agrees you have this implied provision in the contract that says that the Government has to act within [a] reasonable time."); *id.* at 70:12–14 ("If there is a reasonable requirement — everybody agrees to that.  We've given the Court two bases for finding that this demand was unreasonable.").  The Government therefore waived any argument that the implied reasonable time requirement does not apply.  The Government made this waiver knowingly.  Multiple notices had alerted the Government that this case might turn on its compliance with an implied reasonable time requirement.  The concession was not an off-the-cuff response to a "gotcha" question.  Rather, it was a strategic litigation decision made on-the-record after the Government received actual notice of

the questions it "should be prepared" to answer.  Order Scheduling Oral Argument

at 1, ECF No. 118.  The Government is bound by its concession at oral argument.

*Dorce v. City of New York*, 2 F.4th 82, 102 (2d Cir. 2021) ("[Parties] are … bound by

concessions made by their counsel at oral argument."); *see also Christian Legal Soc'y*

*Chapter of the Univ. of Cal., Hastings Coll. of the L. v. Martinez*, 561 U.S. 661, 676–

78 (2010) (holding party to its prior concession).

    Rather than argue no such standard applied, the Government instead argued

that it did not unreasonably delay making demand.  *See* Third Oral Arg. Tr. at 44:21–

45:18, ECF No. 128; Pl.'s Sur-Reply Br. at 6–7, ECF No. 113.  This argument centered

around the notion that Customs acted diligently on learning from Commerce that the

relevant entries were deemed liquidated years earlier, blaming the delay on

Commerce rather than Customs.  *See* Third Oral Arg. Tr. at 47:16–18, ECF No. 128

(The Court:  "[Y]our argument is seeking to bifurcate … the counting of time."  Ms.

Farrell:  "Yes."); Pl.'s Sur-Reply at 7, ECF No. 113 ("[U]ntil [Customs] received the

July 14, 2014 message from [Commerce], [Customs] was unaware of the deemed

liquidation of the entries.  However, shortly after receiving the message, [Customs]

issued bills ….").  As the Court explained in *Aegis I*, this argument fails because the

Court must consider the delay attributable to the Government as a whole and cannot

bifurcate the delay between Customs and Commerce.  *See Aegis I*, 48 CIT __, 2024 Ct.

Intl. Trade LEXIS 33, at *26 ("The question is not whether Commerce or Customs …

unreasonably delayed making demand; the question is whether the Government collectively did.").

In addition to waiving its first argument, the Government forfeited its second argument. The Government had sufficient notice to argue for the existence of a materiality requirement in the underlying proceeding. It did not do so. *See* Pl.'s Mot. at 6, ECF No. 139 (admitting the Government failed to raise the issue). The Government could have argued for a materiality requirement in its extensive briefing or during the lengthy exchange between the Government's counsel and the Court at oral argument regarding the implied reasonable time requirement. *See generally* Third Oral Arg. Tr. at 44:19–58:6, ECF No. 128. Instead, the Government made the strategic decision to focus on arguing that the delay was reasonable. It also failed to raise any alternative bases on which the Government might recover notwithstanding its breach, such as "*quantum meruit* or other similar" arguments. *Aegis I*, 48 CIT __, 2024 Ct. Intl. Trade LEXIS 33, at *17–18 n.4 (noting the Government's failure to make such claims). By failing to raise the issue, the Government forfeited any argument for a materiality requirement.

In sum, the record shows the Government was aware the Court might decide this case by finding a breach of an implied contractual term requiring demand to be made within a reasonable time. The Government made a strategic decision not to contest the existence of the implied contractual term or to argue for a materiality requirement. The Government instead chose to argue it made demand within a

reasonable time.  That this strategy was unsuccessful is not grounds for the Court to grant the Government's request for a mulligan.  The Government's Motion raises only arguments that it could have made earlier.  Such arguments are not permitted in a motion under USCIT Rule 59.  *See Banister*, 590 U.S. at 508; *Acquisition 362*, 45 CIT __, 539 F. Supp. 3d at 1256.

**CONCLUSION**

USCIT Rule 59 is not an avenue to undo strategic litigation decisions the losing party comes to regret.  Like any other litigant, the Government must live with the concessions it made.  The Motion for Reconsideration is accordingly **DENIED**.

/s/ Stephen Alexander Vaden
_____
Stephen Alexander Vaden, Judge

Dated: _____
          May 28, 2024
          New York, New York

# Appendix 1

## UNITED STATES COURT OF INTERNATIONAL TRADE

UNITED STATES,

        *Plaintiff,*

v.

AEGIS SECURITY INSURANCE
COMPANY,

        *Defendant.*

Before: Stephen Alexander Vaden,
Judge

Court No. 20-03628

## <u>ORDER</u>

In accordance with USCIT Rule 7(c), it is hereby:

**ORDERED** that oral argument shall take place, in person, on Wednesday, November 15, 2023, at 2:30 p.m. in Courtroom 2 of the United States Court of International Trade in New York. At oral argument, the parties should be prepared to address the following questions:

**(1)**    Do all parties agree that federal common law — rather than the law of any particular state — governs the bond at issue in this case?

**(2)**    If the answer to question one is yes, do the parties agree that federal common law looks to the Restatement (Third) of Suretyship and Guaranty for guidance in determining the legal principles to apply?

**(3)**    Does federal common law apply 31 Williston on Contracts § 79:14 (4th ed. 2023)?[1]  Can the parties cite any applicable case law?

**(4)**    Is the principle elucidated in Williston an implied contractual term, similar to the implied duty of good faith and fair dealing, or an equitable defense?

---

[1] "Where the plaintiff's right of action depends on a preliminary act to be performed by the plaintiff, the plaintiff cannot suspend indefinitely the running of the statute of limitations by delaying the performance of the act."

Court No. 20-03628                                                          Page 2

(5)   What is the effect on Defendant's assertion of imparity of suretyship from the fact that Plaintiff made demand on Defendant nearly eleven months before Defendant's reinsurer became insolvent?

(6)   Does Defendant have any cases that support that a change in legal position — without a change in the underlying law — by a party counts as impairment?

(7)   If the Court determines that the plain language of 19 U.S.C. § 1505(b) requires the submission of a bill, is resolution of the applicability of any demand requirement necessary?

(8)   Does any legal authority exist for finding that a Federal Register notice or some other notice that occurs on liquidation satisfies a requirement for a "bill"?

**SO ORDERED.**

_____
Stephen Alexander Vaden, Judge

Dated:  _October 20, 2023_
        New York, New York

# Appendix 2

1    get a 30-day grace period.  And if you do so, you don't owe

2    any interest, and you've paid your bill in full, and the

3    Government is very happy.

4        MS. FARRELL:  Exactly right, Your Honor.  But

5    because they have that statutorily mandated requirement of a

6    bill and a right for 30 days to pay, we don't turn to the

7    surety until we know we haven't been paid, that there's been

8    an obligation not fulfilled.

9        We then turn to the contract, which incorporates by

10   reference Regulation 113.62, and therefore the other

11   regulations that are associated with that.  But that all

12   pulls it in together.  That's when we make our demand on the

13   surety.  Our regulations say that these are the steps that

14   Customs takes.  They send a bill out to the importer, then

15   they go to the surety.

16       THE COURT:  So just to clarify, the Government does

17   not dispute that the implied reasonableness contractual term

18   applies to it.  Its dispute is what the time period we're

19   looking at to determine whether it is reasonable.

20       MS. FARRELL:  Right.  And that contract -- our

21   action is an action against a surety based in contract.  Our

22   action, if Linyi hadn't disappeared, would have been an

23   action in personal obligation under 1582.3.

24       MS. FARRELL:  Which they can't dodge.

25       MS. FARRELL:  Which they can't dodge.